FILED - USDC -NH
2024 JAN 22 AM 9:14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

MERRIMACK COUNTY REPUBLICAN COMMITTEE (MCRC) AS REPUBLICAN PRIMARY VOTERS, ET AL.

PETITIONER(S),

v.

Case No. _____

CHRIS AGER, IN HIS CAPACITY AS CHAIR, NEW HAMPSHIRE REPUBLICAN STATE COMMITTEE,

DAVID SCANLAN, IN HIS CAPACITY AS SECRETARY OF STATE FOR NEW HAMPSHIRE,

RESPONDENT(S).

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES Republican voters of the New Hampshire Merrimack County Republican Committee ("MCRC"), *et al.* ("Petitioner(s)"), both individually and collectively, and respectfully files the foregoing Complaint for declaratory judgment and injunctive relief for election interference[1] as New Hampshire Republican voters come together in order to nominate a Presidential candidate.[2] In support thereof, the Petitioners state as follows:

---

[1] In an unrelated matter, the New Hampshire Democratic Party ("NHDEM") is also experiencing election interference of their own at the hands of outside national political figures, almost rendering the upcoming 2024 New Hampshire Democratic Primary meaningless, without President Biden's name – the *heir apparent* party nominee – on the NH state primary ballot. *See* News Release, Unlawful Voter Suppression Cease-and-Desist Order, dated 01-08-2024, New Hampshire Department of Justice, Office of the Attorney General, https://www.doj.nh.gov/news/2024/20240108-democratic-cease-desist.html.

[2] *See* 11 C.F.R. § 9032.7 (a) (4).

1

## NATURE OF THE ACTION

1. Until recently, both the Chairman of the New Hampshire Republican State Committee ("NHRSC") (aka "NHGOP") (the "Chair") and the New Hampshire Secretary of State's office ("NH SOS"), have ignored the provisions of the state law governing the "Special Provisions for State and Presidential Primary Elections" as written – N.H. § RSA 659:14.

2. Under a plain reading of the statute, it states *inter alia* that:

   "*If the rules of a party permit a person who is registered as an undeclared voter to vote in the party's primary, any person desiring to vote in that party's primary shall also announce the name of that party at the time of announcing the person's name* (**emphasis added**)."
   N.H. Rev. Stat. § 659:14. Simply put, if the Party's Rules or Bylaws expressly allow it, then Undeclared Voters may vote in the Party's Primary.

3. The statute goes on to say: "*The party chairman shall notify the secretary of state in writing prior to the filing period for state offices* **whether the party has adopted such a rule** (**emphasis added**)." *Id*. Again, simply put, the statute requires that the Party Chair submit *in writing* whether the Party's Primary elections will be *open* to Undeclared Voters.

4. Currently, the Party's Bylaws (https://nh.gop/bylaws/), the Party's Platform (https://nh.gop/platform/), and the State Convention Organization Committee Report (https://nh.gop/organization_report/) *are silent* as to whether the Party has adopted such a rule to authorize Undeclared Voters to vote in the Party's primary.

5. And the Secretary of State has acknowledged that the NH SOS does not have in its possession any correspondence from the NHGOP Chair declaring the Party's Primary to be *open*

2

to Undeclared Voters.  *See* **Exhibit B**, Right-to-Know reply from Secretary of State David Scanlan to Attorney Norm Silber, dated 10-09-2023.

6. Because of this confusion (in where that the Secretary of State's office has maintained a practice of allowing Undeclared Voters to participate in both the Democratic and Republican primaries), and in order to prevent "party raiding",[3] the Party at its Annual Meeting on January 28, 2023, the NH GOP Annual Meeting (the Party's highest governing authority), voted to **close** its Presidential Primary for January 2024.  *See* **Exhibit A** – Minutes of the NH GOP Annual Meeting, dated January 28, 2023.

7. Over twelve months ago, under Resolution #2, the NH GOP Annual Meeting directed that Party Chair Chris Ager, *inter alia*, should notify the Secretary of State "*in writing prior to the filing period of state offices that the Republican Party of New Hampshire has adopted the rule that **only voters registered as Republicans** prior to any primary election may receive a Republican ballot* (**emphasis added**)." *Id*.  In short, the Party voted to close its Presidential Primary in order to avoid "party raiding." *See* California Democratic Party v. Jones, 530 U.S. 567, 572 (2000).

---

[3] **NBC News** has reported that because President Biden's name will not appear on the New Hampshire Democratic Party ballot, a newly-formed super-PAC **Primary Pivot** is encouraging Democratic voters to temporarily switch their party affiliations to "undeclared" so they can vote against Trump in the GOP primary.  *See* New Hampshire Democrats weigh whether to cross over and vote in GOP primary, dated October 6, 2023, https://www.nbcnews.com/politics/2024-election/new-hampshire-democrats-weigh-whether-cross-vote-gop-primary-rcna118756.

*See also* **NPR's All Things Considered**, aired January 17, 2024, transcript https://www.npr.org/2024/01/17/1225253439/thousands-of-democratic-new-hampshire-voters-are-switching-party-affiliation.

Even former New Hampshire U.S. Senator Gordon Humphrey is actively interfering by targeting unregistered college voters to sign up for same-day registration in an effort to spoil Republican party member votes for Donald Trump.  *See* **NH Journal** Former Sen. Humphrey Launches Ad Campaign Urging College Students to Stop Trump, dated January 19, 2024, https://nhjournal.com/former-u-s-senator-humphrey-launches-ad-campaign-urging-college-students-to-stop-trump/.

8.   Despite repeated attempts by other Party Officials, Party Chair Chris Ager refused to notify the NH SOS in writing that the upcoming 2024 Presidential Primary was *closed to Undeclared Voters* as was voted upon and approved by the NHGOP sitting in its Annual Meeting.

9.   In September 2023, in an unrelated Right-to-Know request regarding changing of a voter's party affiliation, attorney Norman J. Silber – a Belknap County GOP member, former Belknap County Chair and former state representative – asked Secretary of State David Scanlan to produce any letters from NHGOP Chair Chris Ager to the Secretary of State's office regarding: (1) whether the party has adopted such a by-law or rule that authorizes Undeclared Voters to vote in the Republican Party's 2024 Presidential Primary; and (2) whether the Secretary of State has received written notification from the NHGOP Chair, pursuant to N.H. RSA § 659:14, (II). In his reply email, Secretary Scanlan explicitly stated that "*In response to your RSA 91-A request my office has not been able to locate any written notice of a Republican State Party rule change relative two [sic] which voters can participate in a New Hampshire primary election.*" *See* **Exhibit B**, Right-to-Know reply from Secretary of State David Scanlan to attorney Norm Silber, dated 10-09-2023. Simply put, in this reply, Secretary Scanlan admitted that there was no legitimate authority to include Undeclared Voters in the upcoming Presidential Primary.

10.   In an email dated October 6, 2023, several of the Party Officials once again implored Party Chair Chris Ager to notify the NH SOS in writing that the 2024 Presidential Primary was officially closed to Undeclared Voters. As part of constructive notice, New Hampshire Secretary of State David Scanlan was copied on the email, and therefore *knew or should have known* that there exists no authorization to include Undeclared Voters in the upcoming Presidential Primary.

*See* **Exhibit C**, Letter from Merrimack County Republican Party Committee Chair Testerman to NHGOP Chair Ager, *et al.*, dated October 6, 2023.

11. In a reply email also dated October 6, 2023, Party Chair Chris Ager stated that the "*Resolution violates state law and cannot be adopted.*" *See* **Exhibit D**, Email from NHGOP Chair Ager to Merrimack County Republican Party Committee Chair Testerman, *et al.*, dated October 6, 2023. However, Chair Ager did not say what state law the Resolution violated.

12. The reply email from Chair Ager also stated that the *suggestion* would require adoption of a By-Law change at the upcoming NH GOP Annual Meeting, slated for January 13, 2024. *Id*. However, Chair Ager's assertion that a By-Law change must be adopted to *close* the 2024 Presidential Primary is a misinterpretation of N.H. RSA § 659:14 which requires a proactive action by the Chair to *open* the Primary in writing to the NH SOS.

13. Chair Ager's suggestion is the exact opposite of what must occur – there must be a By-Law or Rule of the Party on point, authorizing Undeclared Voters to participate in the 2024 Presidential Primary **AND** a letter from the NHGOP Chair notifying the Secretary of State of said Bylaw provision. To-date, *there is no such Rule or Bylaw of the NHGOP authorizing the participation of Undeclared Voters in their primary elections.*

14. Therefore, Party Chair Ager has breached his fiduciary duty to correct the presumption that the Republican Party is open to Undeclared Voters without a written notice from the Chair.

15. And the Secretary of State David Scanlan is also in breach of his fiduciary duty to close the 2024 Republican Presidential Primary without having received proper notice from NHGOP Chair Ager that there is indeed a Rule or Bylaw allowing for the participation of Undeclared Voters.

16. The Petitioner(s) are asking this Court to instruct the New Hampshire Secretary of State to set aside any ballots casts by Undeclared Voters and Same-Day Registration Voters in the upcoming 2024 New Hampshire Republican Presidential Primary until such time as this matter can be resolved as to whether the statute governing <u>Special Provisions for State and Presidential Primary Elections</u> has been violated.

17. The Petitioner(s) are imploring that the current state of affairs deprives the Party of its First Amendment right to enter political association with individuals of its own choosing. <u>See Tashjian v. Republican Party of Connecticut</u>, 479 U.S. 208, 211 (1986). The Petitioner(s) also assert that the State may not constitutionally substitute its judgment for that of the Party. <u>Id</u>.

## JURISDICTION AND VENUE

18. This court has subject matter jurisdiction under U.S.C.A. Const. Amend 1; N.H. Rev. Stat. § 659:14. Petitioner asserts jurisdiction pursuant to 28 U.S.C. § 1331 as federal questions in that Counts I and II are filed under 42 U.S.C. § 1983 and Count III seeks a declaratory judgment based on the federal constitutional right to freedom of association.

19. Petitioner(s) are Republican Voters of the New Hampshire Merrimack County Republican Committee (MCRC), residing in Merrimack County, New Hampshire. The undersigned Petitioners include:

- <u>Patricia Jorgensen</u>, individually and as the Vice-Chair of the Merrimack County Republican Committee (MCRC);
- NH state Representative <u>David Testerman</u>, individually and as a disenfranchised Merrimack County GOP voter;
- NH State Representative <u>Nikki McCarter</u>, individually and as a disenfranchised Belknap County Republican voter; and,

- <u>Karen Testerman</u>, individually and as the Chair of the Merrimack County Republican Committee (MCRC).

20. The Merrimack County Republican committee met to discuss the matter on 01-17-2024 and passed a motion to go forward with this complaint, by a 15-to-6 vote of the committee. *See* **Exhibit E**, Draft minutes of the Merrimack County Republican Party committee, dated 01-17-2024. As a result of this discussion, three dissenting Merrimack County Republican Party officers tendered their resignations at the conclusion of the meeting, and therefore wanted no part of this Complaint.

21. Respondent #1 is Chris Ager, an individual with his principal place of residence in the state of New Hampshire, is a Citizen of New Hampshire, and also in His Official Capacity as the duly-elected Chair of the New Hampshire Republican State Committee ("NHRSC") (aka "NHGOP").

22. Respondent #2 is David Scanlan, an individual with his principal place of residence in the state of New Hampshire, is a Citizen of New Hampshire, and also in His Official Capacity as the duly-appointed Secretary of State for the State of New Hampshire.

## GENERAL ALLEGATIONS

23. **Count I** – NHGOP Party Chair Chris Ager has failed in his fiduciary duties to properly notify the New Hampshire Secretary of State that the NHGOP has not authorized "*a person who is registered as an undeclared voter to vote in the party's primary.*" N.H. RSA § 659:14. By his actions or inactions, Chair Ager has deprived the Party of its First Amendment right to enter political association with individuals of its own choosing. 42 U.S.C. § 1983; 34 CFR § 9032.7 (a) (4).

24. **Count II** – Secretary of State David Scanlan has failed in his fiduciary duties, after receiving constructive notice, to properly secure from the NHGOP Party Chair whether the party has adopted such a rule that authorizes Undeclared Voters to vote in the Republican Party's 2024 Presidential Primary, rather than presuming that the primary was open. N.H. RSA § 659:14. By his actions or inactions, Secretary Scanlan has deprived the Party of its First Amendment right to enter political association with individuals of its own choosing. 42 U.S.C. § 1983; 34 CFR § 9032.7 (a) (4).

25. **Count III** – The NHGOP Party Chair Chris Ager and Secretary of State David Scanlan have colluded in violation of NH RSA § 659:14, substituting their judgment for that of the Party and deprived the Party of its First Amendment right to enter political association with individuals of its own choosing. 34 CFR § 9032.7 (a) (4). See Tashjian v. Republican Party of Connecticut, 479 U.S. 208, 209 (1986). In so doing, Chair Ager and Secretary Scanlan have "*substantially interfere[d] with the Republican Party's first amendment right to define its associational boundaries, determine the content of its message, and engage in effective political association.*" Tashjian, 479 U.S. at 213.

## ANALYSIS

26. A preliminary injunction is appropriate where: (1) the party is likely to succeed on the merits; (2) the parties are likely to suffer immediate, irreparable injury-in-fact unless the injunction is issued; (3) a balancing of the equities weighs in favor of an injunction; and (4) the injunction is in the public interest. See League of Women Voter of N.C. v. North Carolina, 769 F.3d 224, 236 (4th Cir. 2014).

27. Petitioners contend that if Undeclared Voters and Same-Day Registration Voters are allowed to participate in the upcoming 2024 New Hampshire Presidential Primary, irreparable

harm will have occurred and deprived the NHGOP of its First Amendment right to limit its membership as it wishes.

28. In order to prevent "party raiding" – a process in which dedicated members of one party formally switch to another party to alter the outcome of that party's primary – a State may require party registration for a reasonable period of time before a primary election. See Rosario v. Rockefeller, 410 U.S. 752 (1973); Cf. Kusper v. Pontikes, 414 U.S. 51 (1973).

29. A political party has a First Amendment right to limit its membership as it wishes, and to choose a candidate-selection process that will in its view produce the nominee who best represents its political platform. See N.Y. Bd. of Elections v. Lopez Torres, 552 U.S. 196 (2008). Any interference with the freedom of a party is simultaneously an interference with the freedom of its adherents. Sweezy v. State of N.H. by Wyman, 354 U.S. 234, 250-51 (1957).

30. Although not public officials, political party chairpersons play substantial and discernible roles in state government beyond their statutorily enumerated duties. See Igneri v. Moore, 898 F.2d 870, 874 (2d Cir. 1990). Therefore, political party chairpersons owe a fiduciary duty to the general citizenry based on his "participation in" and "effective control over the processes of government." See United States v. Margiotta, 688 F.2d 108, 125 (2d Cir. 1982), *cert. denied*.

31. The members of the New Hampshire Republican Party, during its Annual Meeting on January 28, 2023, voted to **close** its Presidential Primary for January 2024 in order to avoid "party raiding." In so doing, the *body politic* attempted to resolve any ambiguity as to whether the Party wished to allow its Primary to be open to Undeclared Voters, and to provide order and avoid any voter confusion. See Campbell v. Bysiewicz, 242 F.Supp.2d 164, 171 (D. Conn. 2003); Maine Republican Party v. Dunlap, 324 F.Supp.3d 202, 213 (D. Me. 2018).

32.   Here in this case, the NHGOP Chair and the NH SOS have colluded, either through ignorance or sheer determination, to ignore the plain meaning of the provisions of the state law governing the "Special Provisions for State and Presidential Primary Elections" – N.H. § RSA 659:14.  By their actions or inactions, the NHGOP Chair Ager and Secretary of State Scanlan have deprived the NHGOP of its First Amendment right to limit its membership as it wishes, and to choose a candidate-selection process that will produce the nominee who best represents its political platform.  *See* Alaskan Independence Party v. Alaska, 545 F.3d 1173, 1176 (9th Cir. 2008).

33.   There has been a concerted effort, both locally and nationally, to interfere with election processes for both the New Hampshire Democratic and Republican state primaries. Outside forces have effectively (and successfully) neutralized the upcoming 2024 New Hampshire Democratic presidential primary from having any real meaning.  The Petitioners in this instant suit are attempting to thwart such efforts from happening to them, as well.

### PRAYER

WHEREFORE, the Petitioner(s) respectfully request that this court:

A. Without an express written notification from the New Hampshire Republican Party Chair to the contrary, this Court DECREES that the Secretary of State will presume that the NHGOP has not given its consent to Undeclared Voters to participate in the upcoming 2024 Presidential Primary, pursuant to NH RSA § 659:14;

B. Order an INJUNCTION that the Secretary of State instruct immediately all Election Judges within the state of New Hampshire to SEQUESTER the ballots cast by any Undeclared Voters and Same-Day Registration Voters, for the upcoming 2024 Presidential Primary, until this matter is resolved; and

C. That the Court grant such other and further relief as is just and proper.

Respectfully Submitted,

PATRICIA JORGENSEN, *both individually and as New Hampshire Merrimack County Republican Committee (MCRC) Vice-Chair*

Dated: January 21, 2024

By: *Patricia A Jorgensen*
Patricia Jorgensen, *pro se*
Yellaboat@aol.com
26 Twin Bridge Road
Northfield, New Hampshire
(774) 218-5707

DAVID TESTERMAN, *N.H. State Representative, Merrimack County District 03*

Dated: January 21, 2024

By: *David E. Testerman*
David Testerman, *pro se*
Dave@sanbornhall.net
9 Stone Avenue
Franklin, New Hampshire 03235
(603) 320-9524

NIKKI McCARTER, *State Representative, Belknap County District 08*

Dated: January 21, 2024

By: *Nikki McCarter*
Nikki McCarter, *pro se*
Nikki.McCarter@leg.state.nh.us
107 North Main Street
Concord, New Hampshire 03235
(603) 303-8934

KAREN TESTERMAN, *both individually and as New Hampshire Merrimack County Republican Committee (MCRC) Chair*

Dated: <u>January 21, 2024</u>	By: *Karen Testerman*
Karen Testerman, *pro se*
karen@karentesterman.com
9 Stone Avenue
Franklin, New Hampshire 03235
(603) 934-7111

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by electronic means and certified mail to:

David Scanlan, Respondent
Secretary of State
ATTENTION: Brendan Avery O'Donnell
Election Law Unit Chief
New Hampshire Department of Justice
1 Granite Place, Concord, NH 03301
brendan.a.odonnell@doj.nh.gov
Telephone: 603-271-3658
Direct Dial: 603-271-1269

Chris Ager, Co-Respondent
Chairman, New Hampshire Republican State Committee
ATTENTION: Attorney Bryan K. Gould
c/o CLEVELAND, WATERS, AND BASS, P.A.
2 Capitol Plaza
Concord, NH 03302-1137

Dated: January 21, 2024	*Karen Testerman*
Karen Testerman, *pro se*