UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Patricia Jorgensen, et al.</u>

      v.                                 Civil No. 24-cv-20-LM-AJ

<u>N.H. Secretary of State, et al.</u>

**O R D E R**

    Four individually named, pro se plaintiffs sue the New Hampshire Secretary of State ("the Secretary") and the Chair of the New Hampshire Republican State Committee ("the Chair"), alleging that the Secretary lacks authority under New Hampshire law to allow undeclared voters to vote in today's Republican Presidential Primary. <u>See</u> doc. no. 1 at 6-8; doc. no. 5 at 2. Plaintiffs previously filed an "Emergency Motion for Injunctive Relief." Doc. no. 2. The court construed this motion as a motion for a temporary restraining order and denied it without prejudice for failure to comply with Federal Rule of Civil Procedure 65(b)(1). <u>See</u> doc. no. 4.

    Plaintiffs have renewed their motion and attempt to comply with Rule 65(b)(1). Doc. no. 5. For the following reasons, doc. no. 5 is denied.

    Regardless of whether the court construes doc. no. 5 as a motion for a preliminary injunction or a motion for a temporary restraining order, to obtain relief plaintiffs must establish: (1) that they are likely to succeed on the merits; (2) that they are likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tip in their favor; and (4) that an injunction is in the

public interest. Dionne v. Shulkin, Civ. No. 17-cv-142-PB, 2017 WL 7520658, at *2 (D.N.H. Apr. 14, 2017); Nw. Bypass Grp. v. U.S. Army Corps of Eng'rs, 453 F. Supp. 2d 333, 337 (D.N.H. 2006). Of these, likelihood of success on the merits is the most important factor. Ryan v. U.S. Immigr. & Customs Enf't, 974 F.3d 9, 18 (1st Cir. 2020). Failure to demonstrate a sufficient likelihood of success on the merits is fatal to a request for preliminary injunctive relief. Id. (quotation omitted).

The complaint brings three counts. In Count I, plaintiffs allege that the Chair "has deprived the Party of its First Amendment right" of freedom of association by failing to notify the Secretary that the New Hampshire Republican Party has not authorized undeclared voters to vote in the primary. Doc. no. 1 at 7 (emphasis added). In Count II, plaintiffs allege that the Secretary "has deprived the Party of its First Amendment right" of freedom of association by failing to determine whether the New Hampshire Republican Party has adopted a rule allowing undeclared voters to vote in the primary. Id. at 8 (emphasis added). In Count III, plaintiffs allege that both defendants violated the Party's First Amendment right to freedom of association by colluding to violate RSA 659:14. Id. at 8. None of the plaintiffs' claims allege that their own constitutional rights have been violated.

The court can construe plaintiffs' complaint in one of two ways. The court can construe the complaint as attempting to name the New Hampshire Republican Party as a plaintiff to this action, or at least the Merrimack County Republican Committee (of which several named plaintiffs are members). If the court were to construe the complaint in that manner, doc. no. 5 would fail because the only

2

signatory to that document—one of the pro se, individually named plaintiffs—cannot represent anyone other than herself in this court. See L.R. 83.2(d). Alternatively, the court could construe the complaint as being brought only by the four individuals named as plaintiffs therein, and construe Counts I through III as said plaintiffs asserting claims that the constitutional rights of the New Hampshire Republican Party have been violated. If the court were to construe the complaint in that manner, doc. no. 5 would fail because the plaintiffs, who have not requested a hearing, fail to show that they have third-party standing to assert the Party's constitutional rights. See, e.g., Latin Am. Music Co., Inc. v. The Archdiocese of San Juan of the Roman Catholic & Apostolic Church, 499 F.3d 32, 46 (1st Cir. 2007). As such, plaintiffs have failed to show they are likely to succeed on the merits of any of their claims. They are therefore not entitled to a preliminary injunction or a temporary restraining order.

    For these reasons, doc. no. 5 is denied.

    SO ORDERED.

                                                                       _____
                                                                       Landya McCafferty
                                                                       United States District Judge

January 23, 2024

cc:     Counsel of Record