UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
************************************
Patricia Jorgensen, et al,          *
                                    *
              Plaintiffs,           *
       v.                           *     Civil No. 1:24-cv-00020-LM-AJ
                                    *
Secretary of State David M. Scanlan, et al, *
                                    *
              Defendants.           *
                                    *
************************************
```

**SECRETARY OF STATE'S MOTION TO DISMISS**

The Defendant, New Hampshire Secretary of State David M. Scanlan (the "Secretary of State"), through his counsel, the New Hampshire Office of the Attorney General, moves to dismiss the Plaintiffs complaint, see ECF 1, under the doctrine of mootness.

I.    Background:

1. New Hampshire held its Presidential Primary Election on January 23, 2024.

2. On January 22, 2024—just one day prior to the New Hampshire Presidential Primary Election—Plaintiffs Patricia Jorgensen, David Testerman, Nikki McCarter, and Karen Testerman filed: (1) a complaint for injunctive relief to prohibit undeclared New Hampshire voters from participating in the New Hampshire Republican Presidential Primary, see ECF 1, at 10; and (2) an emergency motion for injunctive relief to order the Secretary of State to "sequester the votes of the Undeclared Voters from the Republicans-only voters in the upcoming 2024 New Hampshire Republican Presidential Primary on Tuesday, January 23, 2024," see ECF 2, at 1.

3. On January 22, 2024, the Court issued an order construing the Plaintiffs' emergency motion for injunctive relief as a motion for a temporary restraining order and denying that motion without prejudice.  See ECF 4, at 1.  The Court denied the Plaintiffs' motion for failure to

comply with the requirements of Federal Rule of Civil Procedure 65(b), including "certify[ying] in writing any efforts made to give notice and the reasons why [notice] should not be required." ECF 4, at 1.[1]

4.     On January 23, 2024—the day of the Presidential Primary Election—the Plaintiffs filed a second emergency motion for injunctive relief, which sought the same injunctive relief.  See ECF 5.[2]

5.     On January 23, 2024, the Court denied the Plaintiffs' second emergency motion, ruling that the Plaintiffs failed to establish they were likely to succeed on the merits of any of their claims because: (1) Plaintiff Jorgensen is the only individual who signed the complaint, and she does not have authority to assert a claim on behalf of the New Hampshire Republican Party or Merrimack County Republican Committee; and (2) the Plaintiffs are individuals who do not have third-party standing to assert claims on behalf of the New Hampshire Republican Party.

       II.     The Plaintiffs' complaint must be dismissed as moot:

6.     "The doctrine of mootness enforces the mandate that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." ACLU of Mass. V. U.S. Conf. of Catholic Bishops, 705 F.3d 44, 52 (1st Cir. 2013) (quotation omitted).  "Simply

---

[1] The Plaintiffs' complaint and emergency motion for injunctive relief each included a signature of service in which Plaintiff Jorgensen "certif[ied] that a copy of the foregoing was sent by electronic means and certified mail" to the Defendants on January 21, 2024.  Plaintiff Jorgensen did not, in fact, e-mail a copy of these pleadings to counsel for the Secretary of State until January 26, 2024, explaining only that "this has been a very busy week and so the delay in actually sending them to you."  Although an unidentified person who identified himself as a "processor" delivered a copy of the summons to the Secretary of State's Office on January 22, 2024, that person did not deliver a copy of the complaint, first emergency motion for injunctive relief, or second emergency motion for injunctive relief.

[2] The Plaintiffs included a "Proof of Service" form in which "Nicholas Robinson PI" indicated that he "personally served the summons" on the Secretary of State's Office on January 22, 2024.  As described in footnote 1, supra, this person did not serve copies of the complaint, first emergency motion for injunctive relief, or second emergency motion for injunctive relief.

stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. (quotation omitted). "Another way of putting this is that a case is moot when the court cannot give any 'effectual relief' to the potentially prevailing party." Id. (quotation omitted).

7.     Here, the Plaintiffs filed a complaint seeking only injunctive relief, specifically an order prohibiting undeclared voters from participating in the January 23, 2024, New Hampshire Republican Presidential Primary or requiring the ballots of undeclared voters to be "sequestered" from the ballots of republican voters. See ECF 1, at 10; ECF 4, at 1; ECF 5, at 1.

8.     However, the New Hampshire Republican Presidential Primary already occurred, and cast ballots have already been counted. See New Hampshire Secretary of State, 2024 Presidential Primary Election Results, available at https://www.sos.nh.gov/2024-presidential-primary-election-results (last visited Jan. 30, 2024). Moreover, cast ballots are anonymous and it is not possible to identify who cast a particular ballot. See, e.g., Rideout v. Gardner, 838 F.3d 65, 68 (1st Cir. 2016) (explaining the history of using anonymous ballots in New Hampshire); RSA 659:35 (prohibiting voters from placing distinguishing marks on their ballots); RSA 659:36 (prohibiting election officers from placing marks on ballots except as specifically authorized by certain statutes).

9.     Therefore, it is no longer possible for the Court to give any effectual relief to the Plaintiffs should they prevail. Accordingly, the Plaintiffs' complaint must be dismissed as moot.

   III.    Reservation of rights:

10.    The Secretary of State reserves the right to assert other grounds warranting dismissal of the Plaintiffs' complaint should the Court deny this motion to dismiss, including but not limited

to: (1) Eleventh Amendment sovereign immunity; (2) lack of Article III standing; and (3) failure to state a claim for which relief may be granted.

11. Because this motion is a dispositive motion, the Secretary of State did not seek consent from the Plaintiffs.

12. The Secretary of State does not request oral argument on its motion to dismiss.

WHEREFORE, the Secretary of State respectfully requests that this Honorable Court:

    A. Dismiss the Plaintiffs' complaint.

Respectfully submitted,

Secretary of State David M. Scanlan

By his attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: February 2, 2024

/s/ Brendan A. O'Donnell
Brendan A. ODonnell, Bar #268037
Assistant Attorney General
Election Law Unit
Office of the Attorney General
1 Granite Place South
Concord, NH 03301
brendan.a.odonnell@doj.nh.gov
603-271-1269

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by ECF on February 2, 2024, to all parties of record. I hereby certify that a copy of the foregoing was sent by regular mail and e-mail to all parties of record who are not registered ECF filers.

/s/ Brendan A. O'Donnell
Brendan A. O'Donnell