UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| _____ ) | |
| MERRIMACK COUNTY REPUBLICAN ) | |
| COMMITTEE ) | |
| KAREN TESTERMAN ) | |
| PATRICIA JORGENSEN ) | |
| DAVID TESTERMAN; and ) | |
| NIKKI MCCARTER ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Case No. 1:24-cv-00020-LM-AJ |
| ) | |
| DAVID SCANLAN, SECRETARY OF STATE ) | |
| FOR NEW HAMPSHIRE ) | |
| and CHRIS AGER, NEW HAMPSHIRE ) | |
| REPUBLICAN STATE COMMITTEE ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

**PARTIALLY ASSENTED-TO MOTION OF DEFENDANTS CHRIS AGER AND NEW HAMPSHIRE REPUBLICAN STATE COMMITTEE FOR STATUS CONFERENCE**

The defendants Chris Ager and the New Hampshire Republican State Committee (together, the "NHRSC") move the court for a status conference. This motion rests on the following grounds.

**I.      Factual Background**

This is the second lawsuit filed by Karen Testerman in this court seeking – on faulty legal grounds on the merits (see footnote 1, *post*) – to prevent undeclared voters from voting in the January 23, 2024, New Hampshire Republican presidential primary. In *Karen Testerman, et al. v. NH Secretary of State, et al.* Docket No. 1:23-cv-00499-JL-AJ (D.N.H.), Judge LaPlante dismissed the complaint filed by Ms. Testerman and two other plaintiffs for lack of standing.

1

*See generally*, *Karen Testerman, et al. v. NH Secretary of State, et al.* Docket No. 1:23-cv-

00499-JL-AJ (D.N.H. Jan. 9, 2024) (LaPlante, J.). On January 22, 2024, one day before the

presidential primary, Ms. Testerman and a new set of co-plaintiffs, filed their complaint in the

instant case requesting the court to issue an order requiring the New Hampshire Secretary of

State (the "Secretary") to sequester ballots cast by undeclared voters and same-day registration

voters during the primary election. *See* Doc. No. 1. They also sought a declaration that the

Republican presidential primary must be closed to undeclared voters.[1] Ms. Testerman signed a

certificate of service in the complaint representing to the court that she had served the complaint

electronically on the NHRSC's counsel, Bryan Gould. In fact, Ms. Testerman did not serve the

complaint on Mr. Gould electronically or otherwise. As of the date of this filing, the NHRSC has

not been formally served.

On the same day plaintiffs filed the complaint, plaintiff Patricia Jorgensen filed an

emergency motion for injunctive relief requesting *ex parte* an expedited consideration and ruling

on the remedies sought in the complaint. *See* Doc. No. 2. Ms. Jorgensen signed a certificate of

service in the emergency motion representing that she had served Mr. Gould electronically. She

did not, however, serve Mr. Gould electronically or otherwise.

On January 22, 2024, this court denied without prejudice Ms. Jorgensen's emergency

motion for failure to comply with Fed. R. Civ. P. 65(b) because plaintiffs failed to identify any

efforts made to provide notice of the motion to the defendants or any reasons why notice should

not be required. Doc. No. 4 ("The requirements of Rule 65(b)(1) are not mere technicalities but

---

[1] In fact, the Republican presidential primary is not currently "open" to undeclared voters.  There are two
ways in which undeclared voters can vote in party primaries in New Hampshire.  They may vote *as
undeclared voters* under RSA 659:14, I, if there is a party rule permitting it.  In the alternative, they may
register as a member of a party on primary day under RSA 654:34, II(b) and vote *as a member of that
party*.  The latter statute is not dependent on the existence of a party rule, and it provides the means by
which undeclared voters are currently able to vote in New Hampshire's party primaries.

establish minimum due process. Thus, to obtain <u>ex parte</u> relief, a party must strictly comply with

those requirements." *quoting Strahan v. O'Reilly*, No. 22-cv-52-LM, 2022 WL 788623, at *1

(D.N.H. Feb. 16, 2022) (emphasis in original)).

On January 23, 2024, the day of the New Hampshire presidential primary, Ms. Jorgensen

filed a second emergency motion for injunctive relief.[2] Once again, Ms. Jorgensen signed a

certificate of service representing that she had served Mr. Gould electronically with the motion;

and once again she did not serve Mr. Gould electronically or otherwise. Later that day this court

denied the second emergency motion as the plaintiffs failed to establish a likelihood of success

on the merits. Doc. No. 7 at 2-3. The court held that the plaintiffs could not represent the

interests of the NHRSC or the Merrimack County Republican Committee (the "MCRC") because

they are *pro se*, and, in the alternative, plaintiffs had not shown third-party standing to assert the

rights of either the NHRSC or the MCRC.[3] Doc. No. 7 at 2-3.

The NHRSC's counsel did not learn about the existence of this case until January 26,

2024. Plaintiffs did not serve Mr. Gould with the complaint or either emergency motion despite

their representations to the contrary. Because Mr. Gould did not receive notice of plaintiffs'

filings he did not file an appearance or any other papers in the case; as a result, he was not served

with the court's orders on the emergency motions. Although the court denied both emergency

---

[2] In this court's orders denying the emergency motions, the court appears to construe the motions as being brought by all four plaintiffs by virtue of the relief requested in the complaint. Plaintiff Jorgensen was the only plaintiff to have signed and filed the emergency motions. *See* Doc. Nos. 2 and 5. The other plaintiffs, however, signed and jointly filed the complaint, which sought essentially the same relief as the emergency motions did.

[3] It should be noted that there is no legal entity called the "New Hampshire Republican Party." The New Hampshire Republican State Committee is the legal entity representing the Republican Party in New Hampshire. The MCRC is a constituent committee of the NHRSC.

motions sua sponte, Mr. Gould was deprived of the opportunity to protect his clients' interests against plaintiffs' attack on the administration of the Republican presidential primary.

In email correspondence with Ms. Testerman and Ms. Jorgensen after learning about the pendency of this case and the court's orders, Mr. Gould asked for an explanation of their failure to serve him as represented in the complaint and the emergency motions. Exhibit A. Aside from claiming to have been busy and denying having had any malicious intent, neither of them provided any justification for failing to email their papers to Mr. Gould. *Id.*; *see also* Exhibit B. Ms. Testerman did state in an email that the complaint is now moot (evidently because the primary has already taken place), but she has not yet voluntarily dismissed the case as moot as Mr. Gould requested. *Id.*

## II.      Request for Status Conference

While the court has denied plaintiffs' emergency motions, the case remains pending. Given the plaintiffs' serious departures from the requirements of the court's rules, the NHRSC respectfully requests a status conference so that plaintiffs may be instructed and admonished in the importance of providing notice to opposing parties and avoiding misrepresentations to the court about having provided such notice. The NHRSC also requests a conference so that the plaintiffs can be asked whether they agree with Ms. Testerman that the case is moot and will stipulate that it may be dismissed as a result.

The NHRSC requested assent from all parties for the relief sought herein. The Secretary assented to the relief requested herein. As of the time of filing this motion none of the plaintiffs have responded.

Respectfully submitted,

CHRIS AGER, NEW HAMPSHIRE
REPUBLICAN STATE COMMITTEE,
By Their Attorneys,

Date: February 2, 2024              /s/ Jacob M. Rhodes
                                    Bryan K. Gould, Esq. (NH Bar #8165)
                                    gouldb@cwbpa.com
                                    Jacob M. Rhodes, Esq. (NH Bar #274590)
                                    rhodesj@cwbpa.com
                                    CLEVELAND, WATERS AND BASS, P.A.
                                    Two Capital Plaza, Fifth Floor
                                    Concord, NH 03301
                                    Telephone: (603) 224-7761
                                    Facsimile:  (603) 224-6457

CERTIFICATE OF SERVICE[4]

        I hereby certify that the within document is being served electronically through the
court's electronic filing system upon counsel of record and all other parties who have entered
electronic service contacts in this docket. In addition, the following parties have been served by
email and U.S. Mail:

Karen Testerman (karen@karentesterman.com)
9 Stone Avenue
Franklin, NH 03235

David Testerman (dave@sanbornhall.net)
9 Stone Avenue
Franklin, NH 03235

Nikki McCarter (nikki.mccarter@leg.state.nh.us)
107 North Main Street
Concord, NH 03301

Patricia Jorgensen (yellaboat@aol.com)
26 Twin Bridge Road
Northfield, NH 03276

Date:  February 2, 2024             /s/ Jacob M. Rhodes
                                    Jacob M. Rhodes, Esq.

---

[4] Plaintiff McCarter's address in the Complaint includes a zip code of 03235. The zip code for the address
listed is 03301. As this is likely a typographical error, the NHRSC will send the within document to the
address with the correct zip code for 107 North Main Street, Concord, NH 03301. Plaintiff Jorgensen's
address did not include a zip code. Upon information and belief, the correct zip code is 03276.