| | |
|---|---|
| **From:** | Bryan Gould |
| **To:** | Karen |
| **Cc:** | Jacob Rhodes; David Testerman; Tricia Jorgenson; nikki.McCarter@leg.state.nh.us; O"Donnell, Brendan |
| **Subject:** | RE: New Lawsuit |
| **Date:** | Monday, January 29, 2024 11:46:47 AM |

Thank you for your response, Karen.

Nothing in your email, however, explains the certification to the court on three occasions that I had been served electronically when in fact that was not the case. Accordingly, we will be seeking sanctions today or tomorrow.

As for the MCRC minutes, I didn't interpret them. I quoted them. Your suggestion that they "may be inaccurate" is at odds with the fact that the plaintiffs attached them to the complaint. The minutes do not say there was an action "pending." They say that you had been contacted by unnamed lawyers about joining a contemplated lawsuit against the secretary of state. The plaintiffs' representation in the complaint that they had the authority to speak for the MCRC is not supported by the minutes attached to your complaint. If the minutes are inaccurate it is not evident at this point what that inaccuracy is.

Mr. Ager is not going to send a letter to Mr. Scanlan as you've proposed. There are several reasons for this, but the most significant is that notice to the secretary of a party rule is *irrelevant* to the statute under which undeclareds currently vote in the Republican primary. Undeclareds can vote in the primary *without changing party registration* under RSA 659:14, I, if there is a party rule permitting it. In the alternative, though, undeclareds can vote in the primary under RSA 654:34, II(b), by declaring a party registration on primary day and voting in that party's primary. Under RSA 654:34, II(b), undeclareds are voting *as Republicans* in the primary. Under RSA 659:14, I, undeclareds can vote *as undeclareds* in a party primary if there is a party rule allowing it.

In other words, the premise of your claim in this case and the prior one is mistaken. Neither the NHRSC nor Mr. Ager can prevent undeclareds from voting in the Republican primary under RSA 654:34. The legislature has made that decision. If undeclareds register as Republicans on primary day they may vote in our primary, and the party has nothing to say about it.

I agree with you that the claims in the complaint are now moot. Given that fact, I request that you voluntarily dismiss the complaint so the defendants do not have to file a motion to dismiss on this ground.

Finally, between the two actions you have filed you have maligned Mr. Ager and caused the NHRSC to incur substantial defense fees and costs, all based on a misreading of the statutes. Despite a ruling by Judge LaPlante that individual Republicans lack standing to pursue a federal claim for failure to close the primary, you and your fellow plaintiffs have commenced another action on essentially the same grounds. While American courts are generally

reluctant to award fees in litigation, they do where a claim is obviously groundless or the party is trying to relitigate an issue that has already been resolved. Accordingly, and given your representation that this action was authorized by the MCRC, please notify the MCRC treasurer immediately that we assert a claim against the MCRC for the NHRSC's attorney's fees and costs and the treasurer should not transfer any funds or other assets of the MCRC until that claim is resolved. Please refer to RSA ch. 545-A for the MCRC's obligations under the law.

Our assertion of this claim against the MCRC is in addition to any claim Mr. Ager or the NHRSC may have against the plaintiffs for fees and costs.

Best regards.

Bryan

---

**From:** Karen <karen@karentesterman.com>
**Sent:** Saturday, January 27, 2024 6:53 PM
**To:** Bryan Gould <gouldb@cwbpa.com>
**Cc:** Jacob Rhodes <Rhodesj@cwbpa.com>; David Testerman <dave@sanbornhall.net>; Tricia Jorgenson <yellaboat@aol.com>; nikki.McCarter@leg.state.nh.us; O'Donnell, Brendan <Brendan.A.Odonnell@doj.nh.gov>
**Subject:** Re: New Lawsuit
**Importance:** High

Dear Attorney Gould,

In reference to the action filed on 22 January 2024, a constructive notice was hand delivered and accepted at 10 Water Street, NHGOP headquarters. When service of process was attempted at 2 PM that same day the building was locked and no one responded on the day before the primary.

Additionally, Judge McCafferty dismissed the case so there was no harm, nor malice of intent. After which a second Emergency request was made including the attached affidavit from Ms. Jorgensen, which was also denied.

There was no action to enjoin at the time of the discussion on 17 January 2024, indicating that your interpretation of the minutes may be inaccurate.

Our intent in including Mr. Ager in the action was to compel him to act according to his state obligation to notify the Secretary of State in writing of the important decision of the body politic to only allow registered Republican

voters to vote in the primary selection process, thus preventing harm to each of us individually and to all parts of the electorate.

The time has passed for the action making the situation moot. We again ask that Mr. Ager signs the attached letter to be submitted to the Secretary of State and a copy sent to each of the plaintiffs by 12 midnight, Sunday, 28 January 2024. In exchange we will drop him from the civil rights lawsuit. However if he does not accept the offer, we will pursue 42 U.S.C.§1983 to the fullest extent.

Respectfully,


Patricia Jorgensen
Vice Chairman,
Merrimack County Republican Committee

David Testerman
State Representative
Merrimack County Republican Committee

Nikki McCarter
State Representative
Belknap County

Karen Testerman
Chairman,
Merrimack County Republican Committee




> On Jan 26, 2024, at 19:14, Karen <karen@karentesterman.com> wrote:
>
> Attorney Gould,
>
> I am just seeing this as I am still out of state attending to a family death.

May I have until tomorrow to respond to you?

Thank you for your consideration.

Karen Testerman
Chairman
Merrimack County Republican Committee
MCRCChairman@gmail.com
(603) 721-9933 http://www.merrimackcountygop.com

The information contained in this transmission may contain privileged and confidential information, protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

> On Jan 26, 2024, at 09:54, Bryan Gould <gouldb@cwbpa.com> wrote:
>
> Karen:
>
> I learned this morning that you and three others filed another action against the SoS and Chris Ager in his official capacity as chair of the NHRSC on January 22.  The certificate of service in the complaint makes the following representation to the court on behalf of all of the plaintiffs:
>
> "I hereby certify that a copy of the foregoing was sent by electronic means and certified mail to:" and you listed me as the recipient for the NHRSC.  The certificate of service for the emergency motion for injunctive relief and the second motion for injunctive relief contained the same representation. Despite seeking emergency relief and a preliminary injunction you did not in fact serve me electronically or in any other manner calculated to give me notice of the claims being asserted on an expedited basis.  Representing to the court that a party has been given notice when that is not true is a serious violation of the court's rules.

Furthermore, according to the MCRC minutes attached to the complaint, the county committee did not authorize you to commence a new action yourself or to sue the state committee.  Rather, you were authorized to join a lawsuit that you told the committee was being brought by "some attorneys" against the secretary of state:

*Karen has been contacted by some attorneys about MCRC joining a lawsuit that would enjoin*
*Independent (Undeclared) voters from voting in the NH Primary based on an RSA that requires*
*that the State Parties file notice with the Secretary of State.*

*A motion made by Trish Jorgensen, seconded by Marc Griffin to join the lawsuit against the*
*New Hampshire Secretary of State's Office on closing the New Hampshire Primary.*

It is also noteworthy that your representation to the MCRC about the statutory authority governing voting by undeclareds in party primaries was inaccurate.  Undeclareds vote in the primary as Republicans pursuant to RSA 654:34, II(b), not  as undeclareds under RSA 659:14, I.

Before seeking sanctions against the plaintiffs for the misrepresentation to the court and seeking other relief from the court for your institution of this action without authority from the MCRC I am writing to give you an opportunity to explain your actions.  Please get back to me by the end of the day so we can consider your response before seeking relief from the court.

Best regards.

Bryan

**Bryan K. Gould, Esq.**
Shareholder and Director
**CLEVELAND, WATERS AND BASS, P.A. ATTORNEYS AT LAW**
Affiliated with Granite State Title Services, LLC

**Tel:** (603) 224-7761
**Email:** gouldb@cwbpa.com
**Website:** www.cwbpa.com
Two Capital Plaza, 5th Floor, Concord, NH 03301
*With offices also in New London and Dover, NH.*

<image001.png>   **STATEMENT OF CONFIDENTIALITY:** This email message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work-product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email and any attachment(s) is strictly prohibited. If you have received this email in error, please immediately notify the sender by replying to this email and delete the message and any attachment(s) from your system. Thank you.