FILED - USDC -NH
2024 FEB 5 AM 11:13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

Patricia Jorgensen, et. al

PETITIONER(S),

v.

Case No. **1:24-cv-00020-LM-AJ**

CHRIS AGER, IN HIS CAPACITY AS CHAIR, NEW HAMPSHIRE REPUBLICAN STATE COMMITTEE,

DAVID SCANLAN, IN HIS CAPACITY AS SECRETARY OF STATE FOR NEW HAMPSHIRE,

RESPONDENT(S).

---

## PETITIONERS' OBJECTION TO
## SECRETARY OF STATE'S MOTION TO DISMISS

NOW COMES Republican voters Patricia Jorgensen, both individually and as Vice Chair of the New Hampshire Merrimack County Republican Committee ("MCRC"), Karen Testerman, both individually and as Chair of the New Hampshire Merrimack County Republican Committee ("MCRC"); NH state Representative David Testerman, individually and as a disenfranchised Merrimack County GOP voter; and, NH State Representative Nikki McCarter, individually and as a disenfranchised Belknap County Republican voter, (the "Petitioners"), and respectfully objects to Secretary of State David Scanlan's Motion to Dismiss, stating as follows:

1. In its motion, counsel for the Secretary of State incorrectly states that the Petitioners' *combined* Complaint for Declaratory and Injunctive Relief is "*seeking only injunctive relief.*" See *Secretary of State, Motion to Dismiss*, at ¶ 7, Doc. No. 11.

1

2. In the Prayer for Relief, the petitioners clearly request that this Court:

"Order an INJUNCTION that the Secretary of State instruct immediately all Election Judges within the state of New Hampshire to SEQUESTER the ballots cast by any Undeclared Voters and Same-Day Registration Voters, for the upcoming 2024 Presidential Primary, **until this matter is resolved** ... (**emphasis added**)." – Compl., Prayer, Doc. No. 1.

3. The Secretary of State attempts to argue that the Complaint is moot. It is not. Only the ability of this Court to grant injunctive relief **before** the ballots were cast on 2024 Presidential Primary Day is now moot. However, the injury-in-fact is now more relevant than ever. To the contrary, media reports demonstrated the infidelity of undeclared voters as they attempted to muddy the results of the recent election.[1]

4. **Count I** in the Complaint alleges that Chair Chris Ager has failed in his fiduciary duties as instructed by his convention to notify the Secretary of State that the Republican Party wishes to have a closed primary. For purposes of NH RSA § 659:14, both Republican Party Chair Chris Ager and Secretary of State David Scanlan are considered *state actors*. See Campbell v. Bysiewicz, 242 F.Supp.2d 164, 174-75 (D. Conn. 2003). And, while the time for Chair Ager to notify the Secretary of State has now passed, the injury-in-fact is still relevant. 42 U.S.C. § 1983; 34 CFR § 9032.7 (a) (4).

5. **Count II** in the Complaint alleges that Secretary of State David Scanlan has failed in his fiduciary duties to allow the Republican Party to have a closed primary. In its recent Motion for Status Conference, the Secretary of State has introduced a twist on the interpretations of NH RSA § 659:14 in conjunction with NH RSA § 654:34, II(b). See *Motion for Status Conference*, FN1, Doc No. 15. Petitioners have already stated their Objections to this

---

[1] https://thehill.com/homenews/campaign/4426773-70-percent-haley-voters-new-hampshire-not-republicans-exit-poll/

interpretation, as such an interpretation would needlessly render NH RSA § 654:34, II (b) unconstitutional and would further render any attempted actions taken by either the Democratic or Republican parties, pursuant to NH RSA § 659:14, to either "open" or "close" their primaries *meaningless*. See Pets' Assented-to Chris Ager's Motion for Status Conference, ¶¶ 15 – 21. For the Secretary of State to infer such an obtuse interpretation of the two statutes would negate any ability by either the Democratic or Republican parties to maintain control of their respective membership, to the exclusion of all others. See California Democratic Party v. Jones, 530 U.S. 567, 568 (2000). Therefore, while the time for injunctive relief has passed, the injury-in-fact is still relevant. 42 U.S.C. § 1983; 34 CFR § 9032.7 (a) (4).

6.   In **Count III** of the Petitioners' Complaint, the petitioners have argued that Defendants Ager and Scanlan have colluded to deprive the petitioners (and all regularly registered NH Republican voters) by substituting their judgment for that of the Party and deprived the Party of its First Amendment right to enter political association with individuals of its own choosing. 34 CFR § 9032.7 (a) (4). See Tashjian v. Republican Party of Connecticut, 479 U.S. 208, 209 (1986). Complaint at ¶ 25. In so doing, Chair Ager and Secretary Scanlan have "*substantially interfere[d] with the Republican Party's first amendment right to define its associational boundaries, determine the content of its message, and engage in effective political association*." Tashjian, 479 U.S. at 213. Therefore, while the time for injunctive relief has passed, the injury-in-fact is still relevant. 42 U.S.C. § 1983; 34 CFR § 9032.7 (a) (4).

7.   The Secretary of State obtusely references that he reserves the right to assert other grounds warranting dismissal of this complaint, including Eleventh Amendment sovereign immunity. See Secretary of State, Motion to Dismiss, at ¶ 10, Doc. No. 11. However, the **Ex Parte Young exception** to state sovereign immunity allows suits for declaratory or injunctive

3

relief against state officers in their official capacities.  See Reed v. Goertz, 598 U.S. 230, 234 (2023) citing Ex Parte Young, 209 U.S. 123, 159–161, 28 S. Ct. 441 (1908).

8. The Petitioners do not request oral argument on their objections to the Secretary of State's Motion to Dismiss.

WHEREFORE, the Petitioner(s) respectfully request that this court:

A. Deny the Secretary of State's Motion to Dismiss; and

B. For other and further relief as is just and proper.

Respectfully Submitted,

PATRICIA JORGENSEN, *both individually and as New Hampshire Merrimack County Republican Committee (MCRC) Vice-Chair*

Dated: February 5, 2024

By: *Patricia Jorgensen* (signature)
Patricia Jorgensen, *pro se*
Yellaboat@aol.com
26 Twin Bridge Road
Northfield, New Hampshire
(774) 218-5707

DAVID TESTERMAN, *N.H. State Representative, Merrimack County District 03*

Dated: February 5, 2024

By: *David Testerman* (signature)
David Testerman, *pro se*
Dave@sanbornhall.net
9 Stone Avenue
Franklin, New Hampshire 03235
(603) 320-9524

|  |  |
|---|---|
| | NIKKI McCARTER, *State Representative, Belknap County District 08* |
| Dated: February 5, 2024 | By: *[signature]*<br>Nikki McCarter, *pro se*<br>Nikki.McCarter@leg.state.nh.us<br>107 North Main Street<br>Concord, New Hampshire 03235<br>(603) 303-8934 |
| | KAREN TESTERMAN, *both individually and as New Hampshire Merrimack County Republican Committee (MCRC) Chair* |
| Dated: February 5, 2024 | By: *[signature]*<br>Karen Testerman, *pro se*<br>karen@karentesterman.com<br>9 Stone Avenue<br>Franklin, New Hampshire 03235<br>(603) 934-7111 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by electronic means and certified mail to:

David Scanlan, Respondent
Secretary of State
ATTENTION: Brendan Avery O'Donnell
Election Law Unit Chief
New Hampshire Department of Justice
1 Granite Place, Concord, NH  03301
brendan.a.odonnell@doj.nh.gov
Telephone: 603-271-3658
Direct Dial: 603-271-1269


Chris Ager, Co-Respondent
Chairman, New Hampshire Republican State Committee

ATTENTION: Attorney Bryan K. Gould
c/o CLEVELAND, WATERS, AND BASS, P.A.
2 Capitol Plaza
Concord, NH 03302-1137

Dated:  February 5, 2024

_Patricia Jorgensen_
Patricia Jorgensen, *pro se*