UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MERRIMACK COUNTY REPUBLICAN COMMITTEE, KAREN TESTERMAN, PATRICIA JORGENSEN, DAVID TESTERMAN, and NIKKI MCCARTER, <br><br>  Plaintiffs <br><br> v. <br><br> DAVID SCANLAN, SECRETARY OF STATE FOR NEW HAMPSHIRE and CHRIS AGER, NEW HAMPSHIRE REPUBLICAN STATE COMMITTEE, <br><br>  Defendants. | Case No. 1:24-cv-00020-LM-AJ |

### REPLY OF CHRIS AGER AND NEW HAMPSHIRE REPUBLICAN STATE COMMITTEE TO PLAINTIFFS' OBJECTION TO THE DEFENDANTS' MOTION TO DISMISS

Defendants Chris Ager and the New Hampshire Republican State Committee, (jointly, the "NHRSC"), by and through their attorneys, Cleveland, Waters and Bass, P.A., hereby reply to plaintiffs' objection to the defendants' motion to dismiss.

Plaintiffs claim that their complaint is not moot. The complaint and the relief requested therein, however, relate solely to the presidential primary. The plaintiffs' prayer for relief requests a declaration that the "Secretary of State will presume that the NHGOP has not given its consent to Undeclared Voters to participate in the upcoming 2024 Presidential Primary" and an injunction requiring the New Hampshire Secretary of State (the "Secretary"), to sequester ballots by any

1

undeclared voters and same-day registration voters. *See* Doc. No. 1 at page 10. The complaint further states that the New Hampshire Republican State Committee "voted to close its Presidential Primary for January 2024." Doc. No. 1 ¶6.

The presidential primary has come and gone. This court denied the plaintiffs' request for a temporary restraining order or preliminary injunction on the basis that the plaintiffs could not establish a likelihood of success on the merits. *See* Doc. No. 7. In doing so, no ballots were sequestered. *See* Doc. No. 11 at ¶8. At this stage, there is no remedy this court could provide.

Despite this lack of a remedy, the plaintiffs claim there is still an injury-in-fact. Even if this court were inclined to find that the plaintiffs have an injury-in-fact – despite the fact that this court previously ruled that plaintiffs could not show a likelihood of success on the merits because plaintiffs failed to establish third-party standing – dismissal is still warranted because the existence of an injury-in-fact is insufficient to defeat a motion to dismiss based on mootness. *See Ramirez v. Sanchez Ramos*, 438 F.3d 92, 100 (1st Cir. 2006) (where a plaintiff had initial standing to bring a claim, "a federal court is duty bound to dismiss the claim as moot if subsequent events unfold in a manner that undermines any one of the three pillars on which constitutional standing rests … redressability."). Plaintiffs have not shown, and cannot show, that their alleged injury-in-fact is now redressable. The plaintiffs' complaint must be dismissed.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | CHRIS AGER, NEW HAMPSHIRE REPUBLICAN STATE COMMITTEE, By Their Attorneys, |
| Date: February 12, 2024 | /s/ Jacob M. Rhodes<br>Bryan K. Gould, Esq. (NH Bar #8165)<br>gouldb@cwbpa.com<br>Jacob M. Rhodes, Esq. (NH Bar #274590)<br>rhodesj@cwbpa.com<br>CLEVELAND, WATERS AND BASS, P.A.<br>Two Capital Plaza, Fifth Floor<br>Concord, NH 03301<br>Telephone: (603) 224-7761<br>Facsimile:  (603) 224-6457 |

## CERTIFICATE OF SERVICE

I hereby certify that the within document is being served electronically through the court's electronic filing system upon counsel of record and all other parties who have entered electronic service contacts in this docket.  In addition, the following parties have been served by email and U.S. Mail:

Karen Testerman (karen@karentesterman.com)
9 Stone Avenue
Franklin, NH 03235

David Testerman (dave@sanbornhall.net)
9 Stone Avenue
Franklin, NH 03235

Nikki McCarter (nikki.mccarter@leg.state.nh.us)
107 North Main Street
Concord, NH 03301

Patricia Jorgensen (yellaboat@aol.com)
26 Twin Bridge Road
Northfield, NH 03276

| | |
|---|---|
| Date:  February 12, 2024 | /s/ Jacob M. Rhodes<br>Jacob M. Rhodes, Esq. |

4857-4482-6787, v. 1