FILED - USDC -NH
2024 FEB 14 AM 11:17

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

KAREN TESTERMAN, ET AL.

PETITIONER(S),

v.

Case No. **1:24-cv-00020-LM-AJ**

CHRIS AGER, IN HIS CAPACITY AS CHAIR, NEW HAMPSHIRE REPUBLICAN STATE COMMITTEE,

DAVID SCANLAN, IN HIS CAPACITY AS SECRETARY OF STATE FOR NEW HAMPSHIRE,

RESPONDENT(S).

---

## PETITIONERS' RESPONSE TO NHRSC's COMMENTS ON CORRECTION OF DOCKET ENTRY AND OBJECTION TO JOINDER (DOC. NO. 14)

NOW COMES Republican voters <u>Karen Testerman</u> and NH state Representative <u>David Testerman</u>; (the "Petitioners")[1], and respectfully responds to non-party New Hampshire Republican State Committee ("NHRSC") and NHRSC Chair Chris Ager's Comments on Petitioner's Correction of Docket Entry, stating as follows:

1. For clarity purposes, the petitioners again state that this instant suit for declaratory relief and related damages are ostensibly directed at Chris Ager in his capacity as Chair of the New

---

[1] Because of threats and intimidation by outside forces, NH State Representative <u>Nikki Carter</u> and <u>Patricia Jorgensen</u> will be withdrawing as Petitioners in this action. In fact, each of the petitioners have received indirect threats to their livelihoods and property. In additional to personal threats, NHSRC Chair Chris Ager conducted an illegal vote of the NHSRC *in absentia* and without sufficient notice to have MCRC Chair Karen Testerman and MCRC Vice-Chair Patricia Jorgensen removed from office and dispossess them of their personal property for which Chair Ager has no authority to remove them. *See Gonzalez–Droz v. Gonzalez–Colon*, 660 F.3d 1, 13 (1st Cir.2011) (*quoting Amsden v. Moran*, 904 F.2d 748, 753 (1st Cir.1990)); *see also Miller v. Town of Hull, Mass.*, 878 F.2d 523, 532-33 (1st Cir. 1989); 42 USC § 1983.

1

Hampshire Republican State Committee and Secretary David Scanlan in their state roles as narrowly defined by NH RSA § 659:14, II. The petitioners have repeatedly declared that their complaint is narrowly tailored to the actions or inactions of Chair Chris Ager and Secretary Scanlan as they relate to whether NH RSA § 654:34 and NH RSA § 659:14 are to be interpreted in combination or separately.

2. Therefore, the non-party New Hampshire Republican State Committee should be removed from the docket as well as their counsel. In addition, the New Hampshire Republican State Committee's Motion for Joinder with the Secretary of State's Motion to Dismiss (Doc. No. 14) should also be DENIED.

3. In its motion, counsel for Chair Chris Ager axiomatically declares that "Mr. Ager's relationship to the NHRSC is analogous to that of a state agency's representative and the agency," citing *Stiles v. Dearborn*, 6 N.H. 145, 146 (1833) and *Conway v. New Hampshire Water Resources Bd.*, 89 N.H. 346 (1938) [*See Response of Chris Ager to Docket Correction*, at pg. 2, Doc. No. 19], while also declaring that Mr. Ager is not a state actor. *Id.*

4. Mr. Ager is not equivalent to a warden over a correctional facility (*cf. Stiles v. Dearborn*), nor is he the chairman of a water resources board created by the governor and executive council (*cf. Conway v. New Hampshire Water Resources Bd.*). He is the chairman of a political committee pursuant to NH RSA § 664:3.

5. In furtherance, the statute clearly states:

> "II. No member of a political committee which is required to register under RSA 664:3, I, except members of political committees of political parties, shall do any act directly or indirectly on behalf of the committee to promote the success or defeat of a political party,

2

a measure or a candidate, unless the requirements of RSA 664:3, I are met." – NH RSA § 664:3, II.

6. Therefore, unless authorized by statute elsewhere, the Chair of the party cannot act directly or indirectly on behalf of the political committee. Yet, there is indeed a statute on point which requires the chair of a political party to notify the Secretary of State in writing as to whether the political party has a party bylaw or rule on point as to whether the political party's primary is open or closed to undeclared voters. *See* RSA § 659:14, II - Special Provisions for State and Presidential Primary Elections.

7. In this narrowly tailored statute, both the Secretary of State and the chair of the political party are state actors. *See* Campbell v. Bysiewicz, 242 F.Supp.2d 164, 174-75 (D. Conn. 2003).

8. Therefore, the petitioners reaffirm their request with the Clerk of the Court to correct the Named Parties. *See* Doc. No. 16.

9. In a related matter, Chair Chris Ager has argued that because the primary election has passed, that "there is no remedy this court could provide." *See* Reply of Chris Ager to Plaintiffs' Obj. to MTD, ¶ 3 (unnumbered), Doc. No. 20. However, declaratory relief and associated damages may be awarded to the petitioners based upon the call of the question – whether RSA § 654:34 and RSA § 659:14 are to be interpreted in combination or separately.

10. In an email from Attorney Gould to Petitioner Karen Testerman, he stated that:

> "*There are several reasons for this, but the most significant is that notice to the secretary of a party rule is **irrelevant** to the statute under which undeclareds currently vote in the Republican primary. Undeclareds can vote in the primary **without changing party registration** under RSA 659:14, I, if there is a party rule permitting it. In the alternative, though, undeclareds can vote in the primary under RSA 654:34, II(b), by declaring a party registration on primary day and voting in that party's primary. Under RSA 654:34, II(b), undeclareds are voting **as Republicans** in the primary. Under RSA 659:14, I,*

3

*<u>undeclareds can vote **as undeclareds** in a party primary if there is a party rule allowing it</u>* **(emphasis in original).**" <u>See</u> <u>Doc. No. 15, Exhibit A</u>.

11.  Such an interpretation of the two statutes separately renders the purpose of closing the primary in RSA 659:14 *meaningless*. In addition, allowing same-day Undeclared-to-Republicans to vote without having to "affiliate publicly" with the party, effectively denies the petitioners from ever participating in a closed primary, and denies them their First Amendment rights to freedom of association. <u>See</u> <u>Clingman v. Beaver</u>, 544 U.S. 581, 592 (2005).

12.  "State courts are the appropriate tribunals ... for the decision of questions arising under their local law, whether statutory or otherwise." <u>Moore v. Harper</u>, 600 U.S. 1, 34 (2023). Therefore, if there is a perceived ambiguity in whether RSA § 654:34 and RSA § 659:14 are to be interpreted in combination or separately, it is the duty of the Secretary of State to seek an opinion of the justices. N.H. CONST. pt. II, art. 74.

13.  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). Therefore, the petitioners' complaint should not be dismissed.

  WHEREFORE, the Petitioner(s) respectfully request that this court:

A. Grant the correction of the Named Petitioners and Defendants;

B. Deny the New Hampshire Republican State Committee's request for joinder; and

C. For other and further relief as is just and proper.

                                      Respectfully Submitted,

                                      DAVID TESTERMAN, *N.H. State Representative, Merrimack County District 03*

Dated: February 13, 2024                          By: _____

                                      David Testerman, *pro se*
                                      Dave@sanbornhall.net
                                      9 Stone Avenue
                                      Franklin, New Hampshire 03235
                                      (603) 320-9524

                                      KAREN TESTERMAN, *both individually and as New Hampshire Merrimack County Republican Committee (MCRC) Chair*

Dated: February 13, 2024                          By: _____

                                      Karen Testerman, *pro se*
                                      karen@karentesterman.com
                                      9 Stone Avenue
                                      Franklin, New Hampshire 03235
                                      (603) 934-7111

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent by electronic means and mail to:

David Scanlan, Respondent
Secretary of State
ATTENTION: Brendan Avery O'Donnell
Election Law Unit Chief
New Hampshire Department of Justice
1 Granite Place, Concord, NH  03301
brendan.a.odonnell@doj.nh.gov
Telephone: 603-271-3658
Direct Dial: 603-271-1269

Chris Ager, Co-Respondent
Chairman, New Hampshire Republican State Committee
ATTENTION: Attorney Bryan K. Gould
c/o CLEVELAND, WATERS, AND BASS, P.A.
2 Capitol Plaza
Concord, NH 03302-1137

Dated: February 13, 2024

_Karen Testerman_, *pro se*