UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MERRIMACK COUNTY REPUBLICAN COMMITTEE, KAREN TESTERMAN, PATRICIA JORGENSEN, DAVID TESTERMAN, and NIKKI MCCARTER, <br><br>Plaintiffs <br><br>v. <br><br>DAVID SCANLAN, SECRETARY OF STATE FOR NEW HAMPSHIRE and CHRIS AGER, NEW HAMPSHIRE REPUBLICAN STATE COMMITTEE, <br><br>Defendants. | Case No. 1:24-cv-00020-LM-AJ |

**REPLY OF CHRIS AGER AND
NEW HAMPSHIRE REPUBLICAN STATE COMMITTEE TO
PLAINTIFFS' COMBINED RESPONSE AND OBJECTION**

Defendants Chris Ager and the New Hampshire Republican State Committee, (the "State Committee", and, jointly with Mr. Ager, the "NHRSC"), by and through their attorneys, Cleveland, Waters and Bass, P.A., hereby respond to plaintiffs' response to NHRSC's comments on correction of docket entry and objection to joinder. Plaintiffs have included a reply and an objection to separate papers in the same pleading. This pleading will respond to both the reply and objection.

Plaintiffs object to the NHRSC's joinder in the New Hampshire Secretary of State's (the "Secretary") motion to dismiss. *See* Doc. No. 23 at ¶2. The NHRSC is not aware of any basis

1

upon which a party can object to another party joining in a motion to dismiss. Plaintiffs can object to the underlying motion to dismiss, but not the joining in that motion. Plaintiffs have already objected to the underlying motion to dismiss. Plaintiffs' objection to joining in the motion should not be considered by this court.

As to the correction of the docket entry, the sole issue is whether the State Committee is a party to this lawsuit. Plaintiffs claim it is not. Plaintiffs, however, have sued Mr. Ager in his official capacity as chair of the State Committee. *See* Doc. No. 1 at ¶21. Every allegation against Mr. Ager arises from an alleged statutory mandate required of the chair of the State Committee. *See, generally*, Doc. No. 1. The primary allegation against Mr. Ager is that he failed to send a letter to the Secretary, which, according to plaintiffs' theory, was required by RSA 659:14.[1] These allegations all relate to actions or inactions of the *chair* of State Committee.

To the extent that any relief is requested against the NHRSC, plaintiffs' complaint as pleaded establishes that any relief requested by plaintiffs could only be had against the chair of the State Committee or the State Committee itself. Every allegation relates to the chair of the State Committee, not any action or inaction allegedly performed by Mr. Ager individually. In other words, if Mr. Ager was no longer the chair of the State Committee, the plaintiffs would not be able to maintain this suit against Mr. Ager individually. For example, in *Contoocook Valley Sch. Dist. v. State*, the Governor and education commissioner were sued in their official

---

[1] Plaintiffs mistakenly assert that Mr. Ager is the chair of the State Committee by virtue of RSA 664:3, I and that the Chair can only act on behalf of the party if there is a statute authorizing such action. This is incorrect. RSA 664:3, I is a section of the chapter governing campaign finance. *See* RSA ch. 664. This section prohibits members of political committees, "*except members of political committees of political parties*," from doing any act on behalf of the political committee unless registered in accordance with RSA ch. 664. RSA § 664:3, I (emphasis added). By its very terms RSA 664:3, I has no import here as the State Committee is a political committee of a political party. Even if it did apply, the State Committee is registered under the requirements of RSA ch. 664.

capacities and individual capacities. *See, generally,* 174 N.H. 154 (2021). The supreme court affirmed the trial court's dismissal of the governor and education commissioner in their individual capacities, stating: "plaintiffs' theory for relief is essentially that neither the Governor nor the Commissioner have yet complied with the New Hampshire Constitution … we agree with the trial court that if either or both individuals were ordered to act according to the law, they would be acting in their official capacities." *Contoocook Valley*, 174 N.H. at 168 (internal quotation marks omitted). If plaintiffs claim they are suing Mr. Ager individually, which they appear to be by virtue of their motion, the lawsuit would be subject to dismissal based on plaintiffs' theory of relief.

Similarly, in *Doehla Greeting Cards, Inc. v. Summerfield*, the court dismissed a complaint for failure to join an indispensable party, regarding postal rates, against the postmaster general because the "defendant Summerfield [the person occupying the office of the postmaster general] [was] sued as an individual in a complaint which [sought] to restrain enforcement of an order of the Postmaster General [*i.e.,* the office]. The only person with authority to enforce the rates or to revoke the order is the Postmaster General in his official capacity." 116 F. Supp. 68, 76 (D.D.C. 1953). As a result of suing the *chair* of the State Committee, the plaintiffs are, in effect, suing the State Committee. If plaintiffs claim they are not suing the State Committee, their claims would be subject to dismissal for failure to join an indispensable party.

Thus, the court must decide whether the NHRSC is or is not a party. If it is not a party, then no claim could be maintained against Mr. Ager because there are no allegations supporting a lawsuit against Mr. Ager in his individual capacity and the NHRSC would be an indispensable party.

WHEREFORE, the NHRSC respectfully requests that the court clarify whether the State Committee is a party.

Respectfully submitted,

CHRIS AGER, NEW HAMPSHIRE
REPUBLICAN STATE COMMITTEE,
By Their Attorneys,

Date: February 21, 2024

/s/ Jacob M. Rhodes
Bryan K. Gould, Esq. (NH Bar #8165)
gouldb@cwbpa.com
Jacob M. Rhodes, Esq. (NH Bar #274590)
rhodesj@cwbpa.com
CLEVELAND, WATERS AND BASS, P.A.
Two Capital Plaza, Fifth Floor
Concord, NH 03301
Telephone: (603) 224-7761
Facsimile: (603) 224-6457

CERTIFICATE OF SERVICE

I hereby certify that the within document is being served electronically through the court's electronic filing system upon counsel of record and all other parties who have entered electronic service contacts in this docket. In addition, the following parties have been served by email and U.S. Mail:

Karen Testerman (karen@karentesterman.com)
9 Stone Avenue
Franklin, NH 03235

David Testerman (dave@sanbornhall.net)
9 Stone Avenue
Franklin, NH 03235

Date: February 21, 2024

/s/ Jacob M. Rhodes
Jacob M. Rhodes, Esq.

4885-6735-6838, v. 1