UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Testerman, et al.

    v.                                        Case No. 24-cv-20-LM-AJ

NH Secretary of State, et al.

**PROCEDURAL ORDER**

The court has taken under advisement the defendants' motion to correct docket (Doc. No. 16) and their objection (Doc. No. 23) to the defendant's motion for joinder (Doc. No. 14). In both filings, the plaintiffs take issue with the presence of the New Hampshire Republican State Committee ("NHRSC") as a defendant. Specifically, they assert that they are not suing the NHRSC, see Pltf. Mot. (Doc. No. 16) at 2, which they describe as a "non-party." Pltf. Obj. (Doc. No. 23) at 2. In addition to objecting to NHRSC's joinder in defendant Scanlan's motion to dismiss, the plaintiffs also seek the removal of NHRSC's counsel. Id.

The complaint names "Chris Ager, in his capacity as chair, New Hampshire Republican State Committee" as one of the defendants. Compl. (Doc. No. 1) at 1 (caption), 7 (describing Ager as a respondent "also in His Official Capacity as the duly-elected Chair of the New Hampshire Republican State Committee"). The defendants, echoing the jurisprudence typically found in

actions brought under 42 U.S.C. § 1983, have construed the "official capacity" designation as "tantamount to suing the [NHRSC]." Def. Resp. (Doc. No. 19) at 2. See Brandon v. Holt, 469 U.S. 464, 471-72 (1985) (noting that an "official-capacity suit" is to be treated, in all respects other than name, as a suit against the governmental entity). Nevertheless, the defendants are "not opposed to the NHRSC being dismissed from the lawsuit." Def. Resp. (Doc. No. 19) at 2. The defendants assert, however, that "[s]uch dismissal necessarily requires . . . a stipulation from plaintiffs that the [NHRSC] is not a party to the lawsuit and that any claims against it, or against Mr. Ager in his official capacity or individual capacity, are dismissed with prejudice." Id.

As noted, the remaining plaintiffs, Karen Testerman and David Testerman, explicitly state that they are not suing the NHRSC, but "Ager, as an individual of the party . . . ." Pltf. Mot. (Doc. No. 16) at 1. This "individual" language, however, is in tension with the "official capacity" language of the complaint.

The plaintiffs also refer to the "chair of the political party," defendant Ager, as a "state actor." See Pltf. Resp. (Doc. No 23) at 3. This designation might also support the defendants' "official capacity" argument that a suit against Ager is, in effect, a suit against the NHRSC.

2

The plaintiffs are "masters of the complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 395 (1987).  Therefore, on or before March 8, 2024, the plaintiffs shall clarify whether they intend to sue only Mr. Ager individually or whether they intend to sue Mr. Ager individually and in his official capacity as chair of the NHRSC.  To the extent the defendants wish to respond to the plaintiffs' filing, they shall do so on or before March 15, 2024.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

February 28, 2024

cc:  Pro Se Parties
     Counsel of Record