## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

KAREN TESTERMAN, ET AL.

PETITIONER(S),

v.

Case No.  **1:24-cv-00020-LM-AJ**

NH SECRETARY OF STATE, ET AL,

RESPONDENT(S).

---

### PETITIONERS' NOTICE OF CLARIFICATION

NOW COMES Republican voters <u>Karen Testerman</u> and NH state Representative <u>David Testerman,</u> (the "Petitioners"), and respectfully respond to the court's procedural order [Doc. No. 26], stating as follows:

1.      On February 28, 2024, the court issued a procedural order, ordering that "*the plaintiffs shall clarify whether they intend to sue only Mr. Ager individually or whether they intend to sue Mr. Ager individually and in his official capacity as chair of the NHRSC.*" <u>See</u> <u>Procedural Order</u>, Doc. No. 26, pg. 3.

2.      In the Order, the court indicated its leanings towards the defendant's argument, relying upon <u>Brandon v. Holt,</u> 469 U.S. 464, 471-72 (1985), noting that an "official-capacity suit" is to be treated, in all respects other than name, as a suit against the government entity.  However, in its objection to the NHRSC's motion for joinder, Doc. No. 23, the petitioners argued that Mr. Ager is

1

not the head of a state or federal agency, nor does the NHRSC report to any executive authority such as the Governor or the President of the United States, and therefore Mr. Ager does not meet the burden of being a state agency's representative or a representative of a federal agency. *See* Pet's Obj. to NHRSC's Motion for Joinder, Doc. No. 23, ¶¶ 3 – 7. The New Hampshire Republican State Committee ("NHRSC") is a nonprofit corporation, incorporated in 2009 under the laws of the State of New Hampshire, and Mr. Ager is an Officer of the corporation.

3.     Mr. Ager is considered a private party acting under color of state law and thus may be subject to § 1983 liability. *See* Cruz-Arce v. Management Administration Services Corporation, 19 F.4th 538, 543-44 (1st Cir. 2021); Santiago v. Puerto Rico, 655 F.3d 61, 69 (1st Cir. 2011). If the challenged conduct cannot be classified as state action, a § 1983 claim necessarily fails. *See* Santiago, 655 F.3d at 68.

4.     As the First Circuit stated in *Cruz-Arce*:

> *"To defeat a motion to dismiss predicated on the "under color of state law" requirement, a plaintiff need not specifically allege which of these three tests* [e.g., public function, state compulsion, or nexus/joint action tests] *applies in her particular case. Nor must the plaintiff intone some catechism of magic words to describe the relationship between the private party and the state. In the last analysis, the allegations in the complaint, supplemented with reasonable inferences therefrom and matters susceptible to judicial notice, must comprise a factual predicate sufficient to render it plausible that one of these tests can be satisfied* (citations omitted)." Cruz-Arce 19 F.4th at 544.

5.     Under the narrowly tailored statute, RSA § 659:14, II - Special Provisions for State and Presidential Primary Elections, only the Secretary of State and the chair of the political party are named. And as such, they are the only state actors specifically involved in completing the

requirements of the statute. *See* <u>Campbell v. Bysiewicz</u>, 242 F.Supp.2d 164, 174-75 (D. Conn. 2003).

6.     The U.S. Supreme Court has found, under the public functions test, to be satisfied only in narrowly circumscribed contexts — contexts in which a particular function rests at the core of a state's sovereign responsibilities. <u>Cruz-Arce</u> 19 F.4th at 545. These contexts include the administration of elections. *See* <u>Nixon v. Condon</u>, 286 U.S. 73, 89, 52 S.Ct. 484, 76 L.Ed. 984 (1932).

7.     The main crux of the complaint has been (and continues to be) on the Secretary of State's interpretation of whether the two statutes [NH RSA § 654:34 and NH RSA § 659:14] are to be interpreted in combination or separately. *See* <u>Pets' Assented-to Chris Ager's Motion for Status Conference</u>, ¶¶ 15 – 21, Doc. No. 19.

8.     The petitioners remain puzzled as to why the NHRSC wishes to be included as a necessary party, if only to extend director indemnification to Mr. Ager.   Under the <u>Model Business Corporation Act</u> (MBCA), Section 2.02(b)(5) specifically prohibits provisions for indemnification of director liability arising out of improper actions not in good faith or not in the best interests of the corporation. *See* N.H. RSA § 293-A:8.51. *See also* American Bar Association, Model Business Corporation Act; <u>§ 8.31. STANDARDS OF LIABILITY FOR DIRECTORS</u>.

9.     And while the petitioners would like nothing better than to have Mr. Ager answer for his failure in his fiduciary duties to the NHRSC corporation – to notify the Secretary of State, per resolution of the New Hampshire Republican Party's instructions sitting in convention, that the NH Republican Party did not want to have an "open" primary – it appears that the differences between the petitioners and Mr. Ager would be more appropriately resolved out-of-court, and internally within the processes of the New Hampshire Republican State Committee (NHRSC).

10.    Presently, the petitioners are attempting to reach a consensus settlement with Mr. Ager and the NHRSC.

11.    Therefore, the petitioners intend to file, within the next 10 days, leave to file an Amended Complaint, in where that Mr. Ager and the New Hampshire Republican State Committee are no longer defendants in this matter, and the Amended Complaint requests a declaratory judgment against the Secretary of State, concentrating solely on whether the two statutes governing the New Hampshire Presidential Primary are meant to be construed together or separately.

12.    In addition, the petitioners intend to file, under separate cover, a Motion to Dismiss Mr. Ager and the New Hampshire Republican State Committee (NHRSC) with prejudice, if they are able to reach a settlement.

13.    If the parties are unable to reach a settlement, the petitioners will renew their complaint against Mr. Ager, both individually and in his official capacity as an officer of the corporation known as the New Hampshire Republican State Committee, for the reasons stated herein.

Respectfully Submitted,

DAVID TESTERMAN, *N.H. State Representative, Merrimack County District 03*

Dated:  March 4, 2024

By: _David Test_
David Testerman, *pro se*
Dave@sanbornhall.net
9 Stone Avenue
Franklin, New Hampshire 03235
(603) 320-9524

4

KAREN TESTERMAN, *both individually
and as New Hampshire Merrimack County
Republican Committee (MCRC) Chair*

Dated:  March 4, 2024                       By: _____

Karen Testerman, *pro se*
karen@karentesterman.com
9 Stone Avenue
Franklin, New Hampshire 03235
(603) 934-7111

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by electronic means and U.S. mail to:

David Scanlan, Respondent
Secretary of State
ATTENTION: Brendan Avery O'Donnell
Election Law Unit Chief
New Hampshire Department of Justice
1 Granite Place, Concord, NH  03301
brendan.a.odonnell@doj.nh.gov
Telephone: 603-271-3658
Direct Dial: 603-271-1269

Chris Ager, Co-Respondent
Chairman, New Hampshire Republican State Committee
ATTENTION: Attorney Bryan K. Gould
c/o CLEVELAND, WATERS, AND BASS, P.A.
2 Capitol Plaza
Concord, NH 03302-1137

Dated:  March 4, 2024

Karen Testerman, *pro se*