UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Patricia Jorgensen, et al, | \* |
| | \* |
| Plaintiffs, | \* |
| v. | \*   Civil No. 1:24-cv-00020-LM-AJ |
| | \* |
| Secretary of State David M. Scanlan, et al, | \* |
| | \* |
| Defendants. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### SECRETARY OF STATE'S OBJECTION TO TESTERMAN'S MOTION TO AMEND

The Defendant, New Hampshire Secretary of State David M. Scanlan (the "Secretary of State"), through his counsel, the New Hampshire Office of the Attorney General, objects to Plaintiff Karen Testerman's and Plaintiff David Testerman's motion to amend the Plaintiffs' complaint, see ECF 31 and ECF 31-1. The Plaintiffs' late motion to amend should be denied because the Plaintiffs' failed to prove that amendment is warranted and because amendment would be futile.

I. **Background**:

1. On January 22, 2023, the Plaintiffs filed a complaint for injunctive relief alleging various claims, all of which were premised on the Plaintiffs' assertion that the Secretary of State failed to follow certain state laws related to the January 23, 2024, New Hampshire Presidential Primary Election, thereby "diluting" the Plaintiffs their votes in that election. See ECF 1.

2. The Court denied the Plaintiffs' requests for emergency injunctive relief prior and to during the January 23, 2024, Presidential Primary Election. See ECF 4; ECF 7.

1

3.      On February 2, 2024, the Secretary of State moved to dismiss, arguing that the Plaintiffs' claims were moot because the January 23, 2024, Presidential Primary Election had already occurred and it was not possible for the Court to grant any effective relief to cure the Plaintiffs' alleged injury.

4.      No Plaintiff[1] moved to amend within 21 days of the Secretary of State filing a motion to dismiss.  See Fed. R. Civ. P. 15(a)(1) (generally allowing an amendment as a matter of course within 21 days of a defendant filing a motion to dismiss).

5.      Plaintiffs Karen and David Testerman ultimately filed the present motion to amend their complaint on March 21, 2024—approximately seven weeks after the Defendant moved to dismiss.

6.      Plaintiffs Karen and David Testerman's amended complaint asserts claims solely in their individual capacities as "Republican Primary Voters."  ECF 31-1, at ¶1.

7.      The Plaintiffs' amended complaint asserts new claims based on alleged violations of 18 U.S.C. §§241 & 242 and the Plaintiffs' equal protection rights.  See ECF 31-1, ¶¶10-13. However, each of these claims continues to be based on the same underlying factual allegations that the Secretary of State failed to follow certain New Hampshire laws, thereby diluting the Plaintiffs's votes in the January 23, 2024, Presidential Primary Election.

8.      The Plaintiffs' amended complaint seeks different injunctive relief.  In their original complaint, the Plaintiffs appeared to request the following relief: (1) order the Secretary of State to not allow undeclared voters to participate in the January 23, 2024, New Hampshire Presidential Primary Election; and (2) issue an injunction requiring the Secretary of State to

---

[1] Plaintiffs Jorgensen and McCarter moved to withdraw from this matter, and the Court granted their requests.  See ECF 22, 24.

2

order New Hampshire election officials to sequester January 23, 2024, New Hampshire Presidential Primary Election ballots cast by undeclared voters and voters who registered to vote on the day of the election.  See ECF 1, at 10, ¶¶ A-B.  In their proposed amended complaint, the Plaintiffs primarily seek the following relief: (1) declare that the Secretary of State violated the Plaintiffs' First Amendment and Equal Protection rights by allowing undeclared voters to participate in the January 23, 2024, New Hampshire Presidential Primary Election; (2) grant mandamus relief compelling the Secretary of State to issue instructions to the New Hampshire Democratic Party and New Hampshire Republican State Committee regarding participating by undeclared voters in future presidential and state primary elections; (3) grant the Plaintiffs attorneys' fees and costs under the substantial public benefit theory; and (4) refer this matter to the United States Attorney's Office for criminal investigation.  See ECF 31-1, at 16-17, ¶¶A-D.

9. The Secretary of State objects to the Plaintiffs' request to amend their complaint.

II. **Plaintiffs are not entitled to amend their complaint as a matter of course**:

10. Plaintiffs are not entitled to amendment as matter of course.  See Fed. R. Civ. P. 15(a)(1) (generally allowing an amendment as a matter of course within 21 days of a defendant filing a motion to dismiss).  Defendant moved to dismiss for mootness on February 2, 2024.  See ECF 11.  Plaintiffs did not file motion for leave to amend complaint until March 21, 2024— approximately seven weeks after the Defendant moved to dismiss.  See ECF 31.  Therefore, the Plaintiffs can only amend their complaint with leave of the court.  See Fed. R. Civ. P. 15(a)(2).

III. **Plaintiffs' have not demonstrated that leave to amend is warranted**:

11. As the moving party, the Plaintiffs bear the burden of proving that amendment is warranted.  Despite needing leave of the court to amend their complaint, the Plaintiffs rely on a single conclusory sentence to demonstrate why they believe leave to amend is warranted: "The

3

proposed amended complaint seeks to clarify certain factual allegations and add additional claims arising from discovery."

12. However, the Plaintiffs made no attempt to identify what factual allegations were "clarified," how those factual allegations warrant amendment. Nor have the Plaintiffs made any attempt to identify what "recent discovery" warranted adding additional claims at this stage of the litigation, particularly where no party has propounded <u>any</u> discovery in this matter.

13. Similarly, the Plaintiffs have not offered any explanation for their delay in seeking to amend their complaint, including why they could not have "clarified" these factual allegations in their original complaint or through a timely motion to amend. For example, the Plaintiffs added two new claims to their complaint: (1) alleged violation of 18 U.S.C. §§241 & 242 by allowing undeclared voters to participate in the New Hampshire Presidential Primary Election, <u>see</u> ECF 31-1, ¶¶11-12; and (2) alleged violation of the Plaintiffs' equal protection rights by allowing undeclared voters to participate in the New Hampshire Presidential Primary Election, <u>see</u> ECF 31-1, ¶13. The Plaintiffs did not explain why these claims could not have been included in the Plaintiffs' original complaint or added through a timely motion to amend, and no plausible reason is apparent from the Plaintiffs' pleadings.

14. The Plaintiffs' failure to develop any meaningful argument as to why late amendment is warranted prejudices the Defendants, who are left to speculate as to why the Plaintiffs believe amendment is warranted and why the Plaintiffs could not have timely moved to amend.

15. In sum, the Secretary of State requests that this Court deny the Plaintiffs' motion to amend based on the Plaintiffs' failure to make any serious effort to meet their burden of proving why late amendment is warranted.

### IV. <u>Amendment of the Plaintiffs' complaint would be futile</u>:

16.   The Court may deny a motion to amend when the attempt to amend would be "futile" because "the proposed amended complaint fails to state a plausible claim for relief." <u>Privitera v. Curran (In re Curran)</u>, 855 F.3d 19, 28 (1st Cir. 2017).  Based on a review of the Plaintiffs' new claims and requests for relief, amendment of the Plaintiffs' complaint would be futile for several reasons.

   A.   <u>Each of the claims in the amended complaint is moot or fails as a matter of law</u>:

17.   First, the core of the Plaintiffs' complaint, the Plaintiffs' alleged injury, and the Plaintiffs' requests for relief relate to the participation of undeclared New Hampshire voters in the January 23, 2024, New Hampshire Presidential Primary Election.  The Plaintiffs allege that the unlawful participation of undeclared voters in the Republican primary diluted the Plaintiffs' votes.  That election occurred more than two months ago, all election ballots have been counted, and all ballots are anonymous.  Accordingly, as described in the Secretary of State's motion to dismiss for mootness, there is no relief that the Court could grant that would remedy the Plaintiffs' alleged injury.

18.   Second, the Plaintiffs' newly added claims do not save their complaint because these claims are both moot and fail as a matter of law.  Regarding mootness, these claims are again based on the Plaintiffs' assertion that they were injured by undeclared voters participating in the January 23, 2024, New Hampshire Presidential Primary Election.  Thus, these claims are similarly moot because the Court cannot grant any relief that could redress the Plaintiffs' alleged injury related to the January 23, 2024, New Hampshire Presidential Primary Election.

19.   Third, the Plaintiffs' new claims under 18 U.S.C. §§241 & 242 additionally fail as a matter of law because these are criminal statutes, which the Plaintiffs have no private right to

enforce.  See, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (ruling that 18 U.S.C. §§241 & 242 are criminal provisions that provide no basis for civil liability); Fiorino v. Turner, 476 F. Supp. 962, 963 (1979) (same).

20. Fourth, the Plaintiffs new equal protection claim additionally fails as a matter of law. The Plaintiffs' equal protection claim initially fails because they have not identified a class of similarly situated people who are treated differently or how the law discriminates against their asserted class.  The Plaintiffs' equal protection claim further fails as a matter of law because New Hampshire law provides all voters the same opportunities to affiliate and disaffiliate with a party and to vote in party primaries.  All eligible New Hampshire voters have the right to affiliate with a party prior to an election and then vote in that party's primary.  See RSA 654:7, IV(b) (affiliating with a party on a voter registration form); RSA 659:14, I (voters registered to a party may vote that party's primary ballot).  All New Hampshire voters have the right to not declare affiliation for any party prior to the date of a primary election, and to then register as a member of a party on election day and vote that party's primary ballot.  See RSA 654:34, II(b) (an undeclared voter may affiliate with a party on the date of a primary election and then vote that party's primary ballot).

- B. The Plaintiffs do not request any relief that the Court could grant and that would redress their alleged injury:
  - i. Declaratory Relief:

21. The Plaintiffs request an order declaring that the Secretary of State violated the Plaintiffs' First Amendment and Equal Protection rights by allowing undeclared voters to participate in the January 23, 2024, New Hampshire Presidential Primary Election, thereby "diluting" the Plaintiffs' votes.  Even assuming the Plaintiffs were injured by allowing undeclared voters to participate in the January 23, 2024, New Hampshire Presidential Primary Election, an order

6

declaring that the Secretary of State violated the Plaintiffs' constitutional rights will not redress the alleged injury—vote dilution in the January 23, 2024, New Hampshire Presidential Primary Election—because that election has already occurred. See Massachusetts v. United States HHS, 923 F.3d 209, 221-22 (1st Cir. 2019) (A plaintiff lacks standing if they cannot demonstrate that it is "likely that the injury will be redressed by a favorable decision." (quotations and ellipsis omitted)).

22.  Even if the Plaintiffs had standing, the Secretary of State is entitled to Eleventh Amendment immunity because the Plaintiffs' claims are based entirely off their underlying claim that the Secretary of State violated New Hampshire law governing voter participation in party primary elections. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) (explaining that the "need to reconcile competing interests" between supremacy of federal law and the constitutional immunity of states "is wholly absent … when a plaintiff alleges that a state official has violated state law" (emphasis in original)). The Secretary of State is alternatively entitled to Eleventh Amendment immunity because this request for relief is retrospective. See Green v. Mansour, 474 U.S. 64, 68 (1985) (explaining that, although the Ex Parte Young allows a party to seek prospective relief to prohibit a state from enforcing an unconstitutional state law, the reasoning of Ex Parte Young does not extent "to claims for retrospective relief").

   ii.  Mandamus relief:

23.  The Plaintiffs next requested mandamus relief compelling the Secretary of State to issue certain instructions to the New Hampshire Democratic Party and New Hampshire Republican State Committee regarding participating by undeclared voters in future presidential and state primary elections. The Court cannot grant this requested relief because 28 U.S.C. §1361 only grants the Court authority to grant mandamus relief against federal agencies or employees. See

28 U.S.C. §1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."); Arroyo v. State, 2012 U.S. Dist. LEXIS 147120, Docket 12-11746-GAO, at *9 (D. Mass., Oct. 10, 2012) (ruling that the district court "lacks mandamus authority to compel a state official to act in a particular manner").

    iii.    Attorney's fees:

24. The Plaintiffs' request for attorney's fees, see ECF 31-1, at 18, ¶C, is premised on them prevailing on their underlying claims. Thus, Plaintiffs cannot be entitled to this relief for the same reasons that their underlying claims fail.

    iv.    Referral to the United States Attorney's Office:

25. The Plaintiffs request that this Court refer this matter to the United States Attorney's Office for them to investigate alleged violations of "RICO statutes." See ECF 31-1, at 18, ¶D.

26. The Plaintiffs have not identified any authority that allows them as private individuals to request this Court refer this matter to the United States Attorney's Office for a criminal investigation. If the Plaintiffs believe that the Secretary of State violated federal criminal law, can raise their concerns directly with the United States Attorney's Office.

    V.    **Conclusion**:

27. The Plaintiffs did not timely move to amend, and they have not demonstrated that the Plaintiffs' request for late amendment is warranted in this case. Even if the Plaintiffs' request to amend was timely and supported, amendment must still be denied because it would be futile. The Plaintiffs' claims and requests for relief are all premised on the Plaintiffs' alleged "vote dilution" injury related to the January 23, 2024, New Hampshire Presidential Primary Election. However, that election already occurred, and there is no relief that the Court could grant that

would redress the alleged dilution of the Plaintiffs' January 23, 2024, New Hampshire Presidential Primary votes.  Furthermore, the Plaintiffs' request for a retrospective declaration that the Secretary of State violated certain state laws related to the January 23, 2024, New Hampshire Presidential Primary Election is barred by the Eleventh Amendment.  Nor does the Court have the authority to grant the Plaintiffs mandamus relief pursuant to the Court's mandamus authority under 28 U.S.C. §1361.

WHEREFORE, the Secretary of State respectfully requests that this Honorable Court:

    A.  Deny the Plaintiffs' late motion to amend.

Respectfully submitted,

Secretary of State David M. Scanlan

By his attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: April 3, 2024

/s/ Brendan A. O'Donnell
Brendan A. ODonnell, Bar #268037
Assistant Attorney General
Election Law Unit
Office of the Attorney General
1 Granite Place South
Concord, NH 03301
brendan.a.odonnell@doj.nh.gov
603-271-1269

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was sent by ECF on April 3, 2024, to all parties of record.  I hereby certify that a copy of the foregoing was sent by regular mail and e-mail to all parties of record who are not registered ECF filers.

/s/ Brendan A. O'Donnell
Brendan A. O'Donnell

9