**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

KAREN TESTERMAN, ET AL.

PETITIONER(S),

v.

Case No. **1:24-cv-00020-LM-AJ**

NH SECRETARY OF STATE, ET AL,

RESPONDENT(S).

---

## PETITIONERS' FIRST AMENDED VERIFIED COMPLAINT

NOW COMES Republican primary voters <u>Karen Testerman</u> and NH state Representative <u>David Testerman</u>, (the "Petitioners"), pursuant to L.R. 15.1 (a), and respectfully submits this Amended Complaint ("Am. Compl."), stating as follows:

### PARTIES

1.     Petitioner(s) are Republican Primary Voters of the New Hampshire Merrimack County Republican Party, residing in Merrimack County, New Hampshire.  The Petitioner(s) are: Karen Testerman, individually and as former Chair of the Merrimack County Republican Committee; and her husband NH state representative David Testerman, individually and as a disenfranchised Merrimack County Republican primary voter.

2.      Respondent #1 is Chris Ager, an individual with his principal place of residence in the state of New Hampshire, is a Citizen of New Hampshire, and also in His Official Capacity as the duly elected Chair of the New Hampshire Republican State Committee ("NHRSC").

3.      Respondent #2 is the New Hampshire Republican State Committee ("NHRSC"), which is a nonprofit corporation, incorporated in 2009 under the laws of the State of New Hampshire, and for which Mr. Ager is an Officer of the corporation.

4.      Respondent #3 is David Scanlan, an individual with his principal place of residence in the state of New Hampshire, is a Citizen of New Hampshire, and also in His Official Capacity as the duly appointed Secretary of State for the State of New Hampshire.


### JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction under U.S.C.A. Const. Amend 1; 42 U.S.C. § 1983; 34 CFR § 9032.7 (a) (4); N.H. Rev. Stat. § 659:14.

6.      Petitioners assert jurisdiction pursuant to 28 U.S.C. § 1331 federal question as the petitioners are asserting that they have been deprived of their First Amendment right to enter political association with individuals of their own choosing, during the New Hampshire Republican Presidential Primary of 2024, to nominate a candidate for President, and as a result of the actions or inaction of the Respondents have been damaged. 34 CFR § 9032.7 (a) (4); 42 U.S.C. § 1983.

7.      Petitioners additional assert that the Secretary of State has invidiously discriminated against the Petitioners in favor of "Party Raiders" who are given extra privileges on Presidential Primary Election Day, to the detriment to the petitioners and other Republicans in violation of

the Equal Protection Clause. <u>Cleburne v. Cleburne Living Ctr., Inc.,</u> 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985); <u>Pagan v. Calderon,</u> 448 F.3d 16, 34 (1st Cir.2006).

## GENERAL ALLEGATIONS

8.   **Count I** – NHRSC Party Chair Chris Ager[1] has failed in his fiduciary duties to properly notify the New Hampshire Secretary of State that the NHRSC has not authorized "*a person who is registered as an undeclared voter to vote in the party's primary*." <u>N.H. RSA § 659:14</u>. By his actions or inactions, Chair Ager has deprived the petitioners of their First Amendment right to enter political association with individuals of their own choosing. <u>34 CFR § 9032.7 (a) (4);</u> <u>42 U.S.C. § 1983</u>.

9.   **Count II** – Secretary of State David Scanlan has failed in his fiduciary duties, after receiving constructive notice, to limit the New Hampshire Republican Party's 2024 Presidential Primary to only those properly registered Republican primary voters who have "publicly affiliated" with the New Hampshire Republican Party, pursuant to N.H. RSA § 654:34, (I) (a) (1), to vote in the New Hampshire Republican Party's 2024 Presidential Primary. By his actions or inactions, Secretary Scanlan has deprived the petitioners of their First Amendment rights to enter political association with individuals of their own choosing. <u>34 CFR § 9032.7 (a) (4); 42 U.S.C. § 1983</u>.

10.  **Count III** – The NHRSC Party Chair Chris Ager and Secretary of State David Scanlan have conspired to injure the petitioners, substituting their judgment for that of the Republican Party members, and depriving the petitioners of their First Amendment rights to enter political association with individuals of their own choosing, by allowing Undeclared Voters who have not

---

[1] Mr. Ager is considered a private party acting under color of state law and thus may be subject to § 1983 liability. *See* <u>Cruz-Arce v. Management Administration Services Corporation,</u> 19 F.4th 538, 543-44 (1st Cir. 2021); <u>Santiago v. Puerto Rico,</u> 655 F.3d 61, 69 (1st Cir. 2011).

"publicly affiliated" with the New Hampshire Republican Party, pursuant to N.H. RSA § 654:34, (I) (a) (1), improper access to vote in the New Hampshire Republican Party's 2024 Presidential Primary.  18 U.S.C. § 241; 18 U.S.C. § 242.   *See* Eu v. San Francisco County Democratic Central Comm., 489 U.S. 214, 224 (1989) ("Freedom of association means not only that an individual voter has the right to associate with the political party of her choice, but also that a political party has a right to identify the people who constitute the association (quotations and citations omitted)"); Tashjian v. Republican Party of Connecticut, 479 U.S. 208, 214 (1986); Clingman v. Beaver, 544 U.S. 581, 592 (2005) (requiring Independent voters to affiliate publicly with a party in order to vote in its primary). In so doing, NHRSC Chair Ager and Secretary Scanlan have "*substantially interfere[d] with the Republican Party's first amendment right to define its associational boundaries, determine the content of its message, and engage in effective political association*."  Tashjian, 479 U.S. at 213.

11.     **Count IV** – The NHRSC Party Chair Chris Ager and Secretary of State David Scanlan, "acting under color of state law," have conspired to injure the petitioners in their free exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United States, and sought to deprive them of their rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.  18 U.S.C. § 241; 18 U.S.C. § 242; *See* Lindke v. Freed, 601 U.S. ----, --- S. Ct. ---, 2024 WL 1120880 * 7 (March 15, 2024) ("[T]he traditional definition of state action requires that the defendant … have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law (citations and quotations omitted)".

12.     **Count V** – The NHRSC Party Chair Chris Ager and Secretary of State David Scanlan, "acting under custom or usage of a state," have conspired to injure the petitioners in their free

exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United States, and sought to deprive them of their rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.  18 U.S.C. § 241; 18 U.S.C. § 242; *See* Adickes v. S. H. Kress & Co., 398 U.S. 144, 162 (1970) ("whether a 'custom' for purposes of  § 1983 must have the force of law"); Lindke v. Freed, 601 U.S. ----, --- S. Ct. ---, 2024 WL 1120880 * 8 (March 15, 2024).

13.     **Count VI** – The NHRSC Party Chair Chris Ager and Secretary of State David Scanlan, by interpreting the presidential primary statutes [NH RSA § 654:34 and NH RSA § 659:14] separately, they are invidiously discriminating against the Petitioners in favor of Party Raiders who are given extra privileges on Presidential Primary Election Day, to the detriment to the petitioners and other Republicans in violation of the Equal Protection Clause.  Pagan v. Calderon, 448 F.3d 16, 34 (1st Cir.2006).

## STATEMENT OF THE FACTS

14.     Until recently, the New Hampshire Republican Party (the "Party"), its current state party Chair Chris Ager, its previous state party chairs, its executive state committee ("NHRSC"), the current New Hampshire Secretary of State David Scanlan, and also previous New Hampshire Secretarys of State have all colluded to ignore – either through deliberate ignorance or reckless disregard – the provisions of the state law governing the "Special Provisions for State and Presidential Primary Elections" – N.H. § RSA 659:14.

15.     Under a plain reading of the statute, it states *inter alia* that: "If the rules of a party permit a person who is registered as an undeclared voter to vote in the party's primary, any person desiring to vote in that party's primary shall also announce the name of that party at the time of

announcing the person's name (<u>emphasis added</u>)." N.H. Rev. Stat. § 659:14. Simply put, if the Party's Rules or Bylaws expressly allow it, then Undeclared Voters may vote in the Party's Primary.

16.    The statute goes on to say: "The party chairman shall notify the secretary of state in writing prior to the filing period for state offices <u>whether the party has adopted such a rule</u> (<u>emphasis added</u>)."  *Id*.   Again, simply put, the statute requires that the Party Chair submit *in writing* whether the Party's Primary elections will be *open* to Undeclared Voters.

17.    Currently, the Party's Bylaws ([https://nh.gop/bylaws/](https://nh.gop/bylaws/)), the Party's Platform ([https://nh.gop/platform/](https://nh.gop/platform/)), and the State Convention Organization Committee Report ([https://nh.gop/organization_report/](https://nh.gop/organization_report/)) *are silent* as to whether the Party has adopted such a rule to authorize Undeclared Voters to vote in the Party's primary.

18.    Therefore, by a plain reading of the state law combined with the facts asserted herein, the New Hampshire Republican Party's 2024 Presidential Primary <u>should</u> have been restricted to only those properly registered Republican primary voters who have "publicly affiliated" with the New Hampshire Republican Party, pursuant to N.H. RSA § 654:34, (I) (a) (1), by the statute's registration change calendar deadline.

19.    However, Secretary of State David Scanlan, "acting under custom or usage of a state," has acknowledged that the State of New Hampshire ignored the provisions of RSA § 659:14 "for decades," thereby opening the presidential primary to voters not "publicly affiliated" with the New Hampshire Republican Party, in violation of the petitioners' rights to freedom of association with individuals of their own choosing. *<u>See</u>* **<u>Exhibit B</u>**, <u>Right-to-Know reply from Secretary of State David Scanlan to Norm Silber</u>, dated October 9, 2023; *<u>see also</u>* <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144, 162 (1970).

20.     Because of this confusion (in where that the Secretary of State's office has maintained a custom and/or practice of allowing Undeclared Voters to participate in both the Democratic and Republican presidential primaries), and in order to prevent "party raiding",[2] the New Hampshire Republican Party at its Annual Meeting on January 28, 2023, voted to <u>close</u> its Presidential Primary for January 2024.  <em>See</em> <strong><u>Exhibit A</u></strong> – <u>Minutes of the NH Republican State Committee Annual Meeting</u>, dated January 28, 2023, Resolution #2 (closed primaries).

21.     Over twelve months ago, under Resolution #2, the NH Republican State Committee Annual Meeting directed that Party Chair Chris Ager, <em>inter alia</em>, should notify the Secretary of State "<em>in writing prior to the filing period of state offices that the Republican Party of New Hampshire has adopted the rule that <u>only voters registered as Republicans</u> prior to any primary election may receive a Republican ballot</em> (<u>emphasis added</u>)." <em><u>Id</u></em>.   In short, the Party voted to close its Presidential Primary in order to avoid "party raiding," and instructed NHRSC Party Chair Chris Ager to notify the Secretary of State in writing of the party's decision. <em>See</em> <u>California Democratic Party v. Jones</u>, 530 U.S. 567, 572 (2000).

22.     Despite repeated attempts by other Party Officials, Party Chair Chris Ager refused to notify the NH SOS in writing that the upcoming 2024 Presidential Primary was <em><u>closed to Undeclared Voters</u></em> as was voted upon and approved by the New Hampshire Republican Party sitting in congress at its Annual Meeting.

---

[2] <strong>NBC News</strong> reported that because President Biden's name would not appear on the New Hampshire Democratic Party ballot, a newly-formed super-PAC <strong>Primary Pivot</strong> encouraged Democratic voters to temporarily switch their party affiliations to "undeclared" so they can vote against Trump in the GOP primary.  <em>See</em> <u>New Hampshire Democrats weigh whether to cross over and vote in GOP primary</u>, dated October 6, 2023, https://www.nbcnews.com/politics/2024-election/new-hampshire-democrats-weigh-whether-cross-vote-gop-primary-rcna118756. <em>See also</em> <strong>NPR's All Things Considered</strong>, aired January 17, 2024, transcript https://www.npr.org/2024/01/17/1225253439/thousands-of-democratic-new-hampshire-voters-are-switching-party-affiliation.

23.     Therefore, by his actions or inactions, NHRSC Chair Ager has deprived the petitioners of their First Amendment right for the Party to limit its membership as it wishes, and to choose a candidate-selection process that will produce the nominee who best represents its political platform.  *See* <u>Alaskan Independence Party v. Alaska</u>, 545 F.3d 1173, 1176 (9th Cir. 2008); <u>N.Y. Bd. of Elections v. Lopez Torres</u>, 552 U.S. 196 (2008); *see also* <u>Am.Compl.</u>, Count I, *supra* ¶ 8.

24.     In September 2023, in an unrelated Right-to-Know request regarding changing of a voter's party affiliation, attorney Norman J. Silber – a Belknap County Republican Committee member, former Belknap Republican County Committee Chair and former state representative  – asked Secretary of State David Scanlan to produce any letters from NHRSC Chair Chris Ager to the Secretary of State's office regarding: (1) whether the party has adopted such a by-law or rule that authorizes Undeclared Voters to vote in the Republican Party's 2024 Presidential Primary; and (2) whether the Secretary of State has received written notification from the NHGOP Chair, pursuant to <u>N.H. RSA § 659:14, (II)</u>.

25.     In his reply email, Secretary Scanlan explicitly stated that "*In response to your RSA 91-A request my office has not been able to locate any written notice of a Republican State Party rule change relative two [sic] which voters can participate in a New Hampshire primary election*." *See* **Exhibit B**, <u>Right-to-Know reply from Secretary of State David Scanlan to Norm Silber</u>, dated October 9, 2023. Simply put, in this reply, Secretary Scanlan admitted that there was no legitimate authority to include Undeclared Voters in the upcoming Presidential Primary, other than it "*has been in place for decades*." <u>*Id*</u>.

26.     Therefore, by his actions or inactions, Secretary Scanlan has deprived the petitioners of their First Amendment rights to enter political association with individuals of their own choosing.  *See* <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144, 162 (1970) ("whether a 'custom' for

purposes of § 1983 must have the force of law"); <u>Lindke v. Freed</u>, 601 U.S. ----, --- S. Ct. ---, 2024 WL 1120880 * 8 (March 15, 2024); <u>*see also*</u> <u>Am.Compl.</u>, Count II, *supra* ¶ 9.

27.     In an email dated October 6, 2023, petitioner Karen Testerman once again implored NHRSC Party Chair Chris Ager to notify the NH SOS in writing that the 2024 Presidential Primary was officially closed to Undeclared Voters.  As part of constructive notice, New Hampshire Secretary of State David Scanlan was copied on the email, and therefore <u>*knew or should have known*</u> that there exists no authorization to include Undeclared Voters in the upcoming Presidential Primary.  <u>*See*</u> **Exhibit C**, <u>Email from NHGOP Merrimack County Chair Testerman to NHRSC Chair Ager, *et al.*</u>, dated October 6, 2023.

28.     In a reply email also dated October 6, 2023, Party Chair Chris Ager stated that the "*Resolution violates state law and cannot be adopted.*"  <u>*See*</u> **Exhibit D**, <u>Email from NHRSC Chair Ager to NHGOP Merrimack County Chair Testerman, *et al.*</u>, dated October 6, 2023.  However, Chair Ager did not provide what state law the Resolution violated.

29.     The reply email from Chair Ager also stated that the *suggestion* would require adoption of a By-Law change at the upcoming NHRSC Annual Meeting, slated for January 13, 2024. <u>*Id*</u>.  However, Chair Ager's assertion that a By-Law change must be adopted to ***close*** the 2024 Presidential Primary is a misinterpretation of N.H. RSA § 659:14 which requires a proactive action by the Party to ***open*** the Primary in writing to the NH SOS – not close it.

30.     Chair Ager's suggestion is the exact opposite of what must occur – there must be a By-Law or Rule of the Party on point, authorizing Undeclared Voters to participate in the 2024 Presidential Primary **AND** a letter from the NHRSC Chair notifying the Secretary of State of said Bylaw provision.  To-date, there is no such Rule or Bylaw of the NHRSC authorizing the participation of Undeclared Voters in their primary elections**.**

<u>**ANALYSIS**</u>

31.     In order to prevent "party raiding" – a process in which dedicated members of one party

formally switch to another party to alter the outcome of that party's primary – a state may require

party registration for a reasonable period of time before a primary election.  *See* <u>Rosario v.</u>

<u>Rockefeller</u>, 410 U.S. 752 (1973); *Cf*. <u>Kusper v. Pontikes</u>, 414 U.S. 51 (1973).

32.     A political party has a First Amendment right to limit its membership as it wishes, and to

choose a candidate-selection process that will in its view produce the nominee who best

represents its political platform.  *See* <u>N.Y. Bd. of Elections v. Lopez Torres</u>,

552 U.S. 196 (2008); <u>Alaskan Independence Party v. Alaska</u>, 545 F.3d 1173, 1176 (9th Cir.

2008).

**<u>Chair Chris Ager is a private citizen acting as a state actor, subject to 42 U.S.C. § 1983.</u>**

33.     Although not public officials, political party chairpersons play substantial and discernible

roles in state government beyond their statutorily enumerated duties.  *See* <u>Igneri v. Moore</u>,

898 F.2d 870, 874 (2d Cir. 1990).  Therefore, political party chairpersons owe a fiduciary duty to

the general citizenry based on his "participation in" and "effective control over the processes of

government."  *See* <u>United States v. Margiotta</u>, 688 F.2d 108, 125 (2d Cir. 1982).

34.     Activity of a private individual can be deemed to be "under color of law" for purposes

of <u>§ 1983</u> where a private party has acted together with or has obtained significant aid from

state officials, or his conduct is otherwise chargeable to the state. *See* <u>D'Aurizio v. Palisades</u>

<u>Park, D.N.J.1997, 963 F.Supp. 387</u>, *affirmed* <u>151 F.3d 1024</u>, *certiorari denied* <u>119 S.Ct. 166,</u>

<u>525 U.S. 870, 142 L.Ed.2d 135</u>.

35.     In most contexts, <u>§ 1983</u> "acting under color of state law" inquiry is identical to a "state

action" requirement under the Fourteenth Amendment; in where that the activity of an actor who

is not a state or municipal official can nevertheless be deemed to be under color of law if the private party acts together with or obtains significant aid from state officials, or if such party's conduct is otherwise chargeable to state action. *Id.*

36.     A private entity may be considered to be infused with "state action," supporting entity's potential liability under § 1983, if it is performing a function which is public or governmental in nature and which would have to be performed by government "but for" the entity's activities. *See* Vega v. Fox, S.D.N.Y.2006, 457 F.Supp.2d 172.

37. As the First Circuit stated in *Cruz-Arce*:

"*To defeat a motion to dismiss predicated on the "under color of state law" requirement, a plaintiff need not specifically allege which of these three tests* [e.g., public function, state compulsion, or nexus/joint action tests] *applies in her particular case. Nor must the plaintiff intone some catechism of magic words to describe the relationship between the private party and the state. In the last analysis, the allegations in the complaint, supplemented with reasonable inferences therefrom and matters susceptible to judicial notice, must comprise a factual predicate sufficient to render it plausible that one of these tests can be satisfied* (citations omitted)." Cruz-Arce v. Management Administration Services Corporation, 19 F.4th 538, 543-44 (1st Cir. 2021).

38.     The U.S. Supreme Court has found, under the public functions test, to be satisfied only in narrowly circumscribed contexts — contexts in which a particular function rests at the core of a state's sovereign responsibilities. Cruz-Arce 19 F.4th at 545. These contexts include the administration of elections. *See* Nixon v. Condon, 286 U.S. 73, 89, 52 S.Ct. 484, 76 L.Ed. 984 (1932).

39.    The "public functions test" for determining whether a party is a state actor for purposes of a § 1983 action is satisfied if a private party performs a function that is a traditionally exclusive prerogative of state. *See* Okunieff v. Rosenberg, S.D.N.Y.1998, 996 F.Supp. 343, *affirmed* 166 F.3d 507, *certiorari denied* 120 S.Ct. 1002, 528 U.S. 1144, 145 L.Ed.2d 945.

40.    The main crux of the complaint has been (and continues to be) on the Secretary of State's interpretation of whether the two statutes [NH RSA § 654:34 and NH RSA § 659:14] are to be interpreted in combination or separately.  *See* Pets' Assented-to Chris Ager's Motion for Status Conference, ¶¶ 15 – 21, Doc. No. 19.

41.    It is the position of Chair Chris Ager and Secretary Scanlan that: (1) the enabling statutes are to be interpreted separately in so that Undeclared Voters are invidiously given additional privileges on primary election day in which to determine which party they choose to "affiliate" during the ten minutes that they are voting on Primary Day, which is different than voters who have been "publicly affiliated" with the party since the deadline imposed in pursuant to N.H. RSA § 654:34, (I) (a) (1) [*See Motion for Status Conference*, FN1, Doc No. 15]; or (2) the complaint for which the petitioners have alleged are moot because the election has already occurred [*See* Secretary of State's Motion to Dismiss, Doc. No. 11, ¶ 8].

**Reading the two primary election statutes separately violates the Equal Protection Clause.**

42.    In an email from Attorney Gould to Petitioner Karen Testerman, he stated that:

"There are several reasons for this, but the most significant is that notice to the secretary of a party rule is **irrelevant** to the statute under which undeclareds currently vote in the Republican primary. Undeclareds can vote in the primary **without changing party registration** under RSA 659:14, I, if there is a party rule permitting it. In the alternative, though, undeclareds can vote in the primary under RSA 654:34, II(b), by declaring a party registration on primary day and voting in that party's primary. Under RSA 654:34,

II(b), undeclareds are voting **as Republicans** in the primary. Under RSA 659:14, I, undeclareds can vote **as undeclared** in a party primary if there is a party rule allowing it (**emphasis in original**)." *See* Doc. No. 15, Exhibit A.

43.     Such an interpretation of the two statutes separately renders the purpose of closing the primary in RSA 659:14 *meaningless*.  In addition, allowing same-day "Undeclared-to-Republicans voters" to vote without having to "affiliate publicly" with the party, effectively denies the petitioners from ever participating in a closed primary, and denies them their First Amendment rights to freedom of association.  *See* Clingman v. Beaver, 544 U.S. 581, 592 (2005); California Democratic Party v. Jones, 530 U.S. 567, 568 (2000); Tashjian v. Republican Party of Connecticut, 479 U.S. 208, 209 (1986).

44.     The Equal Protection Clause of the Fourteenth Amendment mandates that "all persons similarly situated should be treated alike." Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).  In such cases, the plaintiff must show that: "(i) he was treated differently than other similarly situated supplicants and (ii) the differential treatment resulted from a gross abuse of power, invidious discrimination, or some other fundamental procedural unfairness." Pagan v. Calderon, 448 F.3d 16, 34 (1st Cir.2006).

45.     Secretary Scanlan has already admitted that there was no legitimate authority to include Undeclared Voters in the upcoming Presidential Primary, other than to state that it "*has been in place for decades*."  *See* **Exhibit B**, Right-to-Know reply from Secretary of State David Scanlan to Norm Silber, dated October 9, 2023.

46.     Therefore, under the Secretary of State's interpretation of reading the two statutes separately, he is invidiously discriminating against the Petitioners in favor of Party Raiders who are given extra privileges on Presidential Primary Election Day, to the detriment to the

petitioners and other Republicans in violation of the Equal Protection Clause. *See* Am.Compl., Count I, *supra* ¶ 13.  And because Chair Ager and the NHRSC have filed a motion for joinder in support of the Secretary of State's assertions [Doc. No. 14], they too are in violation of the petitioners' rights under the Equal Protection Clause.

**The Complaint is capable of repetition yet evading review and a pressing public interest.**

47.     The Secretary of State attempts to argue that the Complaint is moot.  However, it is not. Only the ability of this Court to grant injunctive relief **before** the ballots were cast on 2024 Presidential Primary Day is now moot.  And yet, the injury-in-fact is now more relevant than ever.  Recent media reports demonstrated the infidelity of undeclared voters as they attempted to muddy the results of the recent election.[3]  Because voters who are not "publicly affiliated" with the Republican Party were unconstitutionally-allowed to participate in the presidential primary, the petitioners' votes have been inexorably diluted by those who have no desire to participate in the ongoing affairs of the New Hampshire Republican Party.

48.     "We find this case satisfies the familiar exception to the mootness doctrine for cases that are capable of repetition, yet evading review (emphasis added, quotations omitted)." State v. Carter, 2014 WL 6656641, 167 N.H. 161 (2014) (*quoting*) Fischer v. Superintendent, Strafford County House of Corrections, 163 N.H. 515, 518, 44 A.3d 493 (2012).  If this injustice is not repaired, then interlopers will again be allowed to affect the outcome of the presidential primary, and dilute the candidate-selection process that will in its view produce the nominee who best represents its political platform.  *See* N.Y. Bd. of Elections v. Lopez Torres,

---

[3] https://thehill.com/homenews/campaign/4426773-70-percent-haley-voters-new-hampshire-not-republicans-exit-poll/

552 U.S. 196 (2008); <u>Alaskan Independence Party v. Alaska</u>, 545 F.3d 1173, 1176 (9th Cir. 2008); <u>*see also*</u> <u>34 CFR § 9032.7 (a) (4)</u>.

49.     The doctrine of mootness is designed to avoid deciding issues that have become academic or dead.  However, the question of mootness is not subject to rigid rules but is regarded as one of convenience and discretion.  A decision upon the merits may be justified where there is <u>a pressing public interest involved</u>, or future litigation may be avoided.  <u>*See*</u> <u>Batchelder v. Town of Plymouth</u>, 160 N.H. 253, 254, 999 A.2d 323 (2010); <u>*see also*</u> <u>Sullivan v. Town of Hampton Bd. Of Selectmen</u>, 153 N.H. 690, 692, 917 A.2d 188 (2006).

50.     Therefore, it is of a pressing public interest that the Democratic and Republican Presidential primaries are secure from fraud and party raiders who would seek to dilute the cumulative vote for nefarious purposes.

<u>C<span style="font-variant:small-caps">ONCLUSION</span></u>

51.     NHRSC Party Chair Chris Ager and Secretary of State David Scanlan, "acting under custom or usage of a state," have conspired to injure the petitioners in their free exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United States, and sought to deprive them of their rights, privileges, or immunities secured by the Constitution or laws of the United States, by ignoring  – either through deliberate ignorance or reckless disregard – the provisions of the state law governing the "<u>Special Provisions for State and Presidential Primary Elections</u>" – N.H. § RSA 659:14.  <u>*See*</u> <u>42 U.S.C. § 1983</u>; <u>18 U.S.C. § 241; 18 U.S.C. § 242;</u> <u>*see also*</u> <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144, 162 (1970) ("whether a 'custom' for purposes of  § 1983 must have the force of law"); <u>Lindke v. Freed</u>, 601 U.S. ----, --- S. Ct. ---, 2024 WL 1120880 * 8 (March 15, 2024).

52.     Therefore, the petitioners request that this Honorable Court grant mandamus relief to instruct Secretary of State David Scanlan to enforce performance of state and federal laws *as written*, protecting the petitioners and other New Hampshire Republican Party primary voters of their First Amendment right to enter political association with individuals of their own choosing.  34 CFR § 9032.7 (a) (4); 42 U.S.C. § 1983.

53.     Under the common law theory of "private attorneys general" along with the 1988 amendments to 42 U.S.C. § 1988 as a vindication of their constitutional rights as a potential substantial public benefit, the petitioners – even though not licensed attorneys – are entitled to attorney's fees and costs, as a valid exception to the "American Rule," as their damages.  *See* Farrar v. Hobby, 506 U.S. 103, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992).

54.     Finally, the petitioners also request that the factual matters proffered in this Complaint be referred to the U.S. Attorney for the District of New Hampshire for possible criminal investigations under the federal RICO statutes – 18 U.S.C. §§ 1961 - 1968.  *See* State of Okl. ex rel. Dept. of Human Services v. Children's Shelter, Inc., 604 F. Supp. 867, 869-70 (W. D. Oklahoma, January 7, 1985) ("Damages resulting in civil conspiracy under RICO act are recoverable in a cause of action separate and distinct from a cause of action based upon independent underlying tort.")  18 U.S.C. § 1964 (b).


## PRAYER

WHEREFORE, the Petitioners respectfully request that this court:

A.  DECREE that the allowing of Undeclared Voters to vote in the 2024 New Hampshire Republican Presidential Primary has violated the petitioners' First Amendment rights to freedom of association and the Equal Protection Clause of the United States Constitution;

B. Decree under a Writ of Mandamus that the Secretary of State will instruct the chairpersons of both the Democratic and Republican parties of New Hampshire that Undeclared Voters shall not be allowed to participate in future Presidential and State Primary Elections in the State of New Hampshire, except under the explicit instructions pursuant to NH RSA § 659:14;

C. Grant under a private attorneys general theory, as a vindication of their constitutional rights as a potential substantial public benefit, be granted to the Petitioners the equivalent of attorney's fees and court costs as their damages in this matter;

D. Grant a referral to the U.S. Attorney for the District of New Hampshire for possible criminal investigations under the federal RICO statutes – 18 USC §§ 1961 – 1968; and,

E. For such other and further relief as is just and proper.

Respectfully Submitted,

DAVID TESTERMAN, *N.H. State Representative, Merrimack County District 03*

Dated:  March 20, 2024

By: _David Testa_____
David Testerman, *pro se*
Dave@sanbornhall.net
9 Stone Avenue
Franklin, New Hampshire 03235
(603) 320-9524

KAREN TESTERMAN, *both individually and as former New Hampshire Merrimack County Republican Committee (MCRC) Chair*

Dated:  March 20, 2024

By: _Karen Testerman_____
Karen Testerman, *pro se*
karen@karentesterman.com
9 Stone Avenue

Petitioner's Amended Verified Complaint - 17

Franklin, New Hampshire 03235
(603) 934-7111

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by electronic means to:

David Scanlan, Respondent
Secretary of State
ATTENTION: Brendan Avery O'Donnell
Election Law Unit Chief
New Hampshire Department of Justice
1 Granite Place, Concord, NH  03301
brendan.a.odonnell@doj.nh.gov
Telephone: 603-271-3658
Direct Dial: 603-271-1269

Chris Ager, Co-Respondent
Chairman, New Hampshire Republican State Committee
ATTENTION: Attorney Bryan K. Gould
c/o CLEVELAND, WATERS, AND BASS, P.A.
2 Capitol Plaza
Concord, NH 03302-1137

Dated:  March 19, 2024

Karen Testerman, *pro se*

## AFFIDAVIT OF COMPLAINT

Karen Testerman, after being duly sworn deposes and says as follows:

1.  I am a petitioner / plaintiff in the above action.

2.  I offer this affidavit based upon my personal knowledge in this matter.

3.  I am a registered member of the Republican Party of New Hampshire.

4.  I attest to the Statement of Facts, enumerated as ¶¶ 14 – 30 in the heretofore attached

    First Amended Complaint, as to be True and Correct to the best of my knowledge.

FURTHER AFFIANT SAITH NAUGHT.

Respectfully Submitted,

KAREN TESTERMAN, *both individually and as former New Hampshire Merrimack County Republican Committee (MCRC) Chair*

Dated:  March 20, 2024

By: _Karen Testerman_

Karen Testerman, *pro se*
karen@karentesterman.com
9 Stone Avenue
Franklin, New Hampshire 03235
(603) 934-7111

## **A F F I D A V I T**

| | |
|---|---|
| THE STATE OF NEW HAMPSHIRE | §<br>§<br>§ |
| COUNTY OF MERRIMACK | |

BE IT REMEMBERED that on this <u>20</u> day of March 2024, before me, the undersigned, a Notary Public in and for the County and State aforesaid, came KAREN TESTERMAN, who is personally known to me to be the same person who executed the foregoing Affidavit and duly acknowledged the execution of the same.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my official seal on the date and year last.

_____
NOTARY PUBLIC

My Commission Expires:

_1/10/2029_____

NDAVIZEYE AIME CLISPE
NOTARY PUBLIC
MY COMMISSION EXPIRES 1/10/2029
STATE OF NEW HAMPSHIRE

# EXHIBIT  A

**MINUTES OF ANNUAL MEETING**

**NEW HAMPSHIRE REPUBLICAN STATE COMMITTEE**

**SATURDAY, JANUARY 28, 2023**

**SALEM HIGH SCHOOL, 44 GEREMONTY DRIVE, SALEM, NEW HAMPSHIRE**

The 2023 annual meeting was called to order by Chairman Stephen Stepanek at 10:05 a.m.   He reminded members to sign up if they wished to speak to bylaw amendment proposals and resolutions. Chairman Stepanek led the Pledge of Allegiance and invited Pastor Dan Campbell from Manchester to offer an invocation.  The chairman appointed the following: Bill O'Brien as Parliamentarian, Jane Lane as Secretary and Andrew Georgevits as Sergeant-at-Arms.

CREDENTIAL REPORT:  Chairman Stepanek recognized Scott Maltzie, Chairman of the Credentialing Committee, to provide the Credentialing Report.  Scott reported that out of a possible 482 members, 413 or 85.68% were present and he declared a quorum.  He moved to accept the Credentialing Report. Motion seconded and passed.

RULES COMMITTEE REPORT:  Chairman Stepanek recognized Ray Chadwick, Chairman of the Rules Committee.  Ray recognized his fellow committee members, Alan Glassman and Rep. Wayne MacDonald, and explained that the rules for this meeting are based on 2020 rules that governed the last pre-Covid meeting.  He moved adoption of the rules.  Motion seconded and passed.

OFFICER REPORTS:

1. Secretary's report: Jane Lane presented the minutes of the continuation of the 2021 annual meeting held on April 23, 2022 and the minutes of the 2022 annual meeting also held on April 23, 2022.  It was moved and seconded to accept the report.  Motion passed.

2. Treasurer's report: Alan Glassman presented his report.  He pointed out more than $129,000 cash on hand as of 12/31/2022.  It was moved and seconded to accept the report.  Motion passed.

3. National Committeewoman: Juliana Bergeron presented her report, including a brief report of the recent RNC Winter Meeting when Chair Ronna McDaniel was re-elected.

4. National Committeeman: Chris Ager presented his report, including his comments on the recent RNC Winter meeting and New Hampshire's First in the Nation status, at least as far as Republicans are concerned.

5. Vice Chair: Pam Tucker presented her report reflecting on her position for the past 4 years.

6. Chair:  Chairman Stepanek spoke to the successes in the 2022 election keeping Republicans in control of the Governor's office, the New Hampshire House and the New Hampshire Senate, and the Executive Council.

7.  Jane Lane moved to accept the reports of the National Committeewoman, the National Committeeman, the Vice Chair and the Chair.  Alam Glassman seconded the motion and motion passed.

ELECTION OF OFFICERS:  Chairman Stepanek reviewed the rules.    Nominations and seconding speeches are limited to 2 minutes and candidates have 3 minutes to speak.

Chairman:

Chris Ager was nominated by Bill O'Brien.  The nomination was seconded by Rep. Fred Doucette, Chris Maidment and Mary Jane Beauregard.  Chris Ager accepted the nomination.

Lou Gargiulo was nominated by Linda McGrath.  The nomination was seconded and Lou Gargiulo accepted the nomination.

Vice Chair:

Christine Peters was nominated by Kate Day.  Mark Vincent seconded the nomination.  Chrstine Peters accepted the nomination.

Randall Kelly was nominated by Theresa Birnell.  Kristin Jackson seconded the nomination.  Randall Kelly accepted the nomination.

Ryan Terrell was nominated by Kate Demers.  Kyle Sanborn seconded the nomination.  Ryan Terrell accepted the nomination.

Executive Director Elliot Gault explained the voting procedures for casting ballots for the Chairman and Vice Chair races and voting for these two positions proceeded.

Treasurer:

Alan Glassman was nominated by Chris Buda.  Bill Wright seconded the nomination.  Alan Glassman accepted the nomination.

Dawn Johnson was nominated and her nomination was seconded.  Dawn was not yet present at the meeting and accepted the nomination later in the meeting.

Assistant Treasurer:

Janice Mathews was nominated by Mark Vincent.  Chris Maidment seconded the nomination.  Janice Mathews accepted the nomination.

Jim MacEachern was nominated by Rep. Wayne MacDonald.  Rep. Jodie Nelson seconded the nomination.  Jim MacEachern accepted the nomination.

Assistant Secretary:

Kirsten Larsen Schultz was nominated by Judy Tucker and the nomination was seconded.  Kirsten Larsen Schultz accepted the nomination.

Thad Riley was nominated by Gregg Hough. Dave Wheeler seconded the nomination. Thad was not yet present at the meeting and accepted the nomination later in the meeting.

Secretary: Jane Lane was nominated by George Hansel. Mile Aron seconded the nomination. Andrew Georgevits moved to close nominations for the position of Secretary. The motion was seconded and passed. Chairman Stepanek proceeded to cast one vote for Jane Lane for the position of Secretary. Jane Lane accepted the nomination and vote for secretary.

At 11:45 a.m. Chairman Stepanek recessed the meeting for lunch. At 12:45 p.m. he reconvened the meeting and introduced President Donald Trump who offered remarks. Following President Trump's remarks at 1:45 p.m., Chairman Stepanek announced the results of the election of chair and congratulated Chris Ager as the new NHRSC Chair. Chris assumed the chair and offered remarks. He announced that he will appoint Mary Jane Beauregard as Finance Chair which will be confirmed at the next eboard meeting on 2/6/2023. Also at that meeting the eboard will fill the National Committeeman vacancy created when Chris assumed the chairmanship. He also plans an eboard retreat on 4/1/2023.

Vice Chair Election: Chairman Ager announced that no candidate for Vice Chair received a majority to there would be a runoff between the top two vote getters: Ryan Terrell and Christine Peters. They were each given 3 minutes to speak. Following that, the two candidates not present to speak earlier were given their 3 minutes to speak: Dawn Johnson for Treasurer and Thad Riley for Assistant Secretary.

Voting proceeded for the Vice Chair runoff and for the positions of Treasurer, Assistant Treasurer and Assistant Secretary. Also, the five regions caucused to elect the five Regional Vice Chairs.

REMARKS: The main meeting resumed and former Congressman Will Hurd from Texas was introduced and offered remarks.

REGIONAL VICE CHAIR RESULTS:

The results of the regional caucuses were announced. Elected were:

| | |
|---|---|
| Regional Vice Chair 1 | Mark Alliegro |
| Regional Vice Chair 2 | Rep. Tanya Donnelly |
| Regional Vice Chair 3 | Chris Buda |
| Regional Vice Chair 4 | Conrad Schoeffter |
| Regional Vice Chair 5 | Rep. JR Hoell |

REMARKS: Speaker Sherm Packard was introduced and offered remarks.

BYLAW DISCUSSION: Chairman Ager invited Chris Buda to the podium to oversee the Bylaw Amendment Debates for the 2023 annual meeting. He stated that there are 8 bylaws proposals to discuss:

#1.  Amendment #1:  Proposed by Chris Buda relative to voting privileges of county and city committees.  The Bylaws Committee recommends adopting this amendment and the Executive Committee voted to amend the recommendation to allow voting privileges to members of city committees but not to extend these voting procedures to other than state committee members in county officer elections.  Mr. Buda made a motion to adopt the recommendation as amended by the Executive Committee.  Tammy Simmons spoke in favor of the motion.  On a voice vote, the amendment is adopted.

#2.  Amendment #2:  Proposed by Scott Maltzie relative to moving the date of the Annual Meeting to April.  The Bylaws Committee recommends adopting this amendment and the Executive Committee voted to support the recommendation.  Rep. JR Hoell moved to suspend the rules to act on a resolution.  His motion failed on a voice vote.  Mr. Maltzie moved to adopt Amendment #2.  Chris Wood and Bill Smith both spoke in opposition to the recommendation.  On a voice vote, the amendment fails.

#3.  Amendment #3:  Proposed by Scott Maltzie relative to postponement of Annual Meeting.  The Bylaws Committee recomments adopting this amendment and the Executive Committee voted to support the recommendation.  Chris Buda moved to adopt the amendment.  Bill Smith spoke in favor of the amendment.  On a voice vote, the amendment is adopted.

#4.  Amendment #4:  Proposed by Scott Maltzie who withdrew the amendment.

Tammy Simmons made a motion to table all further amendments and adjourn the meeting.  Her motion was ruled out of order.  Tammy Simmons made a motion to table all further amendments.  Her motion failed on a voice vote.

#5.  Amendment #5:  Proposed by Karen Testerman relative to a closed primary.  The Bylaws Committee does not recommend adoption of this amendment and the Executive Committee voted to support the recommendation not to support this amendment.  Karen Testerman moved to adopt the amendment.  There were several motions to suspend the rules which were ruled out of order.  A voice vote on the amendment was called and the chair ruled there was no clear vote on the voice vote and further ruled that the amendment fails because there was not a 2/3 voice vote in favor.

The Chair announced the result of the voting for contested officer positions.  Those elected are:

Vice Chair, Ryan Terrell; Treasurer, Alan Glassman; Assistant Treasurer, Jim MacEachern; Assistant Secretary, Thad Riley.

Tammy Simmons made a motion to table all pending business.  The motion failed on a voice vote.

There was more discussion on Amendment #5.  There was a motion to overrule the chair's order on the vote on Amendment #5.  Motion failed on a voice vote.

#6.  Amendment #6:   Proposed by JR Hoell relative to filling a vacancy for National Committeeman or National Committeewoman.  Rep. Hoell came to the microphone and moved that due

to the contention about Amendment #5 that the similar resolution regarding closed primary be handled at this point in the agenda after which Karen Testerman, who proposed Amendment #5 regarding closed primaries, will withdraw the amendment.  His motion was seconded and motion carried on voice vote. With regard to Resolution #2 (closed primaries), Karen Testerman moved adoption of the resolution and spoke in favor of it as did Gary Whitehill.  Kate Day moved to table this resolution.  Her motion was seconded and motion failed on voice vote.  The voice vote on the main motion to adopt the resolution was inconclusive.  There was a standing vote and the motion to adopt the resolution carried.

Chris Maidment moved a special order to handle Resolution #1 at this time.  His motion was seconded and motion carried on a voice vote.  Jim Rubens proposed Resolution #1 relative to an Article V Convention.  He moved adoption of the resolution and spoke to it.  Karen Testerman and Diane Bitter spoke in opposition to the resolution.  Ray Chadwick, Dan Maguire, Victoria Sullivan and Rep. Moffitt spoke in favor of the resolution.  The question was called and on a voice vote the resolution was adopted.

Going back to the bylaws discussion, Amendment #6 was withdrawn.

#7.  Amendment #7:  Proposed by Joe Abasciano relative to calling a special meeting by petition. JR Hoel moved to table this amendment.  His motion was seconded and motion carried on a voice vote.

#8.  Amendment #8:  Proposed by Joe Abasciano relative to Executive Committee meetings.  JR Hoell moved to table this amendment.  His motion was seconded and motion carried on a voice vote.

Going back to the discussion on resolutions, the next resolution to consider is #3:

Resolution #3:  Proposed by Rep. Jason Gerhard relative to vaccines and urging the Attorney General to investigate criminal or wrongful activity relating to development, promotion and distribution of vaccines.  Adoption of the resolution was moved and seconded and after discussion, the question was called.  On a voice vote, the resolution was adopted.

Resolution #4:  Proposed by Claudine Burnham relative to sanctioning any New Hampshire Republican official who attends or supports the World Economic Forum (WEF).  Adoption of the resolution was moved and seconded and after discussion, the question was called.  On a voice vote, the resolution was adopted.

Resolution #5:  Proposed by Claudine Burnham relative to censure of Senate Minority Leader Mitch McConnell.  Adoption of the resolution was moved and seconded and after discussion, the question was called.  On a voice vote, adoption of the resolution fails.

The business of the 2023 Annual Meeting being concluded, it was moved and seconded to adjourn the meeting.  Meeting adjourned at 4:20 p.m.

Respectfully submitted,

Jane P.  Lane, Secretary

# EXHIBIT  B



**From:** Norman J Silber njs@silbersnh.com
**Subject:** FW: RSA 659:14 & 91-A
**Date:** October 12, 2023 at 20:25
**To:** Karen Testerman karen@karentesterman.com

See below.

Norman J. Silber
Member of The Florida Bar & the New Hampshire Bar
243 Mountain Drive
Gilford, New Hampshire 03249-6764
Tel 603-293-0565 (land line- no texts)
Cell 305-803-5400
Email: njs@silbersnh.com

View complete profile: www.linkedin.com/in/norman-j-norm-silber-83269522

*"Live free or die: Death is not the worst of evils."*

General John Stark, hero of the American Revolutionary War

*NOTICE: This e-mail message and any attachment to this e-mail message contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please notify us immediately by return e-mail or by telephone at 603-293-0565 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender.*

*Emails are not encrypted and cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission. This electronic message and any accompanying documents may contain legally privileged and confidential information under applicable law. The information is intended to be for the use of the individual or entity named in the delivery address only. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this Email in error, please notify us by telephone immediately and purge the message immediately without making any copy or distribution.*

**From:** David Scanlan <David.Scanlan@SOS.NH.GOV>
**Sent:** Monday, October 9, 2023 11:24 AM
**To:** Norman J Silber <njs@silbersnh.com>
**Cc:** Orville Fitch <Orville.Fitch@sos.nh.gov>; Chris Ager <chrisager@aol.com>
**Subject:** RE: RSA 659:14 & 91-A

Good morning Norm,

In response to your RSA 91-A request my office has not been able to locate any "written notice" of a Republican State Party rule change relative two which voters can participate in a New Hampshire primary election.

The current practice of permitting undeclared voters to declare affiliation with the Republican Party and then change back to undeclared or remain in the party after voting has been in place for decades. For me to administer a change related to participation in a party primary would require written notice of a rules change from the party chair.

The current practice of permitting undeclared voters to declare affiliation with the Republican Party and then change back to undeclared or remain in the party after voting has been in place for decades. For me to administer a change related to participation in a party primary would require written notice of a rules change from the party chair.

Sincerely,
Dave

**From:** Norman J Silber <njs@silbersnh.com>
**Sent:** Friday, October 6, 2023 12:07 AM
**To:** David Scanlan <David.Scanlan@SOS.NH.GOV>
**Subject:** RSA 659:14 & 91-A

Dear Mr. Secretary:

For many years I have been told that we have "open" primaries for the Republican party in our state because, the so-called conventional wisdom goes, the Republican Party of New Hampshire, a/k/a the NHGOP, has not formally adopted a rule closing the primaries to persons not registered as Republicans and has not given notice of such a rule adoption to the Secretary of State.

But that so-called conventional wisdom seems to conflict with, directly, the provision of RSA 659:14.

RSA 659:14-I provides in pertinent part that "If the rules of a party permit a person who is registered as an undeclared voter to vote in the party's primary, any person desiring to vote in that party's primary shall also announce the name of that party at the time of announcing the person's name."

RSA 659:14-II provides in pertinent part that "The secretary of state shall include on the voter instruction cards required by RSA 658:28 whether a party rule has been adopted which permits a person who is registered as an undeclared voter to vote in the party's primary. The party chairman shall notify the secretary of state in writing prior to the filing period for state offices whether the party has adopted such a rule."

Thus, it appears that in the absence of the adoption of a rule by the NHGOP permitting "a person who is registered as an undeclared voter to vote in the party's primary" and written notice of same to the Secretary of State by the NHGOP chair, undeclared voters are not to be permitted to vote in the Republican party primaries.

However, if the Secretary of State has, in fact, ever received written notice from the chair of the NHGOP of the adoption by the NHGOP of a rule permitting "a person who is registered as an undeclared voter to vote in the party's primary," please be kind enough to so advise me, and send me copies of any such notices including the date or dates on which they were received.  This should be construed as a formal demand under RSA 91-A.

If no such notice was ever received, and it being assumed that the NHGOP never adopted a rule permitting "a person who is registered as an undeclared voter to vote in the party's primary," the prior practice of conducting the Republican primaries on an "open" basis has been incorrect and unlawful and should not be repeated in the future unless and until such time, if ever, the NHGOP does adopt such a rule and gives written notice thereof to our Secretary of State.

Any claim that a request for a Republican ballot at the polling place by an undeclared registrant on election day actually constitutes a change of that voter's registration to the R party for the purposes of that election is sophistry at best, and incorrect as a matter of law unless you can cite to a specific RSA that makes it so.

Thank you for your prompt attention to this matter.

Respectfully,

2

Norman J. Silber
Member of The Florida Bar & the New Hampshire Bar
243 Mountain Drive
Gilford, New Hampshire 03249-6764
Tel 603-293-0565 (land line- no texts)
Cell 305-803-5400
Email: njs@silbersnh.com

View complete profile: www.linkedin.com/in/norman-j-norm-silber-83269522

*"Live free or die: Death is not the worst of evils."*

General John Stark, hero of the American Revolutionary War

*NOTICE: This e-mail message and any attachment to this e-mail message contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please notify us immediately by return e-mail or by telephone at 603-293-0565 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender.*

*Emails are not encrypted and cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission. This electronic message and any accompanying documents may contain legally privileged and confidential information under applicable law. The information is intended to be for the use of the individual or entity named in the delivery address only. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this Email in error, please notify us by telephone immediately and purge the message immediately without making any copy or distribution.*

# EXHIBIT  C



*Restoring NH's Prosperity, Principles & Responsibility*

Republican  State Committee Member (NHGOP)
Chairman of the Merrimack County Republican Committee

5 October 2023
Via email and Certified Mail

Mr. Chris Ager
Chairman, NHGOP
10 Water Street
Concord, NH 03301

Dear Mr. Ager:

As you know, at the 2023 annual meeting of the NHGOP held on January 28, 2023, the attached resolution closing the primaries to all but registered Republicans was formally adopted by the body consisting of the required quorum of members of the NHGOP state committee.

As you must also know, there is absolutely no distinction between a "Resolution" and a "By-Law" provision contained in the governing documents of the NHGOP.

Thus, it was your duty under the provisions of NH RSA 669:14-II to give written notice to the NH Secretary of State of the adoption of this resolution, but it is understood that you have not done so.

Additionally, the Bylaw Committee contacted me via phone stating that the amendment submitted should be a resolution.  Further they requested that I withdraw the bylaw amendment.  Now in your correspondence with others you are stating that this resolution should be a bylaw.  I am confused as to which process is correct.

Further, it is my understanding that there has not been any "rule" adopted by the NHGOP that would permit "a person who is registered as an undeclared voter to vote in the party's primary" as described in RSA 669:14-II.

P.O. Box 3874 • Concord  • New Hampshire  • 03302

Page 2 of 3

Thus, this is a formal demand that you comply with your duties a chairman of the NHGOP and send formal written notice to the NH Secretary of State of the adoption of the attached resolution by which the party primaries of the NHGOP must be closed and reaffirm that the NHGOP has never adopted any rule that would permit a person who is registered as an undeclared voter to vote in the party's primary.

Very truly yours,

Karen Testerman

Attached- Copy of Adopted Resolution
Copy w/enclosure to Honorable David Scanlon, NH Secretary of State, via email and Certified mail



Resolution #2

### RESOLUTION TO RESTRICT THE PRIMARIES TO REGISTERED REPUBLICANS

**Whereas** the Republican Party is a private organization whose membership choses their nominees during the primary election;

**Whereas** registered "undeclared" voters can influence the outcome of the nominations;

**Whereas** sufficient time exists for a voter to declare their party affiliation prior to the day of voting;

**Whereas** the Revised Statute Annotated 659:14 clearly states "…if the rules of a party permit a person who is registered as an undeclared voter to vote in the party's primary…."; and

**Whereas** the Secretary of State, David Scanlon, stated in communications "the political parties determine who can participate in their primary" now, therefore, be it:

**Resolved: that**

1. the Republican State Committee adopts the rule that only voters who register as Republicans 30 days prior to the primary election day may receive and mark a Republican ballot for the primary election;

2. the party chairman notifies the secretary of state in writing prior to the filing period for state offices that the Republican Party of New Hampshire has adopted the rule that only voters registered as Republicans prior to any primary election may receive a Republican ballot;

3. pursuant to RSA 659:14 II, the secretary of state shall include on the voter instruction cards required by RSA 658:28 that the Republican Party of New Hampshire has adopted a rule that does not allow a person who is registered as an undeclared voter to vote in the party's primary;

4. instructs the Secretary of State for the state of New Hampshire that any voter requesting an absentee ballot for the Primary election must be registered as a Republican 30 days prior to submitting a request for a Republican absentee ballot; and

5. urges the Secretary of State to adjust all voting materials to reflect this requirement for prior registration to receive a Republican ballot for the Primary election.

Mover: Karen Testerman, 603-721-9933

Seconders: Omer J. Ahern, Jr. Jose Cambrils Dave Rivers Joe Abasciano Dave Testerman Tricia Jorgensen Eli Clemmer Cathy Qi Eddie Qi Gary Whitehall Alyssa Ehl

# EXHIBIT  D

From: **Chris Ager** chrisager@aol.com  
Subject: Re: Closing the Primary
Date: October 6, 2023 at 10:29
To: MCRC Chairman mcrcchairman@gmail.com
Cc: david.scanlan@sos.nh.gov

Karen,

I reiterate what I told you in February 2023 after investigating the Resolutions implementation with the Secretary of State. The Resolution violates state law and cannot be adopted.

My suggestion is to bring forth a By-Law on January13, 2024 that complies with State Law for consideration and critical analysis of the impact. A passed by-law would be binding. I will help you through the process as desired to ensure the activity meets required standards.


Thank You.

Chris Ager

On Thursday, October 5, 2023 at 04:40:14 PM EDT, MCRC Chairman <mcrcchairman@gmail.com> wrote:


Dear Chairman Ager,

Please find enclosed my concern regarding the decision of the State Party to close the primary.



Sincerely,


Karen Testerman
Chairman
Merrimack County Republican Committee
karen@karentesterman.com
(603) 721-9933 http://www.merrimackcountygop.com


I am only one, but still I am one.
I cannot do everything but still I can do something;
and because I cannot do everything,
I will not refuse to do something that I can do.
Edward Everett Hale

The information contained in this transmission may contain privileged and confidential information, protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# EXHIBIT  E

# Merrimack County Republican Committee
January 17, 2024
Alan's of Boscawen
Draft Minutes



**Present:** Kevin Bastarache, Ernie Bencivenga, Kenna Cross, Thomas Dunne, Marc Griffin, Dorothy Hitchmoth, Trish Jorgensen, Scott Maltzie, Mike Moffett, Ken Park, Jr., David Lovlien, Yury Polozov, Ed Prive, Tresa Salters (guest), Alvin See, Carol Soucy, Dennis Soucy, Dave Testerman, Karen Testerman, Chuck Therrien, Jed Tocci, Robert Wardell, Sumner Weeks, Natalie Wells, Sandra Williams, Marika Yakubovich. Excused: Jose' Cambrils, Mark and Mary Ann Zaccaria

Karen Testerman opened the meeting at 6:02 PM.
Robert Wardell led a prayer.
Pledge of Allegiance.

**Clerk's Report:**

Motion to accept the report was made by Chuck Therrien, seconded by Trish Jorgensen, and passed unanimously without discussion.

**Treasurer's Report:**

Yuri Polozov presented the Treasurer's Report:
Bank Balance        $10,046.91
Paypal Balance        $106.97
Total Balance        $10,153.88
Motion to accept the report was made by Ken Park, Jr., seconded by Ed Prive, and passed unanimously without discussion.

A representative from the Young Republicans and College Republicans were invited to speak but were unable to attend.

**Vice Chair's Report: Trish Jorgensen**

Vote in the FITN NH Primary on Tuesday, January 23.
Pray that the vote is accurately tallied.
Movie night January 31@ Alans @ 6:00 PM. A survey has been sent out on which movie to show.

**Chairman's Report: Karen Testerman**

NHRSC Annual Meeting last Saturday:
Bill O'Brien was elected National Committeeman
Mary Jane Beauregard was elected National Committeewoman

Amendment 1 - Technical Corrections and Codification PASSED
Amendment 2 - Limiting Repeated Amendments FAILED
Amendment 3 - Establishing Observer and Voting Members of the Executive Committee; changing the voting status of some members. FAILED
Amendment 4 - Clarification of appointments to Finance Committee; establishing standing Bylaws and Technology Committees; clarifying committees' duties and roles. PASSED
Resolution 1 - supporting controlling access and distribution of chemical abortion pills PASSED
Resolution 2 - regarding the New Hampshire Republican State Committee's budget was not properly submitted and therefore not considered.
Resolution 3 - In Support of Protecting Opportunities for Women and Girls in Sports PASSED

Announced Camp Constitution Event on May 4th @ 7 PM at the Alton Bay Christian Conference Center.

Karen's lawsuit on NH Primary was dismissed by the court due to lack of standing.
Karen presented a history on the primary voting (Open/Closed).
Karen has been contacted by some attorneys about MCRC joining a lawsuit that would enjoin Independent (Undeclared) voters from voting in the NH Primary based on an RSA that requires that the State Parties file notice with the Secretary of State.

A motion made by Trish Jorgensen, seconded by Marc Griffin to join the lawsuit against the New Hampshire Secretary of State's Office on closing the New Hampshire Primary.

There was discussion for and against the motion.

Motion Passed 15-6.

**Guest Introductions**: Dorothy Hitchmoth of New London and Tresa Salters of Andover.

**Town Committee Reports:**
Marc: Loudon no meetings at present
Hooksett Sumner Weeks indicated that there has been no specific activity. Alyssa promoting poll workers for the Primary.

**New Business:**

Dan Richard's case is still pending. Will be invited to the next meeting.

The 50/50 Raffle was $82. Trisha Jorgensen won. Donated the money back to the committee.

The next meeting is on February 20, 2024 @ 6:00 PM.

**Adjournment:** Motion to Adjourn - Chuck Therrian, Second – Ed Prive. Meeting Adjourned at approximately 7:00 PM.
.
Scott Maltzie for Alyssa Ehl, Clerk