UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Patricia Jorgensen, et al,**<br><br>    **Plaintiffs,**<br>  v.<br><br>**Secretary of State David M. Scanlan, et al,**<br><br>    **Defendants.** | **Civil No. 1:24-cv-00020-LM-AJ** |

### CHRIS AGER AND
### NEW HAMPSHIRE REPUBLICAN STATE COMMITTEE'S
### OBJECTION TO PLAINTIFFS' *THIRD* EMERGENCY MOTION FOR
### INJUNCTIVE RELIEF

The Defendants, Chris Ager and the New Hampshire Republican State Committee ("NHRSC") (collectively, the "NHRSC Defendants"), through counsel, Drummond Woodsum, object to the Plaintiffs' (the "Testermans"), Third "Emergency" Motion for Injunctive Relief as follows.

### INTRODUCTION AND BACKGROUND

1.  The Testermans originally filed suit one day prior to the New Hampshire Presidential Primary Election, seeking equitable relief, in pertinent part, to prohibit undeclared voters from participating in the New Hampshire republican presidential primary, *see* ECF 1, at 10, and to sequester votes of undeclared voters, *see* ECF 2, at 1.

2.  On February 2, 2024, the Secretary of State filed a Motion to Dismiss on mootness grounds because, by that time, the primary had already taken place. ECF 11.

3. The Testermans later moved to amend their Complaint. That motion remains pending. The Defendants objected to the motion to amend because, among other things, the proposed Amended Complaint would be futile as it fails to state a claim for relief. One of the principal defects with the Amended Complaint is the Plaintiffs' lack of standing given the crux of the harm alleged by Plaintiffs is vote dilution.

## LEGAL STANDARD

4. "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Does 1-6 v. Mills*, 16 F.4th 20, 29 (1st Cir. 2021).

5. Preliminary injunctive relief is an extraordinary remedy, and the party seeking an injunction bears the heavy burden of establishing each of the four factors. *Esso Standard Oil Co. (P.R.) v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006).

## ARGUMENT

6. As a threshold matter, Plaintiffs should not be granted a third bite at the apple. Their prior two motions for preliminary injunction were denied. This motion does not materially differ, nor does it address the issue identified in this Court's Order denying the second request for an injunction (and argued by the Defendants in support of dismissal/denial of the motion to amend): the crux of Plaintiffs' complaint concerns the *party's* associational rights, for which Plaintiffs

lack standing. Plaintiffs' recourse is through participation in organizational process; they cannot impose their will on the other members.

7. If this Court otherwise considers the merits of Plaintiffs' motion, it should be denied because they cannot satisfy any of the four factors.

8. With respect to the likelihood of success on the merits, the current operative complaint is defeated by the State's motion to dismiss as moot for which Plaintiffs have no countervailing argument. Therefore, there is no likelihood of success on the merits of that complaint. To the extent this Court considers the proposed Amended Complaint which is the subject of Plaintiffs' pending motion to amend, the NHRSC Defendants incorporate by reference the arguments raised in their objection to same and during the related hearing. The Plaintiffs have failed to state a claim for relief even in their amended complaint. Most notably, the Plaintiffs lack standing to raise their claims.

9. Plaintiffs have also failed to establish a threat of irreparable harm. Plaintiffs merely state in conclusory fashion that "Undeclared Voters" will "improperly affect the outcome" of the upcoming primary. MOTION ¶ 24. Plaintiffs do not articulate how, exactly, this threat manifests, much less allege any facts supported by evidence from which this Court could conclude a threat of harm exists. To the extent the Plaintiffs are essentially arguing that they are under a threat of harm from so-called vote dilution, this Court rejected this theory in the prior case. *See Karen Testerman, et al. v. NH Secretary of State, et al,* 23-cv-499-JL-AJ ("*Testerman I*"). To the extent Plaintiffs allege that they might be forced to 'associate'

3

with undeclared voters during the primary, MOTION ¶ 14, this, too, fails to hold water. The NHRSC Defendants have previously addressed why this logic is flawed. The Plaintiffs are free to disassociate from the state party entity at any time; beyond that, it is the party itself that has the freedom to determine with whom it associates and Plaintiffs cannot unilaterally impose their will on the rest of the organization.

10. On a practical level, Plaintiffs remain free to vote in the primary. Their vote will count. No more, and no less, than any other participant. But the Plaintiffs have no cognizable right to determine who else gets to participate and thus cannot be under any threat of irreparable harm.

11. Plaintiffs fail to demonstrate that the balance of equities weigh in their favor. Plaintiffs' entire proposal is inequitable and unlawful. RSA 659 does not provide a mechanism for the so-called "impounding" of certain votes in this manner. The only ballots that may be segregated are Affidavit Ballots under RSA 659:23-a. All other ballots must be deposited into the common ballot box. RSA 659:23.

12. Plaintiffs fail to establish that their proposal is in the public interest. Plaintiffs do not articulate what they believe the next step after impoundment is. Their proposed amended complaint does not seek any related relief. Presumably, Plaintiffs will argue that impounded votes should not be counted until this Court issues a decision on the merits. Not only is this unworkable (the likelihood of this Court issuing a merits decision *in Plaintiffs' favor* prior to election day is infinitesimal) but this relief directly impacts the rights of third parties who are not a

party to this case. In essence, Plaintiffs would be disenfranchising unnamed and unknown voters, while denying those voters the right to be heard.

13.     Finally, it is worth noting that Plaintiffs have readily available avenues for relief, *within the existing legal framework*, should they ever truly believe an individual is improperly voting in a party primary. RSA 659:29 provides that "Any voter at any state or presidential primary election may challenge any other voter offering to declare himself as a member of a party or to vote the ballot of a party. Such challenged voter shall not be allowed to so declare or so vote until he makes an oath or affirmation that he affiliates with and generally supports the candidates of the party."

WHEREFORE, the NHRSC Defendants respectfully request this Honorable Court:

A) DENY the Plaintiffs' Third Emergency Motion for Preliminary Injunction; and

B) For such further relief this Court deems fair and just;

Respectfully submitted,

**Chris Ager and the New Hampshire Republican State Committee**

By its Attorneys,

Drummond Woodsum & MacMahon

Dated:  August 1, 2024

*/s/ Demetrio Aspiras*
Demetrio F. Aspiras, Esq., NH Bar 19518
Mark V. Franco, Esq. NH Bar 16708
670 N. Commercial Street, Suite 207
Manchester, NH 03101
603.792.7414
daspiras@dwmlaw.com
mfranco@dwmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August 2024, I sent the foregoing Objection to the parties and counsel of record via the Court's electronic filing system.

Dated: August 1, 2024        By: */s/ Demetrio Aspiras, III*
              Demetrio F. Aspiras, III