## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

**************************************
Patricia Jorgensen, et al,                    *
                                              *
                    Plaintiffs,               *
          v.                                  *          Civil No. 1:24-cv-00020-LM-AJ
                                              *
Secretary of State David M. Scanlan, et al,   *
                                              *
                    Defendants.               *
                                              *
**************************************

### SECRETARY OF STATE'S OBJECTION TO TESTERMAN'S THIRD MOTION FOR INJUNCTIVE RELIEF

The Defendant, New Hampshire Secretary of State David M. Scanlan (the "Secretary of State"), through his counsel, the New Hampshire Office of the Attorney General, objects to Plaintiff Karen Testerman's and Plaintiff David Testerman's third motion for injunctive relief, see ECF 40.

### I.      Introduction:

1.      Pending before this Court are the Secretary of State's motion to dismiss the Plaintiffs' complaint for mootness and the Plaintiffs' motion to amend their complaint.  Even though the Court has not granted the Plaintiffs' motion to amend their complaint, the Plaintiffs now seek injunctive relief based on the claims set forth in the Plaintiffs' proposed amended complaint. The Court cannot grant injunctive relief based on claims that are not yet before this Court. Regardless, the Plaintiffs would not be entitled to injunctive relief based on the claims in their proposed amended complaint because the Plaintiffs cannot demonstrate a likelihood of success on the merits of any of those claims.  As the Secretary of State argued in his objection to the Plaintiffs' motion to amend and at the May 30, 2024 hearing on the motion, the Plaintiffs

1

proposed amendment would be futile because: (i) the Plaintiffs lack standing because they cannot demonstrate a cognizable injury in fact; (ii) the plaintiffs' claims and requested relief are moot or would not redress the Plaintiffs' alleged injury; (iii) each of the Plaintiffs' claims fails as a matter of law; and (iv) the Plaintiffs' claims are barred by the Eleventh Amendment.

   II.      **Brief Procedural Background:**

2.      On January 22, 2024, the Plaintiffs filed a complaint for injunctive relief alleging various claims, all of which were premised on the Plaintiffs' assertion that the Secretary of State failed to follow certain state laws related to voter participation in the January 23, 2024 New Hampshire Presidential Primary Election, thereby "diluting" the Plaintiffs' votes in that election.  See ECF 1.

3.      On February 2, 2024, the Secretary of State moved to dismiss, arguing that the Plaintiffs' claims were moot because the January 23, 2024 Presidential Primary Election had already occurred and it was therefore not possible for the Court to grant any effective relief to cure the Plaintiffs' alleged injury.  See ECF 11.  The Secretary of State expressly reserved the right to assert other grounds warranting dismissal of the Plaintiffs' complaint should the Court deny the motion to dismiss, including: (i) Eleventh Amendment sovereign immunity; (2) lack of Article III standing; and (3) failure to state a claim for which relief may be granted.  See ECF 11, ¶10.

4.      The Court has not yet ruled on the Secretary of State's motion to dismiss.

5.      On March 21, 2024, the Plaintiffs filed a motion to amend their complaint.  See ECF 31. The Plaintiffs' proposed amended complaint asserted new claims based on alleged violations of 18 U.S.C. §§241 & 242 and the Plaintiffs' equal protection rights.  See ECF 31-1, ¶¶10-13. However, each of these claims continues to be based on the same underlying factual allegations

that the Secretary of State failed to follow certain New Hampshire laws, thereby diluting the Plaintiffs's votes in the January 23, 2024, Presidential Primary Election.

6.      The Secretary of State objected to the Plaintiffs' request to amend their complaint, arguing that the Plaintiffs' request should be denied because the Plaintiffs failed to prove that amendment is warranted.  The Secretary of State further argued that amendment would be futile because each of the claims in the proposed amended complaint was moot or failed as a matter of law, and because the Plaintiffs did not request any relief that the Court could grant that would redress their alleged injury.  See ECF 33.

7.      On May 30, 2024, the Court held a hearing on the Plaintiffs' motion to amend.  See ECF 39.

8.      At that hearing, the Secretary of State argued that the Plaintiffs' claims, which related to alleged vote dilution based on the participation of undeclared New Hampshire voters in the 2024 New Hampshire Presidential Primary Election, were based on the Plaintiffs' fundamental misunderstanding of New Hampshire state law.  Furthermore, amendment would be futile because the Plaintiffs lack standing and because the claims are moot, fail as a matter of law, and are barred by Eleventh Amendment immunity.  See ECF 39.

9.      The Court has not yet ruled on the Plaintiffs' motion to amend.

10.     On July 22, 2024, the Plaintiffs filed the present motion for injunctive relief.  See ECF 40.  The Plaintiffs' request for injunctive relief appears to be based on alleged claims from the Plaintiffs' proposed amended complaint.

3

### III.   <u>Plaintiffs are not entitled to injunctive relief based on claims that are not part of the Plaintiffs' complaint</u>:

11.    To obtain preliminary injunctive relief, the Plaintiffs need to demonstrate a likelihood of success on the merits of the claims in their complaint.  <u>See</u>, <u>e.g.</u>, <u>Rio Grande Cmty. Health Ctr., Inc. v. Rullan</u>, 397 F.3d 56, 75-76 (1st Cir. 2004).

12.    Because the Court has not yet granted the Plaintiffs' request to amend their complaint, currently the Plaintiffs' only claims are those stated in the Plaintiffs' original complaint.  Thus, the Plaintiffs' arguments regarding the likelihood of success on the merits of their proposed amended complaint are irrelevant for purposes of determining whether the Plaintiffs are currently entitled to preliminary injunctive relief.

13.    Regarding the claims in the Plaintiffs' original complaint, they are moot for the reasons set forth in the Secretary of State's motion to dismiss, which the Secretary of State incorporates into this objection.

14.    Because the Plaintiffs' claims are moot, the Plaintiffs' claims cannot demonstrate a likelihood of merits.  Accordingly, the Court should deny the Plaintiffs' request for injunctive relief.

### IV.   <u>The Plaintiffs cannot demonstrate a likelihood of success on the merits of the claims in their proposed amended complaint.</u>

15.    The Plaintiffs cannot demonstrate that they are entitled to preliminary injunctive relief because the Plaintiffs lack standing and because the claims in the proposed amended complaint are moot, fail as a matter of law, and are barred by Eleventh Amendment immunity.

   A.   <u>Lack of Standing</u>:

16.    The Plaintiffs lack standing because they cannot establish a cognizable injury.  The ultimate harm that the Plaintiffs assert as the basis for their claims is alleged vote dilution based on voter participation in Republican party primaries.  In a related matter involving Plaintiff

4

Karen Testerman, Judge LaPlante already ruled that she lacked standing to assert claims based on voter participation in the Republican Presidential Primary Election.  See Karen Testerman, et al. v. David Scanlan, et al., D.N.H. Docket 1:23-cv-00499; see also Wood v. Raffensperger, 981 F.3d 1307, 1314-15 (11th Cir. 2020) ("No single voter is specifically disadvantaged if a vote is counted improperly, even if the error might have a mathematical impact on the final tally and thus on the proportional effect of every vote.").  Put simply, the Plaintiffs' alleged vote dilution injury, assuming it exists, is not sufficiently concrete and particularized to confer Article III standing.

     B.  Mootness & Lack of Redressibility:

17.    All of the relief requested in the Plaintiffs' proposed amended complaint is either moot or would not redress the Plaintiffs' alleged injury related to January 23, 2024 New Hampshire Republican Presidential Primary Election.   The Plaintiffs' proposed amended complaint requests a declaration that the Defendants violated the Plaintiffs' rights by allowing undeclared voters to participate in the January 23, 2024 New Hampshire Republican Presidential Primary Election. See ECF 31-1, at 16.  That election already occurred.  Votes were cast and counted.  A declaration that the Defendants violated the law in the past will not redress the alleged unlawful participation of certain voters in that election.

18.    The Plaintiffs' additionally request mandamus relief to compel the Secretary of State to instruct New Hampshire political parties that RSA 659:14 prohibits undeclared voters from participating in party primaries.  However, federal courts do not have mandamus authority to compel a state official to act in a particular manner.  See Arroyo v. State, 2012 U.S. Dist. LEXIS 147120, Docket 12-11746-GAO, at *9 (D. Mass., Oct. 10, 2012); 28 U.S.C. §1361.

5

C. <u>The Plaintiffs' claims fail as a matter of law</u>:

19.     The Plaintiffs' claims are based on their underlying assertion that State law prohibits undeclared voters from participating in a party primary.  Contrary to the Plaintiffs' arguments, RSA 654:34 expressly permits an undeclared voter to register as a member of a party on the day of a party primary and to then vote in that party primary.  <u>See</u> RSA 654:34, II ("Change of registration of a voter who has been registered as an undeclared voter. . . . A voter may also register as a member of a party at any primary by requesting to be registered as a member and voting the ballot of the party of the voter's choice.").  Thus, the Plaintiffs' arguments that state law prohibits this conduct fail as a matter of law.

20.     In the Plaintiffs' proposed amended complaint, the Plaintiffs asserted new claims under 18 U.S.C. §§241 & 242.  These claims additionally fail as a matter of law because these are criminal statutes, which the Plaintiffs have no private right to enforce.  <u>See</u>, <u>e.g.</u>, <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980) (ruling that 18 U.S.C. §§241 & 242 are criminal provisions that provide no basis for civil liability); <u>Fiorino v. Turner</u>, 476 F. Supp. 962, 963 (1979) (same).  Regardless, the Plaintiffs have not identified any constitutional right or privilege that requires a state party primary to be closed to voters who were not affiliated with the party prior to the date of the election.

D. <u>Eleventh Amendment Immunity</u>:

21.     The Plaintiffs' claims are additionally barred by the Eleventh Amendment.  The Plaintiffs assert that, under their interpretation of various New Hampshire state election laws, those laws prohibit undeclared New Hampshire voters from participating in New Hampshire Republican primary elections. The Plaintiffs have not cited any federal law that prohibits states from allowing voters to affiliate with a party on the day of a primary election.  Nor have the Plaintiffs

cited any federal law that requires elections to be closed to voters who were not affiliated with a party prior to the date of the election.  In other words, the Plaintiffs' claims are based on their underlying argument that a state official is not following a state law.  The Eleventh Amendment bars such claims.  See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) (reasoning that "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.").

    E.  Incorporation by Reference of Prior Arguments

22.    The Secretary of State raised each of the preceding arguments in more detail in his objection to the Plaintiffs' motion to amend their complaint and at the hearing on the Plaintiffs' motion to amend.  The Secretary of State incorporates by reference his prior arguments related to these issues.

    **V.**    **Conclusion:**

23.    New Hampshire election procedures provide all New Hampshire voters with the same opportunities to participate in party primaries.  All voters may choose to participate in a party primary by affiliating with that party prior to the date of the election.  See RSA 659:14, I.  All voters may choose to remain undeclared prior to the date of a party primary, at which time they may affiliate with a party and vote in that party's primary.  See RSA 654:34, II.  No voter who is currently affiliated with one party may vote in another party's primary.  See RSA 659:14, I.

24.    It is clear from the Plaintiffs' lawsuits and pleadings that they wish to personally control who is allowed to participate in primaries for the Plaintiffs' preferred political party.  The Plaintiffs have not cited a single federal law that requires states to close a party primary to voters who were not affiliated with that party prior to the date of the election.  Instead, the Plaintiffs misread the plain language of state laws and seek to have a federal court compel the Secretary of

7

State to follow the Plaintiffs' mistaken reading of these state laws—something this Court cannot do. As described above, the Plaintiffs' claims all fail for numerous independent reasons, and the Plaintiffs cannot establish a likelihood of success on the merits of any of the claims in the Plaintiffs' original complaint or in the Plaintiffs' proposed amended complaint. Accordingly, this Court should deny the Plaintiffs' third request for a preliminary injunction.

WHEREFORE, the Secretary of State respectfully requests that this Honorable Court:

A. Deny the Plaintiffs' third motion for a preliminary injunction, ECF 40.

Respectfully submitted,

Secretary of State David M. Scanlan

By his attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: August 2, 2024

/s/ Brendan A. O'Donnell
Brendan A. O'Donnell, Bar #268037
Assistant Attorney General
Election Law Unit
Office of the Attorney General
1 Granite Place South
Concord, NH 03301
brendan.a.odonnell@doj.nh.gov
603-271-1269

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by ECF on August 2, 2024, to all parties of record. I hereby certify that a copy of the foregoing was sent by regular mail and e-mail to all parties of record who are not registered ECF filers.

/s/ Brendan A. O'Donnell
Brendan A. O'Donnell

8