IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

KAREN TESTERMAN,  ET AL.

PETITIONER(S),

v.

Case No.  **1:24-cv-00020-LM-AJ**

NH SECRETARY OF STATE, ET AL,

RESPONDENT(S).

---

**PETITIONERS' REQUEST FOR EXPEDITED HEARING AND REPLY TO RESPONDENT NEW HAMPSHIRE SECRETARY OF STATE'S OBJECTION TO THIRD EMERGENCY MOTION FOR INJUNCTIVE RELIEF**

NOW COMES Republican primary voters <u>Karen Testerman</u> and NH state Representative <u>David Testerman</u>, (the "Petitioners"), pursuant to L.R. 7.1 (f), and respectfully requests that an EXPEDITED HEARING on the matter be scheduled at the earliest possible time, stating as follows:

1. On August 2, 2024, Respondent New Hampshire Secretary of State David Scanlan filed <u>his</u> objection to the Petitioner's Third Motion for Injunctive Relief.  <u>See</u> Doc. No. 43.

2. In its objections, the Secretary of State offers no new material facts of dispute, nor *any* distinguishing conclusions of law in their favor.

3. However, the Secretary of State proffers the Petitioners' own argument in a *more succinctly-stated* fashion than previously elucidated.

4. In its Conclusion, the Secretary of State interprets the statute as follows:

"All voters may **choose to remain undeclared** prior to the date of a party primary, **at which time** they may affiliate with a party **and** *vote in that party's primary*. See RSA 654:34, II (emphasis added)." See Id. at ¶ 23.

5. Under this interpretation by the Secretary of State's office, the state statute RSA 654:34 is unconstitutional.

6. And because, under the Secretary of State's *unconstitutional* interpretation of RSA 654:34, II, he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct **and** the state has no power to impart to him any immunity from responsibility to the supreme authority of the United States. See Edelman v. Jordan, 415 U.S. 651, 680 (1974) (*citing*) Ex Parte Young, 209 U.S. 123, 159-60 (1908); see also Pet's Third Motion for Injunctive Relief, ¶¶ 19 – 21, Doc. No. 42.

7. Therefore, no Eleventh Amendment immunity can be imparted on the Secretary of State David Scanlan.

8. Next, the Secretary of State also argues that the Petitioners are not entitled to the relief that they seek, because this Honorable Court has not yet granted their Amended Complaint. See Sec'y of State Obj. to Third Motion for Injunctive Relief, ¶ 12.

9. However, by the Secretary of State's own admission, *supra* ¶ 4, because of his *unconstitutional* interpretation of RSA 654:34, II, this court may immediately grant prospective injunctive relief to the petitioners – without having first ruled on the Motion for Leave to file an Amended Complaint (Doc. No. 31) – in order to prevent a continuing violation of federal law.

<u>See</u> <u>Green v. Mansour</u>, 474 U.S. 64, 68 (1985) (*citing*) <u>Ex Parte Young</u> at 155-56; <u>Pet's Third Motion for Injunctive Relief</u>, ¶ 22, Doc. No. 42.

10.     The Petitioners <u>will likely succeed on the merits</u> of this case, because previous U.S. Supreme Court decisions favor the Petitioners' position that same-day party registration of Undeclared Voters violates the Petitioners' rights of freedom of association with fellow "publicly affiliated" Republican voters in where that party registration must be for a reasonable period of time before a primary election.  <u>See</u> <u>Rosario v. Rockefeller</u>, 410 U.S. 752 (1973).

11.     Allowing Undeclared Voters to become "same-day Republican party members" – as confirmed by the Secretary of State's own admission  (*supra* ¶ 4) – violates the constitutional rights of the Petitioners to freedom of association to gather with fellow New Hampshire Republican Party members as they wish to choose a candidate-selection process that will produce the nominee who best represents its political platform.  <u>See</u> <u>Bd. of Elections v. Lopez Torres</u>, 552 U.S. 196 (2008); <u>34 CFR § 9032.7 (a) (4)</u>.

12.     The Petitioners again find themselves arguing that their constitutional rights will be violated, **<u>in approximately thirty days</u>**, if the Secretary of State – by its own admission – is allowed to confer on Undeclared Voters the same right to vote in the New Hampshire Republican State Primary Election as other registered Republican voters without having first met the "public affiliations" requirement.  **<u>Time is of the Essence</u>** in this matter, and the Petitioners pray for an Expedited hearing as soon as possible.


WHEREFORE, the Petitioners respectfully request that this Court:

- G<small>RANT</small> an EXPEDITED HEARING on the matter at the earliest possible time;

- IMMEDIATELY and *EX PARTE* IMPOUND the votes of Undeclared Voters from being tabulated with the "publicly affiliated" Republican voters, until such time as this matter is fully resolved; and

- For such other and further relief as is just and proper.

                        Respectfully Submitted,

                        DAVID TESTERMAN, *N.H. State Representative, Merrimack County District 03*

Dated: August 2, 2024          By: /s/ David Testerman
                                      David Testerman, *pro se*
                                      Dave@sanbornhall.net
                                      9 Stone Avenue
                                      Franklin, New Hampshire 03235
                                      (603) 320-9524

                        KAREN TESTERMAN, *both individually and as former New Hampshire Merrimack County Republican Committee (MCRC) Chair*

Dated: August 2, 2024          By: /s/ Karen Testerman
                                      Karen Testerman, *pro se*
                                      karen@karentesterman.com
                                      9 Stone Avenue
                                      Franklin, New Hampshire 03235
                                      (603) 934-7111

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent <u>by regular mail</u> and by electronic means to:

David Scanlan, Respondent
Secretary of State
ATTENTION: Brendan Avery O'Donnell
Election Law Unit Chief
New Hampshire Department of Justice
1 Granite Place, Concord, NH  03301
brendan.a.odonnell@doj.nh.gov
Telephone: 603-271-3658
Direct Dial: 603-271-1269

Chris Ager, Co-Respondent
Chairman, New Hampshire Republican State Committee
ATTENTION: Attorney Bryan K. Gould
c/o CLEVELAND, WATERS, AND BASS, P.A.
2 Capitol Plaza
Concord, NH 03302-1137

Demetrio F. Aspiras, III, Esq.
Drummond Woodsum
670 N Commercial St, Ste 207
Manchester, NH 03101-1845
603-792-7414
603-716-2899 (fax)
daspiras@dwmlaw.com

Mark V. Franco, Esq.
Drummond Woodsum
84 Marginal Way, Ste 600
Portland, ME 04101
207 772-1941
mfranco@dwmlaw.com


Dated:  August 2, 2024                             /s/ Karen Testerman
                                                                    Karen Testerman, *pro se*