UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
*************************************
Patricia Jorgensen, et al,              *
                                        *
            Plaintiffs,                 *
     v.                                 *   Civil No. 1:24-cv-00020-LM-AJ
                                        *
Secretary of State David M. Scanlan, et al, *
                                        *
            Defendants.                 *
                                        *
*************************************
```

### SECRETARY OF STATE'S LIMITED REPLY TO
### THE PLAINTIFFS' OBJECTION TO
### THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Defendant, New Hampshire Secretary of State David M. Scanlan (the "Secretary of State"), through his counsel, the New Hampshire Office of the Attorney General, submits this limited reply to the Plaintiffs' objection to the Magistrate Judge's August 14, 2024 Report and Recommendation, which recommended that the Plaintiffs' motion to amend be denied because amendment would be futile. See ECF 45.

**I.   Introduction:**

1.   The Plaintiffs filed an objection to the Magistrate Judge's Report and Recommendation, which recommended that the Court deny the Plaintiffs' motion to amend their complaint on the grounds that amendment would be futile. See ECF 45. The Report and Recommendation is thorough and well-reasoned, and the Secretary of State will not separately respond to each of the Plaintiffs' disagreements with the legal reasoning in the Report and Recommendation. However, the Plaintiffs cite several cases that the Plaintiffs mistakenly believe stand for the proposition that an individual member of a political party has a First Amendment right to exclude other people from associating with the party. Although the party, as an association, may have a right to

1

exclude people from associating with the party, none of these cases hold that an individual party member has standing to pursue claims based on associational rights belonging to the political party.

## II. Brief Procedural Background:

2. On January 22, 2024, the Plaintiffs filed a complaint for injunctive relief alleging various claims, all of which were premised on the Plaintiffs' assertion that the Secretary of State failed to follow certain state laws related to the right of other voters to participate in the January 23, 2024 New Hampshire Presidential Primary Election, thereby "diluting" the Plaintiffs' votes in that election. See ECF 1.

3. On February 2, 2024, the Secretary of State moved to dismiss, arguing that the Plaintiffs' claims were moot because the January 23, 2024 Presidential Primary Election had already occurred and it was therefore not possible for the Court to grant any effective relief to cure the Plaintiffs' alleged injury. See ECF 11.

4. On March 21, 2024, the Plaintiffs filed a motion to amend their complaint. See ECF 31. As relevant here, counts I and II of the Plaintiffs' proposed amended complaint alleged that the Secretary of State violated his "fiduciary duties" to enforce certain New Hampshire laws related to the right voters to participate in party primaries, thereby violating the Plaintiffs' First Amendment right to associate with the political party of their choice. See ECF 31-1, counts I and II. The Plaintiffs' proposed amended complaint did not allege that the Secretary of State prevented the Plaintiffs from associating with the New Hampshire Republican Party.

5. On August 15, 2024, Magistrate Judge Johnstone issued a Report and Recommendation, which recommended that the Plaintiffs' motion to amend be denied on the grounds that amendment would be futile. As relevant to counts I and II, the Magistrate Judge reasoned that

the Plaintiffs had not alleged a violation of their right to freedom of association because the Plaintiffs had not alleged that the Defendants prohibited the Plaintiffs from associating with their preferred political party. ECF 45, at 11-12. The Magistrate Judge further reasoned that "the plaintiffs lack standing to pursue claims based on associational rights that belong to the New Hampshire Republican Party." ECF 45, at 10.

6. On August 28, 2024, the Plaintiffs filed an objection to the Report and Recommendation.

7. As relevant here, the Plaintiffs cited several cases that the Plaintiffs claim involve "a single voter, or group of voters" having standing to assert "their right to challenge the perceived interference by state regulation to their right of freedom of association." ECF 47, at 3 (emphasis omitted).

8. The Secretary of State now submits this reply for the limited purpose of explaining that these cases do not stand for the proposition that a single plaintiff-voter has a First Amendment right to exclude other people from associating with a political party. Nor do these cases stand for the proposition that a single plaintiff-voter has standing to pursue claims based on associational rights belonging to a political party.

    **III.** **The Report and Recommendation correctly reasoned that the Plaintiffs' would lack standing to assert counts I and II in their proposed amended complaint:**

9. Counts I and II of the Plaintiffs' proposed amended complaint alleged that the Defendants breached a fiduciary by not applying a state law and excluding certain voters from participating in the January 23, 2024 New Hampshire Republican Presidential Primary Election, thereby violating the Plaintiffs' First Amendment right to freedom of association.

10. In her Report and Recommendation, the Magistrate Judge reasoned that amendment would be futile, in part, because the Plaintiffs lacked standing to assert counts I and II. Specifically, the Plaintiffs had not alleged that either Defendant prohibited the <u>Plaintiffs</u> from

3

associating with the political party of their choice, and the Plaintiffs did not have standing to assert any rights that the New Hampshire Republican Party, as an association, might have in excluding certain voters from participating in the party's presidential primary election.

11. In their objection, the Plaintiffs cite several cases that they believe demonstrate they have standing. Most of those cases do not contain any discussion of standing. Regardless, contrary to the Plaintiffs' arguments, none of those cases involve an individual member of a political party asserting a First Amendment right to exclude <u>other voters</u> from participating in a party primary. Rather, these cases generally involve a plaintiff-voter challenging state laws that <u>exclude</u> the plaintiff-voter from affiliating with the party of their choice.

12. In paragraph 9, the Plaintiffs cite <u>Igneri v. Moore</u>, 898 F.2d 870 (2d Cir. 1990). The only issue addressed on appeal was the district court's grant of summary judgment ruling that a New York law invaded the plaintiffs' right to privacy. <u>Igneri</u>, 898 F.2d at 873 (addressing only the constitutional right to privacy and remanding to the district court for resolution of other issues). The Second Circuit's opinion did not address the plaintiffs' First Amendment challenge, and the opinion had no discussion of standing at all. <u>See generally id</u>. Regardless, the plaintiffs' First Amendment claim alleged that a law requiring political party chairmen to disclose various financial and business interests violated their right to freedom of association. The claim did not involve, as here, an individual party member asserting a First Amendment right to exclude <u>other voters</u> from associating with the political party.

13. In paragraph 10, the Plaintiffs cite <u>Rosario v. Rockefeller</u>, 410 U.S. 752 (1973). This case did discuss plaintiff-voter standing, but only inasmuch as the Supreme Court ruled that the plaintiffs lacked standing to challenge aspects of a voting procedure law because the plaintiffs did not claim that they would be personally affected by those aspects of the law. <u>Rosario</u>, 410

4

U.S. at 759 & n.9.  Regardless, Rosario primarily involved a plaintiff-voter challenging a law that prohibited the plaintiff-voter from personally affiliating with their preferred political party.  Id. at 756-59.  Rosario did not involve, as here, an individual party member asserting a First Amendment right to exclude other voters from associating with the political party.

14.	In paragraph 11, the Plaintiffs cite Kusper v. Pontikes, 414 U.S. 51 (1973).  This decision did not mention standing at all.  Rather, the decision involved the plaintiff-voter's allegation that a state law infringed upon the plaintiff-voter's freedom to change their political party affiliation.  Kusper, 414 U.S. at 52.  This case did not involve, as here, an individual party member asserting a First Amendment right to exclude other voters from associating with the political party.

15.	In paragraph 12, the Plaintiffs cite Clingman v. Beaver, 544 U.S. 581 (2005).  This decision does not mention standing at all.  Rather, this case involved the Libertarian Party and several registered democrats and republicans challenging a state law that prohibited registered democrats and republicans from voting in the Libertarian party primary.  Clingman, 544 U.S. at 584-85.  Thus, Clingman involved plaintiff-voters alleging that a state law prohibited them from associating with the political party of their choice.  Clingman did not involve, as here, an individual party member asserting a First Amendment right to exclude other voters from associating with the political party.

16.	Finally, in paragraph 13, the Plaintiffs cite Lacasa v. Townley, 883 F.Supp.2d 1231 (S.D. Fla. 2012).  This case did involve the issue of a plaintiff-voter's standing; however, the Court ruled that the plaintiff-voters lacked standing to challenge state laws prohibiting their participation in a particular party primary because they did not have a legally protected interest in voting in that primary.  Lacasa, 883 F. Supp. 2d at 1234-36.  In making this determination, the court examined an individual person's interest in participating in a particular primary against the

party's associational interest in allowing or excluding certain people from participating in its primaries.  <u>Id</u>. at 1235.  At no point did the court recognize an individual party member as having a First Amendment right or standing to seek to exclude other people who might wish to affiliate with the party.

17.     In sum, the Plaintiffs cite numerous cases involving a plaintiff asserting that a state law deprived them of their First Amendment right to participate in a particular party primary.  There is no dispute here that the Plaintiffs have a right to associate with a political party, and the Plaintiffs have not alleged that the Secretary of State took any action to prevent the Plaintiffs from associating with the New Hampshire Republican Party ("NHRP").

18.     Rather, the Plaintiffs argue that the Secretary of State breached a fiduciary duty by not preventing <u>other voters</u> from associating with the NHRP.  None of the cases that the Plaintiffs cite hold that an individual party member has a First Amendment right to exclude other individuals from associating with a political party.

19.     Although an association may have a First Amendment right to exclude some people from membership under certain circumstances, the Magistrate Judge correctly reasoned that the Plaintiffs, as individual members of the NHRP, do not have standing to pursue claims based on associational rights belonging to the NHRP.

WHEREFORE, the Secretary of State respectfully requests that this Honorable Court:

   A. Deny the Plaintiffs' motion to amend their complaint for the reasons stated in the Report and Recommendation.

Respectfully submitted,

Secretary of State David M. Scanlan

By his attorney,

|  |  |
|---|---|
|  | THE OFFICE OF THE ATTORNEY GENERAL |
| Dated: August 29, 2024 | /s/ Brendan A. O'Donnell<br>Brendan A. O'Donnell, Bar #268037<br>Assistant Attorney General<br>Election Law Unit<br>Office of the Attorney General<br>1 Granite Place South<br>Concord, NH 03301<br>brendan.a.odonnell@doj.nh.gov<br>603-271-1269 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by ECF on August 29, 2024, to all parties of record. I hereby certify that a copy of the foregoing was sent by regular mail and e-mail to all parties of record who are not registered ECF filers.


/s/ Brendan A. O'Donnell
Brendan A. O'Donnell