**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

```
*************************************
Patricia Jorgensen, et al,              *
                                        *
            Plaintiffs,                 *
        v.                              *          Civil No. 1:24-cv-00020-LM-AJ
                                        *
Secretary of State David M. Scanlan, et al,  *
                                        *
            Defendants.                 *
                                        *
*************************************
```

**SECRETARY OF STATE'S RENEWED MOTION TO DISMISS**

The Defendant, New Hampshire Secretary of State David M. Scanlan (the "Secretary of State"), through his counsel, the New Hampshire Office of the Attorney General, moves to dismiss the Plaintiffs complaint, see ECF 1.

  I.   Brief Background:

 A.   The Plaintiffs' Complaint and partial procedural history:

1.   On January 22, 2024, the Plaintiffs, Patricia Jorgensen, David Testerman, Nikki McCarter, and Karen Testerman,[1] filed a complaint against the Secretary of State and Co-Defendant New Hampshire Republican State Committee ("NHRSC") Chairman Chris Ager, requesting injunctive relief to prohibit undeclared New Hampshire voters from participating in the January 23, 2024 New Hampshire Republican Presidential Primary Election. See ECF 1, at 10.

2.   The Plaintiffs argue that RSA 659:14 prohibits undeclared voters from participating in a party primary, and they allege that the Defendants violated RSA 659:14 by allowing voters who were not affiliated with NHRSC to participate in the New Hampshire Republican Presidential

---

[1] Plaintiffs Jorgensen and McCarter subsequently withdrew from the lawsuit. See ECF 22, 24.

1

Primary Election.  See ECF 1, at 8, ¶24 (alleging in Count I that the Defendant NHRSC

Chairman Ager violated his fiduciary duties by not following RSA 659:14); ECF 1, at 8, ¶24

(alleging in Count II that the Secretary of State violated his fiduciary duties by not following

RSA 659:14); ECF 1, at 8, ¶25 (alleging in Count III that the Secretary of State colluded with the

NHRSC to violate RSA 659:14); ECF 1, at 10, ¶32 (alleging the Defendants colluded to ignore

the requirements of RSA 659:14).

3.      The Plaintiffs assert that the Defendants' violations of RSA 659:14 thereby ""deprived

the Party of its First Amendment right to enter political association with individuals of its

choosing."  ECF 1, at 7-8, ¶¶23-25 (emphasis added).

4.      On February 2, 2024, the Secretary of State moved to dismiss, arguing that the Plaintiffs'

complaint should be dismissed as moot because the January 23, 2024 New Hampshire

Republican Presidential Primary Election already occurred, and it was therefore no longer

possible for the Court to give any effectual relief to the Plaintiffs should they prevail.  See

ECF 11.  The Secretary of State expressly reserved the right to file a new motion to dismiss

should the Court determine that the Plaintiffs' claims were not moot.

5.      On March 21, 2024, the Plaintiffs moved to amend their complaint.  See ECF 31 (motion

to amend); ECF 31-1 (proposed amended complaint).  Although the Plaintiffs asserted new

causes of action, each cause of action was premised on the Plaintiffs' underlying argument that

the Secretary of State violated RSA 659:14 by allowing undeclared voters to participate in the

January 23, 2024 New Hampshire Republican Presidential Primary Election.

6.      On August 14, 2024, Magistrate Judge Johnstone issued a report and recommendation,

recommending that the Plaintiffs' motion to amend be denied as futile because the Plaintiffs lack

standing on five of the six proposed causes of action and because the sixth proposed cause of

action fails to state a plausible claim for relief.  <u>See</u> ECF 45, at 2, 15.  Magistrate Judge

Johnstone additionally recommended that the Secretary of State's motion to dismiss be denied

without prejudice to refiling because two of the original four plaintiffs had withdrawn from the

case.  <u>See</u> ECF 45, at 15.

7.      On August 29, 2024, the Court approved the Report and Recommendation.

8.      Consistent with the approved Report and Recommendation, the Secretary of State is

refiling its motion to dismiss.

    B.  <u>New Hampshire election laws governing voter participation in party primaries</u>:

9.      Under New Hampshire state law, a person is generally free to change their voter

registration to affiliate or disaffiliate with a political party.  <u>See</u> RSA 654:34, I-II.  However, a

person who is already registered to vote cannot change their registered party affiliation between

the opening of the candidate filing period and the date of a state or presidential primary election.

<u>See</u> RSA 654:32 (requiring local supervisors of the checklist to hold a final session for voters to

change their party affiliation prior to a primary election); RSA 654:34, IV (prohibiting a person

from affiliating or disaffiliating with a party between the first Wednesday in June and the day

before a state primary election).

10.     On the day of a primary election, a voter who is already registered as a member of a

political party may only participate in their party's primary election.  <u>See</u> RSA 659:14 (providing

that a person seeking to vote in a primary election "shall be given only the ballot of the party

with which the person is registered").  However, when a person who is not currently registered as

a member of a political party (<u>i.e.</u>, a person who is "undeclared") seeks to vote in a primary

election, that person is allowed to register as a member of a party on the day of the primary

election by requesting to be registered as a member of that party and voting that party's primary

3

ballot.  <u>See</u> RSA 654:34, II(b) (providing that a "voter who has been registered as an undeclared voter" "may also register as a member of a party at any primary by requesting to be registered as a member and voting the ballot of the party of the voter's choice.").

11.     Under this system, every voter who actually votes in a party primary is a registered member of that party at the time that they cast their vote.

12.     Moreover, such a voter will remain a registered member of that party unless they take an affirmative action to disaffiliate with the party.  <u>See</u> RSA 654:34, I (providing for a voter whose party membership is already registered to change their registered party affiliation); RSA 654:34, II(b) (providing an opportunity for a voter who was undeclared before an election to re-register as an undeclared voter after voting in a party primary).

13.     New Hampshire law alternatively affords each political party an opportunity to allow undeclared voters to participate in their party's primaries without having to register as a member of the party.  <u>See</u> RSA 659:14, I ("If the rules of a party permit a person who is registered as an undeclared voter to vote in the party's primary, any person desiring to vote in that party's primary shall also announce the name of that party at the time of announcing the person's name.").

        II.     <u>Standard of Review</u>:

14.     In ruling on a motion to dismiss, the Court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff.  <u>See</u> <u>Burt v. Bd of Trs. of the Univ. of R.I.</u>, 84 F.4th 42, 50 (1st Cir. 2023).  The plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  <u>Id</u>.  However, the Court need not accept "bald assertions" or "legal conclusions."  <u>See</u> <u>Abbot v. United States</u>, 144 F.3d 1 (1st Cir. 1998) (quotation omitted).  Legal conclusions can

4

provide the complaint's framework, but they must be supported by factual allegations.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

       III.     The Plaintiffs' complaint should be dismissed:

15.     The Plaintiffs' complaint should be dismissed for any one of several alternative reasons: (1) the Plaintiffs' claims are moot; (2) the Plaintiffs' lack standing; (3) the Plaintiffs have not stated a plausible claim for relief; and (4) the Secretary of State is entitled to sovereign immunity under the Eleventh Amendment.

    A.  The Plaintiffs' claims should be dismissed as moot:

16.     "The doctrine of mootness enforces the mandate that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  ACLU of Mass. V. U.S. Conf. of Catholic Bishops, 705 F.3d 44, 52 (1st Cir. 2013) (quotation omitted).  "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Id. (quotation omitted).  "Another way of putting this is that a case is moot when the court cannot give any 'effectual relief' to the potentially prevailing party."  Id. (quotation omitted).

17.     Here, the Plaintiffs filed a complaint seeking only injunctive relief, specifically an order prohibiting undeclared voters from participating in the January 23, 2024 New Hampshire Republican Presidential Primary or requiring the ballots of undeclared voters to be "sequestered" from the ballots of republican voters.  See ECF 1, at 10; ECF 4, at 1; ECF 5, at 1.

18.     However, the New Hampshire Republican Presidential Primary already occurred, and cast ballots have already been counted.  See New Hampshire Secretary of State, 2024 Presidential Primary Election Results, available at https://www.sos.nh.gov/2024-presidential-primary-election-results (last visited August 19, 2024).  Moreover, cast ballots are anonymous

and it is not possible to identify who cast a particular ballot.  See, e.g., Rideout v. Gardner, 838

F.3d 65, 68 (1st Cir. 2016) (explaining the history of using anonymous ballots in New

Hampshire); RSA 659:35 (prohibiting voters from placing distinguishing marks on their ballots);

RSA 659:36 (prohibiting election officers from placing marks on ballots except as specifically

authorized by certain statutes).

19.     Therefore, it is no longer possible for the Court to give any effectual relief to the

Plaintiffs should they prevail.  Accordingly, the Plaintiffs' complaint must be dismissed as moot.

     B.  The Plaintiffs' complaint should be dismissed for lack of standing:

20.     In counts I and II, the Plaintiffs allege that the Defendants "failed in [their] fiduciary

duties" by violating RSA 659:14, and thereby "deprived the Party of its First Amendment right

to enter political association with individuals of its choosing."  ECF 1, at 7-8, ¶¶23-24 (emphasis

added).  In count III, the Plaintiffs allege that the Defendants colluded to violate RSA 659:14,

and thereby "deprived the Party of its First Amendment right to enter political association with

individuals of its choosing."  ECF 1, at 8, ¶25 (emphasis added).

21.     The Plaintiffs lack standing to assert count II against the Secretary of State because the

Secretary of State does not owe a fiduciary duty to the Plaintiffs as individual voters.  Under

New Hampshire law, "a fiduciary relationship has been defined as a  comprehensive term and

exists wherever influence has been acquired and abused or confidence has been reposed and

betrayed."  Brzica v. Trs. of Dartmouth Coll., 147 N.H. 443, 447 (2002) (quotation and brackets

omitted). "A confidential relation exists between two persons when one has gained the

confidence of the other and purports to act or advise with the other's interest in mind."  Id.

(quotation and brackets omitted).

6

22.     The Plaintiff has not cited any law for the proposition that the Secretary of State's owes a fiduciary duty to the Plaintiffs specifically, and the Plaintiffs as individuals lack standing to assert claims on behalf of the public for an alleged violation of the Secretary of State's responsibilities to administer New Hampshire election laws.  See Food & Drug Admin. v. All. for Hippocratic Med., 602 U.S. 367, 382 (2024) (ruling that individuals lack standing to vindicate the public interest in a government following its own laws, and explaining that "Article III does not contemplate a system where 330 million citizens can come to federal court whenever they believe that the government is acting contrary to the Constitution or other federal law").

23.     The Plaintiffs additionally lack standing to assert each count in their complaint because they have not alleged a concrete and particularized injury to the plaintiffs.  See, e.g., *Lyman v. Baker*, 954 F.3d at 360-61 ("For an injury to be particularized, it must go beyond a generalized grievance to manifestly affect the plaintiff in a personal an individual way." (cleaned up)).  Each of the Plaintiffs' three counts alleges that the Defendants violated New Hampshire law and thereby "deprived the Party of its First Amendment right to enter political association with individuals of its choosing."  ECF 1, at 7-8, ¶¶23-25 (emphasis added).  The Plaintiffs, as individual members of the NHRSC, do not have standing to pursue claims based on associational rights belonging to NHRSC.  See also ECF 48 (explaining that none of the cases the Plaintiffs cited in ECF 47 held that an individual party member has standing to pursue claims based on associational rights belonging to a political party).

   C.   The Plaintiffs complaint should be dismissed for failure to state a claim:

24.     The Plaintiffs' claims and requested relief are all based on the Plaintiffs' allegations that the Secretary of State would violated RSA 659:14 by allowing undeclared voters to participate in the New Hampshire Republican Presidential Primary Election despite the NHRSC not having

adopted a party rule allowing undeclared voters to participate in their primaries.  See ECF 1, at 5,

¶¶13-15, at 7-8, ¶¶23-25.

25.      Contrary to the Plaintiffs' arguments, RSA 654:34, II(b) expressly permits an undeclared

voter to register as a member of a party on the day of a party primary and to then vote in that

party primary.  See RSA 654:34, II ("Change of registration of a voter who has been registered

as an undeclared voter. . . . A voter may also register as a member of a party at any primary by

requesting to be registered as a member and voting the ballot of the party of the voter's choice.").

Thus, the Plaintiffs' arguments that state law prohibits this conduct fail as a matter of law.

   D.   The Plaintiffs complaint against the Secretary of State is barred by the Eleventh
        Amendment:

26.      The sovereign immunity embodied in the Eleventh Amendment protects an unconsenting

state against suit brought by private parties in federal court.  See Seminole Tribe. v. Florida, 517

U.S. 44, 52-54 (1996).  As relevant here, the United States Supreme Court ruled that Eleventh

Amendment immunity bars suits against states in federal court that allege violations of state law.

See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) (explaining that the

"need to reconcile competing interests" between supremacy of federal law and the constitutional

immunity of states "is wholly absent … when a plaintiff alleges that a state official has violated

state law" (emphasis in original)).  The Supreme Court reasoned that "it is difficult to think of a

greater intrusion on state sovereignty than when a federal court instructs state officials on how to

conform their conduct to state law."  Id.

27.      Here, the Plaintiffs' claims are based on their underlying assertion that the Secretary of

State violated a New Hampshire law—RSA 659:14—by allowing undeclared voters to

participate in the January 23, 2024 New Hampshire Republican Presidential Primary Election.

See ECF 1, at 8, ¶24 (alleging in Count II that the Secretary of State violated his fiduciary duties

by not following RSA 659:14); ECF 1, at 8, ¶25 (alleging in Count III that the Secretary of State

colluded with the NHRSC to violate RSA 659:14); ECF 1, at 10, ¶32 (alleging the Defendants

colluded to ignore the requirements of RSA 659:14). The Plaintiffs further seek injunctive relief

requiring the Secretary of State to comply with RSA 659:14. See ECF 1, at 10. The Plaintiffs

did not identify any federal statute or constitutional provision that requires a state to restrict

participation in a party primary election to registered members of that party.

28.     Therefore, the Plaintiffs' claims against the Secretary of State are barred by the Eleventh

Amendment because the Plaintiffs' claims are based on the Secretary of State's alleged violation

of New Hampshire law and because the Plaintiffs seek injunctive relief compelling the Secretary

of State to follow New Hampshire law.

29.     Because this motion is a dispositive motion, the Secretary of State did not seek consent

from the Plaintiffs.

30.     The Secretary of State does not request oral argument on its motion to dismiss.

WHEREFORE, the Secretary of State respectfully requests that this Honorable Court:

    A.  Dismiss the Plaintiffs' complaint.

                                      Respectfully submitted,

                                      Secretary of State David M. Scanlan

                                      By his attorney,

                                      THE OFFICE OF THE ATTORNEY GENERAL

Dated: August 30, 2024           /s/ Brendan A. O'Donnell_____
                                      Brendan A. O'Donnell, Bar #268037
                                      Assistant Attorney General
                                      Election Law Unit
                                      Office of the Attorney General
                                      1 Granite Place South
                                      Concord, NH 03301
                                      brendan.a.odonnell@doj.nh.gov
                                      603-271-1269

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was sent by ECF on August 30, 2024, to all parties of record.  I hereby certify that a copy of the foregoing was sent by regular mail and e-mail to all parties of record who are not registered ECF filers.


/s/ Brendan A. O'Donnell
Brendan A. O'Donnell