UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Patricia Jorgensen, et al,**<br><br>       **Plaintiffs,**<br>   v.<br><br>**Secretary of State David M. Scanlan, et al,**<br><br>       **Defendants.** | **Civil No. 1:24-cv-00020-LM-AJ** |

# CHRIS AGER AND
# NEW HAMPSHIRE REPUBLICAN STATE COMMITTEE'S
# MOTION TO DISMISS

The Defendants, Chris Ager and the New Hampshire Republican State Committee ("NHRSC") (collectively, the "NHRSC Defendants"), through counsel, Drummond Woodsum, move to dismiss the Plaintiffs' (the "Testermans") Complaint for failure to state a claim for relief and lack of standing.

1. The Testermans originally filed suit one day prior to the New Hampshire Presidential Primary Election, seeking equitable relief, in pertinent part, to prohibit undeclared voters from participating in the New Hampshire Republican presidential primary, *see* ECF 1, at 10, and to sequester votes of undeclared voters, *see* ECF 2, at 1.

2. The Testerman's complaint asserts three counts: Count I – breach of fiduciary duty as against Defendant Ager, Count II – breach of fiduciary duty as against Defendant Scanlan, and Count III – violation of RSA 659:14 and violation of the NH GOP's First Amendment right of association.

1

## I. Count I should be dismissed for failure to state a claim and/or lack of standing.

3. In Count I, the Testerman's assert that Defendant Ager "has failed in his fiduciary duties" by allegedly failing to notify the New Hampshire Secretary of State that the NHGOP had not authorized undeclared voters to participate in the primary, and this has "deprived the Party of its First Amendment right to enter political association…" COMPLAINT ¶ 23. The Testermans' complaint fails to plead facts to establish that Ager owed a fiduciary duty to **them**, and therefore fails to state a plausible claim for breach of fiduciary duties.

4. To the extent Ager arguably owed a duty to the Party, the Testermans lack individual standing to enforce the same.

5. Finally, to the extent Count I contains an embedded freedom of association claim, it is without merit. Their complaint that others might also vote in the same primary as them does not implicate their individual freedom of association. The *association* holds the right to associate with respect to who votes in its primary:

> The First Amendment protects the freedom to join together in furtherance of common political beliefs, which necessarily presupposes the freedom to identify the people who constitute the association, and to limit the association to those people only. That is to say, a corollary of the right to associate is the right not to associate. Freedom of association would prove an empty guarantee if associations could not limit control over their decisions to those who share the interests and persuasions that underlie the association's being.

*California Democratic Party v. Jones*, 530 U.S. 567 (2000).

## II.     Count II should be dismissed for the same reasons.

6. Count II appears to apply only to the New Hampshire Secretary of State, and not the NHRSC Defendants. However, it should be dismissed for the same reasons as Count I, and for the reasons discussed in this Court's prior order.

## III.     Count III should be dismissed because RSA 659 does not provide a cause of action, and the Testermans lack standing.

7. In Count III, the Testermans assert that Ager colluded with the Secretary of State to violate RSA 659:14.

8. RSA 659 does not provide a private right of action. Even assuming a violation of the statute occurred, the Testermans do not have a viable enforcement cause of action. *See Snierson v. Scruton*, 145 N.H. 73, 79 (2000) (absent legislature's express or implied intent to create private right of action, we will conclude that statute does not do so).

9. Further, the underlying premise of Count III is flawed. Both the NHRSC and the Secretary of State have operated for decades with the understanding that undeclared voters are permitted to participate in the primary. RSA 659:14 requires written notification by the party chair to the Secretary of State **only** if there is to be a change.

10. To the extent Count III attempts to assert a conspiracy claim, it fails. Here, the Testermans' complaint is devoid of any factual allegations suggesting any overt agreement *to commit a tort* between Ager and the Secretary of State. *See University Sys. of New Hampshire v. U.S. Gypsum Co.*, 756 F. Supp. 640, 652 (D.N.H.

1991) ("For civil conspiracy to exist, there must be an underlying tort which the alleged conspirators agreed to commit.").

11. Finally, to the extent Count III rests on the association rights of the party, the Testermans lack standing. The party's "convention itself is the proper forum for determining intra-party disputes over selection of the party's nominees and candidates." *O'Brien v. Brown*, 409 U.S. 1, 4 (1972) (per curiam), vacated as moot by 409 U.S. 816 (1972). Here, the Testermans are challenging the NHRSC's conduct as it pertains to the selection of party nominees and/or candidates. As the Testermans' sole recourse is via the party's internal political processes, this Court should deny the motion to amend as futile.

## CONCLUSION

12. For the reasons set forth in this Motion and more fully in the Memorandum of Law, the Complaint should be dismissed. While the Testermans clearly disagree with the party's conduct, the Testermans cannot unilaterally impose their will on the party at-large. Their recourse is through the internal political process.

WHEREFORE, the NHRSC Defendants respectfully request this Honorable Court:

A) Dismiss the Complaint; and

B) For such further relief this Court deems fair and just;

Respectfully submitted,

**Chris Ager and the New Hampshire Republican State Committee**

By its Attorneys,

Drummond Woodsum & MacMahon

Dated:  April 3, 2024

*s/ Demetrio F. Aspiras*
Demetrio F. Aspiras, Esq., NH Bar 19518
Mark V. Franco, Esq. NH Bar 16708
670 N. Commercial Street, Suite 207
Manchester, NH 03101
603.792.7414
daspiras@dwmlaw.com
mfranco@dwmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April 2024, I sent the foregoing Objection to the Motion for Leave to File First Amended Verified Complaint to the parties and counsel of record via the Court's electronic filing system.

Dated: April 3, 2024            By: *s/Demetrio F. Aspiras*
                    Demetrio F. Aspiras, III