IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

J‌ORGENSEN, E‌T AL.

         P‌LAINTIFF(S),

v.

         Case No. **1:24-cv-00020-LM-AJ**

NH S‌ECRETARY OF S‌TATE, E‌T A‌L,

         D‌EFENDANT(S).

## TIMELINE OF EVENTS FOR KAREN TESTERMAN

On or before midnight January 5, 2023 By-law amendments due to the NHGOP website. Merrimack County Republican Chairman and State Committee member Karen Testerman submitted a proposed By-law Amendment online as required.

On or before January 12, 2023 Scott Maltzie from the By-Law Committee called to inform Mrs Testerman that the subject should be in the form of a resolution not a by-law. Other members of the committee including Chris Buda were in the background consulting with Mr. Maltzie.

On or before January 14, 2023 – Karen Testerman drafted a proposed resolution finalized for submission

On or before noon January 26, 2023 – Karen Testerman submitted the proposed resolution in writing to the NHGOP office.

January 28, 2023 – Annual NHGOP State Committee Meeting occurred:
- By-law committee is chaired by Scott Maltzie.
- The proposed bylaw amendment suggestion #5 is deemed to be deficient because of the online description did not meet the appropriate format and the committee recommendation for failure to pass was adopted following a very heated and robust discussion among the members of the State Committee.
- The NHGOP Executive Director, Elliot Gault requests that MCRC Chair Karen Testerman withdraw the suggested Amendment #5.
- Mrs. Testerman agrees to withdraw IF the corresponding Resolution #2 is acted upon prior to adjournment of the 2023 NHGOP Annual Meeting
- JR Hoell requests that prior to his proposed amendment being brought forward that the order of business be suspended until Resolution #2 be

>> discussed and passed by either a division or a paper ballot vote. The Resolution #2 is passed.

Following the January 28, 2023 Annual NHGOP Meeting, Chairman Chris Ager notifies Mrs Testerman by phone call that he would be meeting with Secretary of State David Scanlan to discuss Resolution #2.

On or before February 3, Chairman Ager notified Mrs. Testerman of Secretary Scanlan decision that Resolution #2 is in conflict with an RSA, but cannot cite the specific RSA.

February 6, 2023 the NHGOP Executive Committee meets. At this meeting Chairman Ager informs the Executive Committee that at the meeting with Secretary Scanlan would not close the Primary.

On or before September 15, 2023 Representative Nikki McCarter (R-Belmont) inquires of Mrs. Testerman the steps taken to close the primary since the Annual Meeting.

On or about October 5, 2023 a small group of voters meet online to discuss the primary situation and what actions can be taken.
- At one point one of the voters noted the word *permit* in RSA659:14 II.
- Karen Testerman sends a letter via certified mail and email to Chairman Ager with a copy to Secretary Scanlan notifying them of the discovery and asking for a copy of the permission letter if it is in existence.
- In a separate action former Representative Norman Silber submitted a 91-A request for the existence of a letter from the NHGOP on file notifying the Secretary of State of a rule adopted by the NHGOP *permitting* an Undeclared voter to pull a Republican ballot at the primary.
- Chairman Ager responds to the letter from Mrs. Testerman via email iterating his former report and offering to help write a proposed amendment to the by-laws in the upcoming January 13, 2024 meeting.

On October 9, 2023
- Secretary Scanlan notifies Mr. Silber via email that no letter of permission exists.
- A formal request of Chairman Ager to immediately commence suit against the Secretary of State seeking to enjoin the holding of Republican primaries open to voters who appear at the polls on primary election day registered as Undeclared; seeking a temporary restraining order and preliminary injunction to that effect pending a full trial on the merits.

In and around October 12, 2023 a copy of the email from Secretary Scanlan stating that no letter of permission exists from the NHGOP was forwarded to Lynn-Dianne Briggs.

On November 7, 2023 three Republicans file a Complaint for Declaratory and Injunctive Relief against the Secretary of State and Chairman Chris Ager. (1-23-civ-00499 JL-MJ)

On December 19, 2023 A letter is sent by Mrs. Testerman to the Executive Committee expressing concern over what appeared to be the employment of counsel when the

      Bylaws only authorized counsel to advise and the impact on the State Committee finances.

On December 29, 2023  A letter was sent to Treasurer Alan Glassman expressing concern over the financial commitment by the Chairman.

On January 2, 2024 A letter is sent to the Executive Board expressing concern over the lack response to Mrs. Testerman's concern expressed in the December 19th letter.

On January 8, 2024 An NHRSC Executive Board Meeting was held.  A Litigation Sub-Committee was formed and objections to the blanket authority given to the sub-committee for financial expenses was voiced by Mrs. Testerman.  Subcommittees should report back to the Executive Board for final approval.  The Committee approved the blanket authority over financial expenditures by the sub-committee.

On January 9, 2024  **The case** (1-23-civ-00499 JL-MJ) **was dismissed for lack of standing**.

On January 17, 2024 – In an attempt to get a sense of MCRC if the committee would be willing to be party to a lawsuit regarding the failure of the Chairman to act on the Resolution passed in the previous Annual Meeting and the refusal of the Secretary of State to close the primary in accordance with RSA 659:14-II.  70% of the Committee voted to approve an action **if certain criteria were met**.

On January 22, 2024 – Four individual Republican voters including two officers and one State Representative all  members of MCRC and a State Representative from Belknap County filed a Complaint for Emergency Injunctive Relief to segregate the Undeclared and Same Day Ballots and a Complaint for Declaratory Relief based on the First Amendment Right to Association.   (the criteria presented to thee MCRC was met, but it is individuals, not the MCRC listed as plaintiffs)
The judge denied the Emergency Injunctive Relief because an affidavit was not included.

On January 23, 2024 In a second filing for Emergency Injunctive Relief including the affidavit was submitted. The second filing was denied. The Declaratory motion continues.  At issue are two RSA's 659:14 II and 654:34 and how they are to be enforced.

On February 2, 2024 the NH Republican State Committee requested a Motion for Status Conference.

      Petitioner Karen Testerman filed a Motion to Correct the Docket to clarify the defendants.

On February 5, 2024 Chair Chris Ager directs the NHRSC Executive Committee to vote to illegally remove the MCRC Chair and Vice Chair and appoint Area Vice Chair J.R. Hoell as acting chair.  The Chair of the State committee has no jurisdiction over the County committee officers who are elected by members of the county committee.  Additionally

    the Executive Committee was notified of the By-law violation requiring a five day written notice before a vote for removal.

    Simultaneously, Mrs. Testerman and Mrs. Jorgensen met with Attorney Christopher Burns for engaging him for potential temporary services.

On February 9, 2024 Attorney Burns issues a Cease and Desist letter to Mr. J.R. Hoell.

On February 13, 2024 Petitioner Patricia Jorgensen filed a Motion to Withdraw.

On February 14, 2024 Petitioner Nikki McCarter filed a Motion to Withdraw.
On February 16, 2024 Magistrate Johnstone ordered the denial of Motion for Status Conference.

On February 20, 2024 out of concern for the safety of the members of the MCRC, the clientele of the restaurant and the owners of the restaurant and her own personal safety, Mrs. Testerman files for a TRO and ExParte Motion in the Merrimack County District Court.

    The Exparte Motion and TRO were not finalized in a timely manner.

On February 21, 2024 in a hostile and combative coupe, at the regularly schedule MCRC meeting, Mr. Hoell assumed control of the MCRC meeting removing Mrs. Testerman and Mrs Jorgensen from their elected positions.

On February 28, 2024 Magistrate Johnstone ordered a clarification by plaintiffs to clarify whether Mr. Ager is being sued individually or if he is being sued individually and in his official capacity as Chair of the NHRSC.

On May 30, 2024 Magistrate Johnstone held a procedural hearing on Plaintiff's Motion to Amend.

On July 19, 2024 A Motion for a Third Preliminary Injunction with hearing requested was filed by Plaintiffs David and Karen Testerman to sequester the ballots of Undeclared and Same-Day Registrants for future audit.

On August 14, 2024 Magistrate Johnstone issued a Report and Recommendation to deny the Motion to Amend.
    A hearing on Injunctive Relief is scheduled for September 6, 2024.

On August 28, 2024 the Plaintiffs filed an Objection to the Report and Recommendation.

On August 29, 2024 Judge McCafferty issues the opinion to accept the Report and Recommendation.