UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Karen Testerman, et al.

    v.                                                Civil No. 24-cv-20-LM-AJ

NH Secretary of State, et al.

**O R D E R**

Two individually named, pro se plaintiffs sue the New Hampshire Secretary of State ("the Secretary") and the Chair of the New Hampshire Republican State Committee ("the Chair"), alleging that the defendants violated the First Amendment by allowing undeclared voters to vote in the Republican Presidential Primary in January 2024.[1] The court has previously denied two motions for "emergency" injunctive relief filed by the plaintiffs. See doc. nos. 4, 7. On July 19, 2024, plaintiffs filed "Petitioners' Third Emergency Motion for Injunctive Relief." Doc. no. 40. This motion relates to the primary election scheduled to occur on September 10, 2024.

The undersigned referred plaintiffs' motion to Magistrate Judge Johnstone for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B). Judge Johnstone held an evidentiary hearing on plaintiffs' motion on September 6, 2024. At the

---

[1] These plaintiffs brought materially similar claims against these same defendants in a previous action. See Testerman v. NH Sec'y of State, Civ. No. 23-cv-499-JL-AJ, 2024 WL 1482751 (D.N.H. Jan. 9, 2024), appeal pending sub nom. Briggs v. Scanlan, No. 24-1316 (1st Cir. 2024).

hearing, Judge Johnstone informed the parties that she anticipated issuing a report and recommendation shortly after the hearing. She also informed the parties that, although the law allowed fourteen days in which to object to her report and recommendation, there is no requirement that the parties wait fourteen days before filing their objection. That same day, Judge Johnstone issued a report recommending that the court deny plaintiffs' third emergency motion for injunctive relief. Doc. no. 61.

Also on September 6—and after the evidentiary hearing but prior to issuance of Judge Johnstone's report and recommendation—plaintiffs filed a document entitled "Emergency Motion and Application For Leave to Bring an Interlocutory Appeal of This Court's Evidentiary Hearing Dated September 6, 2024." Doc. no. 60. Plaintiffs seek "leave to file an interlocutory appeal of the evidentiary hearing on September 6, 2024, . . . so that a decision can be made before the impending election." Id. at 2. Plaintiffs seek leave to take an interlocutory appeal pursuant to 28 U.S.C. 1292(b), which allows a district court judge to certify for appeal an otherwise non-appealable interlocutory order when the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Doc. no. 60 is denied. The relief requested in doc. no. 60 is an interlocutory appeal of an evidentiary hearing. An evidentiary hearing may not be appealed pursuant to § 1292. Even liberally construing doc. no. 60 as a request for leave to

appeal Judge Johnstone's report and recommendation, doc. no. 60 must still be denied, as Judge Johnstone's report merely recommends what order the court should issue with respect to plaintiffs' third motion for emergency injunctive relief. Judge Johnstone's report and recommendation does not itself constitute an order on plaintiffs' motion. See 28 U.S.C. § 636(b)(1)(B). Therefore, the report and recommendation is not an appealable interlocutory order. See Asamoah v. Capstone Logistics, LLC, No. 21-3927, 2021 WL 6428179, at *1 (6th Cir. Dec. 3, 2021). Once this court issues an order accepting, rejecting, or modifying, in whole or in part, Judge Johnstone's report and recommendation, one or more parties may seek to take an interlocutory appeal of that order pursuant to § 1292(a)(1). See 28 U.S.C. § 1292(a)(1) (providing that the court of appeals has jurisdiction over "[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing, or dissolving injunctions").

For these reasons, doc. no. 60 is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 9, 2024

cc:   David Testerman, pro se
      Karen Testerman, pro se
      Counsel of Record