UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Patricia Jorgensen, et al,**<br><br>  Plaintiffs,<br> v.<br><br>**Secretary of State David M. Scanlan, et al,**<br><br>  Defendants. | **Civil No. 1:24-cv-00020-LM-AJ** |

### CHRIS AGER AND
### NEW HAMPSHIRE REPUBLICAN STATE COMMITTEE'S
### RESPONSE TO PLAINTIFFS'
### MOTION TO PRESENT LATE AUTHORITIES

Chris Ager and the New Hampshire Republican State Committee ("NHRSC") (collectively, the "NHRSC Defendants"), through counsel, Drummond Woodsum, respond to the Plaintiffs' Motion to Present Late Authorities (ECF No. 68) as follows.

1. The Plaintiffs present so-called "Late Authorities" to challenge the magistrate's report and recommendation, ECF No. 45, to deny the Plaintiffs' previous motion to amend as futile. However, the time for objecting to that R&R has passed. This Court approved and adopted the R&R on August 29, 2024. Therefore, the presentation of "late authority" in this context is better framed as a motion to reconsider. *See* LR 7.2.

2. Plaintiffs' request for reconsideration should be denied as it is frivolous.

3. Plaintiffs rely on a newly decided case from the New Hampshire Supreme Court, *Richard v. Governor*, 2024 NH 53, for the proposition they have

1

standing to bring an equal protection claim and argue that the R&R "does not comport with the latest authority of the New Hampshire Supreme Court." MOTION p. 1.

4. However, the Magistrate specifically ruled that Plaintiffs had standing to assert an equal protection claim: "the Plaintiffs allegations satisfy the court they have standing to pursue an equal protection claim..." R&R p. 14, ECF No. 45. Although Plaintiffs had standing, the Magistrate further determined that the equal protection count "fail[ed] to plausibly set forth a claim for relief" because "the plaintiffs failed to identify how they were treated different than the so-called 'party raiders'" and therefore denial of the requested amendment was appropriate. *Id.* p. 15.

5. So, even assuming *Richard* stands for the proposition that individuals have standing to bring equal protection claims for so-called "vote dilution," it is inapposite to this Court's order denying leave to file an amended complaint.

6. Plaintiffs' misuse of *Richard* is consistent with their misuse of other voting cases. For example, unlike Plaintiffs' Complaint (amended, or otherwise), the plaintiff in *Richard* alleged that his vote would not be counted in the same manner as other votes:

> According to the plaintiff, [the] disparity between the methods of counting votes and the "nonverifiability" of ballots submitted by electronic voting machine "at the time of counting and for later auditing (re-counts) of the validity of each ballot/vote" produce "an unreliable outcome and hidden opportunity to manipulate computer-counted data," **thereby depriving him of a lawful count of the ballots** and diluting his vote.

*Richards,* 2024 NH 53, p. 7 (emphasis added).

2

7. Plaintiffs also reference *Baker v. Carr,* 369 US 186 (1962) in their motion. Although it cannot serve as newly discovered authority given that it is over sixty years old, *Baker* is also inapposite.

8. In *Baker,* the United States Supreme Court ruled that individual voters had standing to challenge the arbitrary apportionment of state representatives because "[a] citizen's right to a vote free of arbitrary impairment by state action has been judicially recognized as a right secured by the Constitution..." *Id.* at 207. The crux of Baker was that the state unlawfully provided more representation to one group of voters than another, thereby "diluting" their vote.

9. Here, unlike in *Baker* or any of the other cases relied upon by plaintiffs, "[t]he plaintiffs have provided no evidence to indicate that their right to affiliate with the party of their choice and vote accordingly has been impaired." R&R p. 10, ECF No. 61; *see also* R&R p. 15, ECF No. 45 (explaining that plaintiffs have the same rights as unaffiliated voters).

10. As the "late authority" is no authority at all, plaintiffs' motion should be denied.

WHEREFORE, the NHRSC Defendants respectfully request this Honorable Court:

A) DENY the Plaintiffs' Motion to Present Late Authority; and

B) For such further relief this Court deems fair and just;

                          Respectfully submitted,

                          **Chris Ager and the New Hampshire Republican State Committee**

                          By its Attorneys,

                          Drummond Woodsum & MacMahon

Dated:  September 19, 2024       */s/ Demetrio Aspiras*
                                          Demetrio F. Aspiras, Esq., NH Bar 19518
                                          Mark V. Franco, Esq. NH Bar 16708
                                          670 N. Commercial Street, Suite 207
                                          Manchester, NH 03101
                                          603.792.7414
                                          daspiras@dwmlaw.com
                                          mfranco@dwmlaw.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 19th day of September, I sent the foregoing Objection to the Motion for Leave to File First Amended Verified Complaint to the parties and counsel of record via the Court's electronic filing system.

Dated: September 19, 2024       By: */s/ Demetrio Aspiras, III*
                                                Demetrio F. Aspiras, III